# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** DR. SIMON BANKS

**DEFENDANTS** NOEL ANKetell KRAMER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
P.O. Box 17865  2837
Alexandria, VA. 2 + Park Cent

Case: 1:08-cv-00215
Assigned To : Lamberth, Royce C.
Assign. Date : 2/7/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Declaratory Relief, Civil Rights 28 USC §1983

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO   If yes, please complete related case form.

DATE 2-7-08   SIGNATURE OF ATTORNEY OF RECORD  /s/ James Brown  Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

:\forms\js-44.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DR. SIMON BANKS, J.D.        )
~~P.O. BOX 17052~~ 2837 Park Cent)
ALEXANDRIA, VA. 22302        )
703 965-5637                 )
                    Plaintiff )
                             )
                             )
                             )
HON. NOEL ANKETELL KRAMER    )
500 INDIANA AVENUE, N.W.     )
WASHINGTON, D.C. 20001       )
                             )
HON. ANNICE WAGNER           )
500 INDIANA AVENUE, N.W.     )    Case: 1:08-cv-00215
WASHINGTON, D.C. 20001       )    Assigned To : Lamberth, Royce C.
                             )    Assign. Date : 2/7/2008
HON. JOHN FERREN             )    Description: Civil Rights-Non-Employ.
500 INDIANA AVENUE, N.W.     )
WASHINGTON, D.C. 20001       )
                             )
GARLAND PINKSTON             )
500 INDIANA AVENUE, N.W.     )
WASHINGTON, D.C. 20001       )
                             )
PETER NICKELS                )
ATTORNEY GENERAL             )
DISTRICT OF COLUMBIA         )
GOVERNMENT                   )
441 4TH STREET, NW, SUITE    )
1060N                        )
WASHINGTON, DC 20001         )
                             )
                             )
DISTRICT OF COLUMBIA         )
GOVERNMENT                   )    February 7, 2008
441 4TH STREET, NW           )
WASHINGTON, DC 20001         )
SERVE                        )
ADRIAN FENTY,                )
MAYOR                        )
DISTRICT OF COLUMBIA         )    Jury Trial Demand
                             )

JURY ACTION

1

| | |
|---|---|
| COUNCIL FOR COURT EXCELLENCE<br>1111 14TH STREET, NW<br>SUITE 500<br>WASHINGTON, DC 2005 | )<br>)<br>)<br>)<br>)<br>) |
| HON. MICHAEL B. MUKASEY<br>ATTORNEY GENERAL<br>UNITED STATES<br>U.S. DEPARTMENT OF JUSTICE<br>950 PENNSYVANIA, NW<br>WASHINGTON, DC 20530-0001 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND FOR MANDAMUS

Comes now Dr. Simon Banks, Plaintiff, and file complaint for declaratory judgment, injunctive relief, and for mandamus, pursuant to 28 U.S.C. §2201, Fed. R. Civil P. 65, and 28 U.S.C.A. § 1361.

1. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1343, Civil Rights

2. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331, and 42 U.S.C.A. § 1983, civil rights, Federal question.

3. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332, (a)(2), Diversity of citizenship.

### PARTIES

4. Dr. Simon Banks, J.D. is a Black male, and a citizen of the State of Virginia.

5. Judge Noel Anketell Kramer is a white female, citizen of the District of Columbia. Judge Kramer is being sued in her personal capacity.

7. Judge Annice Wagner, is a Black female, citizen of the District of Columbia. Judge Annice Wagner, is being sued in her personal capacity.

8. Garland Pinkston, is a Black male and is being sued in his personal and official capacity.

9. Judge John Ferren, is a white male, citizen of the District of Columbia. Judge John Ferren is being sued in his personal capacity and in his official capacity as former Corporation Counsel (redesignated Attorney General) for the District of Columbia, and in his capacity as vice president of Council for Court Excellence. (former VP).

10. Peter Nickels is a white male, citizen of the District of Columbia, and is being sued in his official capacity.

11. District of Columbia Government, is the government of the District of Columbia.

12. Council for Court Excellence, is a non-profit organization/entity located in the District of Columbia.

13. Michael B. Mukasey, is the attorney general of the United States, and is being sued in his official capacity, for mandamus.

## STATEMENT OF THE CASE

14. **District of Columbia Court of Appeals Judge Noel Anketell Kramer** Complaint for Declaratory Relief, that the court declare that Judge Noel Anketell Kramer (formerly a District of Columbia Superior Court Judge), whom, at all times relevant, (2003-2005), whom, while testifying as a nominee and candidate for the position of

Associate Judge of the District of Columbia Court of Appeals, intentionally testified perjuriously, falsely and fraudulently before the United States Senate Committee on Governmental Affairs, at her confirmation hearing, on or about June 2005, with intent to deceive the United States Senate and to impugn, denigrate and improperly malign, embarrass, humiliate, and place the Plaintiff in false Light, in connection with her testimony in support of her confirmation for associate judge of the District of Columbia Court of Appeals, when she submitted testimony before the United States Senate Governmental Affairs Committee, that she was unaware of any complaint and/or the specifics of any complaint filed against her, although the Plaintiff served her via facsimile of the Plaintiff's Complaint, *Banks v. District of Columbia, et al*, 04-cv-00140 [GBL], filed in the United States District Court for the Eastern District of Virginia.

15. The Plaintiff further seeks a declaration that Judge Kramer was not acting as a Judge when she testified before the United States Senate in support of her application to become an Associate Judge of the District of Columbia Court of Appeals.

16. **District of Columbia Court of Appeals Judge Annice Wagner**
The Plaintiff further seek declaratory relief from the Court, to opine that the Honorable Annice Wagner, (former) Chief Judge of the District of Columbia Court of Appeals, attended the confirmation hearing of Judge Kramer, and suborned perjury of Judge Kramer and conspired to deceive the United States Senate Governmental Affairs Committee, by knowingly, suppressing, condoning the intentional misstatements of Judge Noel Kramer to the United States Senate Governmental Affairs Committee at Judge Kramer's confirmation hearing, and by failing to disclose to the United States Congress, that Judge Noel Anketell Kramer, intentionally testified perjuriously, falsely

and fraudulently before the United States Senate Committee on Governmental Affairs when Judge Kramer testified that she was unaware of any complaints against her and the specifics of any complaint made against her, the allegations contained in any complaint, and that Judge Kramer acted with intent to deceive the United States Senate and to impugn, denigrate and improperly, embarrass, humiliate, and place the Plaintiff in false light for her own personal gain, also when Kramer testified that the Plaintiff was convicted of unauthorized practice of law.

17.   **Judge Annice Wagner.** The Plaintiff further seeks a declaration that Judge Annice Wagner, was not performing any judicial act when she appeared before the United States Senate Governmental Affairs Committee in support of the nomination and confirmation hearings of Judge Noel Kramer, and that therefore she is not immune from declaratory relief.

16.   **Judge Noel Anketell Kramer.** The Plaintiff seeks a declaration that the actions of Judge Noel Anketell Kramer and Annice Wagner (former Chief Judge of the District of Columbia Court of Appeals) were in retaliation against the Plaintiff for petitioning the United States Congress for redress, for petitioning the District of Columbia Judicial Tenure Commission, and the Attorney General of the United States, and for petitioning the United States District Court for the Eastern District of Virginia, and the United States Department of Justice Public Integrity Division for redress, for redress in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1981, the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution, and for purposes of covering up retaliation, Judicial Fraud, Judicial Misconduct, Judicial conflict of interest, ethical impropriety; conspiracy to deprive of civil rights, racial discrimination in the making and

enforcing contracts, and misuse of the judicial power for personal and private interest.

**COMPLAINT SEEKING DECLARATORY JUDGMENT FOR DECLARATION THAT JUDGE JOHN FERREN, ASSOCIATE JUDGE OF THE DISTRICT OF COLUMBIA COURT OF APPEALS FOR ACTIONS TAKEN WHILE ON SABATTICAL AS CORPORATION COUNSEL (RENAMED ATTORNEY GENERAL DISTRICT OF COLUMBIA), THAT JUDGE FERREN CONSPIRED TO AND DID VIOLATE THE DISTRICT OF COLUMBIA PROCUREMENT ACT, THE ETHICS IN GOVERNMENT ACT, THE DISTRICT OF COLUMBIA CONFLICT OF INTEREST ACT,**

17.   **Judge John Ferren.** The Plaintiff seeks declaratory relief against Judge John Ferren, and that this Honorable Court declare, that Judge John Ferren is not immune from declaratory relief and was not performing any judicial function when he was employed as the Corporation Counsel for the District of Columbia, while on sabbatical from the District of Columbia Court of Appeals during the period 1998 through 2001.

18.   **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John Ferren, acted with conflict of interest, engaged in the appearance of impropriety, and abused his power and authority as Corporation Counsel for the District of Columbia, when he facilitated a sole-source contract to the Council for Court Excellence, for it to determine whether the District of Columbia administrative agencies should change the title "Hearing Examiner" to "Administrative Law Judge" and transfer Hearing Examiners (redesignated "Administrative Law Judge") to a central panel, resulting in the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002) when and while the District of Columbia Court of Appeals was then engaged in prosecuting the Plaintiff for referring to the titles "Hearing Examiner" and "Administrative Law Judge" as being synonymous and interchangeable. (*In Re Simon Banks* **04-SP-789**)

19.   **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John

Ferren, acted with conflict of interest and abused his power and authority as Corporation Counsel for the District of Columbia, when he facilitated a sole-source contract to the Council for Court Excellence, for it to determine whether the District of Columbia Worker's Compensation "Hearing Examiners" title should be change to "Administrative Law Judge" and transfer Hearing Examiners (redesignated "Administrative Law Judge") to a central panel, resulting in the DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001) when and while the District of Columbia Court of Appeals was then engaged in prosecuting the Plaintiff for referring to the titles "Hearing Examiner" and "Administrative Law Judge" as being synonymous and interchangeable. (*In Re Simon Banks* **04-SP-789**)

20. **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John Ferren abused his discretion, committed conflict of interest and engaged in the appearance of impropriety, when he, while serving in the position of District of Columbia Corporation Counsel, when he accepted and encumbered the position of Vice President of the Counsel for Court Excellence subsequent to facilitating a sole-source contract to the Counsel for Court Excellence that resulted in the change of the titles "Hearing Examiner" to "Administrative Law Judge" and resulted in Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), and the DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), when and while the District of Columbia Court of Appeals was prosecuting the Plaintiff for the third time for using the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably. (*In Re Simon Banks* **04-SP-789**)

21. **Garland Pinkston. (Clerk DCCA)** The Plaintiff seeks a declaration that

Garland Pinkston, Clerk of the District of Columbia Court of Appeals and former Corporation Counsel (redesignated Attorney General for the District of Columbia) committed conflict of interest and/or the appearance of conflict of interest when he attended the hearings before the District of Columbia Council, during the testimony of witnesses for the Council for Court Excellence was testifying in support of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), when and while he was clerk of the District of Columbia Court of Appeals, during the period of time that the District of Columbia Court of Appeals was prosecuting the Plaintiff for the third time for using the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably and declaring that the titles are synonymous. (*In Re Simon Banks* **04-SP-789**)

22.    **Peter Nickels (Attorney General District of Columbia)** The Plaintiff seeks a declaration against the Attorney General District of Columbia, to declare that it violated the District of Columbia Procurement Act and the District of Columbia Human Rights Act, when it facilitated a sole-source contract to the Council for Court Excellence for purposes of having it steer the District of Columbia Council into promulgating DC Laws resulting in the change of the titles "Hearing Examiner" to "Administrative Law Judge", and requiring a license to practice law as a condition for representing parties before administrative agencies of the District of Columbia, including the District of Columbia Unemployment Appeals Office, and when it facilitated the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of

2002, D.C. Law 14-76 (March 6, 2002)

    23.    **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels in facilitating the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002) resulted in the Plaintiff being deprived of the right to make and enforce contracts with the Office of Administrative Hearings, by qualifying for employment as an "Administrative Law Judge," and by being precluded from and excluded from the marketplace provided for administrative practitioners whom represent parties before agencies of the District of Columbia Office of Administrative Hearings, in violation of the Due Process Clause, the Equal Protection Clause, 42 U.S.C. Section 1981.

    24.    **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels resulted in the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), violated Title VI of the United States Code and the Plaintiff's federal rights thereunder, as well as the Plaintiff's federal right to make and enforce contracts in connection with the use of federal funds, in violation of the laws of the United States.

    25.    **District of Columbia Government.** The Plaintiff reallege the allegations set forth above in ¶¶24 and 25 as if pleaded fully and completely herein.

    26.    **Council for Court Excellence.** The Plaintiff pray that this Honorable Court declare that the Council for Court Excellence generated a sham analysis and provided a sham statistical analysis of state administrative agencies throughout the

2002, D.C. Law 14-76 (March 6, 2002)

23.     **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels in facilitating the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002)  resulted in the Plaintiff being deprived of the right to make and enforce contracts with the Office of Administrative Hearings, by qualifying for employment as an "Administrative Law Judge," and by being precluded from and excluded from the marketplace provided for administrative practitioners whom represent parties before agencies of the District of Columbia Office of Administrative Hearings, in violation of the Due Process Clause, the Equal Protection Clause, 42 U.S.C. Section 1981.

24.     **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels resulted in the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), violated Title VI of the United States Code and the Plaintiff's federal rights thereunder, as well as the Plaintiff's federal right to make and enforce contracts in connection with the use of federal funds, in violation of the laws of the United States.

25.     **District of Columbia Government.** The Plaintiff reallege the allegations set forth above in ¶¶24 and 25 as if pleaded fully and completely herein.

26.     **Council for Court Excellence.** The Plaintiff pray that this Honorable Court declare that the Council for Court Excellence generated a sham analysis and provided a sham statistical analysis of state administrative agencies throughout the

United States in connection with its sole-source contract with the District of Columbia Government that was facilitated by Judge John Ferren, which resulted in DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), with the predisposition and predetermination to steer the District of Columbia Council into changing the title "Hearing Examiner" to "Administrative Law Judge" and establishing a central panel.

27.  **Michael B. Mukasey, Attorney General United States.** The Plaintiff pray that this Honorable Court issue an order directing the Attorney General of the United States to intervene in the case *Banks v. United States*, 04-SP-789, for purposes of facilitating the removal of the United States from the case on the basis that the United States never was a party to the case and that there is no federal interest and that there never was any federal interest involved, and that the District of Columbia Court of Appeals, misused the United States by interjecting it into the case, and thereby abused its discretion.

28.  The Plaintiff seek a declaration that the Court determine that the titles "Hearing Examiner" and "Administrative Law Judge" are interchangeable, and that District of Columbia Hearing Examiners are "Administrative Law Judges" and that District of Columbia Administrative Law Judges perform essentially and the same duties and functions, and historically performed the same duties and functions for and on behalf of administrative agencies of the District of Columbia.

**INJUNCTIVE RELIEF**

29.  The Plaintiff seek injunctive relief, preliminarily and permanently, to

enjoin the District of Columbia Government Agencies from preventing the Plaintiff to represent clients before administrative agencies of the District of Columbia Office of Administrative Hearings, and from enforcing the requirement that administrative practitioners be licensed to practice law as a condition for representing clients before the District of Columbia Unemployment agency and other administrative agencies of the District of Columbia Office of Administrative Hearings.

**WHEREFORE,** the Plaintiff pray that this Honorable Court grant the relief requested.

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
703 965-5637
Email: disbanks@msn.com

\