IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 08-0215 (RCL) |
| : | |
| **HON. NOEL ANKETELL KRAMER,** *et. al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

### DEFENDANT COUNCIL FOR COURT EXCELLENCE'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Defendant Council for Court Excellence ("CCE"), by and through its undersigned counsel, hereby moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth in the accompanying memorandum of points and authorities, CCE respectfully requests that the Court: (1) dismiss with prejudice Plaintiff's claim against CCE for declaratory judgment, and (2) dismiss with prejudice Plaintiff Simon Banks' complaint in its entirety as incurably defective, without further waste of its own or the parties' resources.

Dated: April 29, 2008              Respectfully submitted,

                                   ARENT FOX PLLC


                                   /s/ James H. Hulme
                                   James H. Hulme (#323014)
                                   Matthew M. Wright (#474731)
                                   Kavitha J. Babu (#491067)
                                   1050 Connecticut Ave, N.W.
                                   Washington, D.C. 20036-5339
                                   (202) 857-6000/Telephone
                                   (202) 857-6395/Facsimile

                                   *Attorneys for Defendant Council for Court Excellence*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-0215 (RCL) |
| HON. NOEL ANKETELL KRAMER, *et. al.,* | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT
OF DEFENDANT COUNCIL FOR COURT EXCELLENCE'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

It is apparent from the opening paragraphs of Plaintiff's complaint that the legal defects inherent in it are numerous, acute, and incurable. Defendant Council for Court Excellence ("CCE") respectfully moves the court to dismiss this complaint in its entirety and with prejudice before any of the named defendants are subjected to further burden or harassment. At a minimum, CCE requests that the claim against CCE be dismissed with prejudice on the grounds that: (1) Plaintiff lacks standing to bring any claim against CCE; (2) Plaintiff fails to assert a legally cognizable cause of action against CCE in the complaint; (3) Plaintiff's claims are barred by the relevant statute of limitations; and (4) CCE is immune from suit for work done in its capacity as a government contractor and policy advisor for the Council of the District of Columbia ("D.C. Council").

**FACTUAL BACKGROUND**

Plaintiff Simon Banks is a familiar fixture in the local and federal courts as a frequent plaintiff, defendant, and even as an inmate—having been sentenced to prison for contempt of

1

court for defying court orders forbidding his unlicensed practice of law and publicly representing himself as "Judge." In this most recent suit, Plaintiff alleges a vast governmental conspiracy to deny him an alleged "right" to represent clients before the D.C. Office of Administrative Hearings.[1]

Defendant CCE is a nonprofit, nonpartisan civic organization that works to improve the administration of justice in the local and federal courts and related agencies in the Washington, D.C. metropolitan area and throughout the nation. Almost ten years ago, CCE contracted with the District of Columbia government to undertake a review of local administrative agencies' ad hoc adjudication procedures and to provide a set of concrete recommendations to improve the administrative hearing system in the District. CCE's analysis was completed in 1999. It informed several aspects of what later became the Office of Administrative Hearings Establishment Act of 2001, enacted by the D.C. Council as D.C. Law 14-76 on March 6, 2002. The principal aim of the legislation was to improve the quality of administrative law judges ("ALJs") and to ensure that the administrative hearing system operates fairly and efficiently. Among the many reforms codified in this law was enhancing eligibility requirements for ALJs, including the requirements that, at the time of appointment, an ALJ shall be a member in good standing with the D.C. Bar and have at least five years' experience in the practice of law. *See* DC Code (2001) §2-1831.08. These reforms were designed to prevent unlicensed and unqualified individuals from injecting themselves into the administrative hearing system to the

---

[1] In 1995 the Washington City Paper ran an extended article profiling Mr. Banks, which noted that Banks "filed similar lawsuits challenging the 1987 injunction of the D.C. Court of Appeals against defendants ranging from Sharon Pratt Kelly to James Schaller to the D.C. Court of Appeals itself. In the latter case, Banks so annoyed the judges of the U.S. District Court that Judge John Garrett Penn not only threw out the case, but barred Banks from filing any more lawsuits in federal court." *See* Bill Gifford, *Getting the Slip*, Washington City Paper, June 16, 1995 (Vol. 15, #24). We have not been able to obtain a copy of Judge Penn's order and do not know whether it remains in effect. However, we raise this issue with the Court in the event that the order is applicable to this case.

2

detriment of the citizens who come before it—many of whom are the most vulnerable members of the community.

As is shown below, Plaintiff has no right of any kind to practice law before any court or administrative tribunal without meeting minimum eligibility qualifications, such as a license to practice law. Plaintiff's asserted claims are an untimely, ill-conceived, and inappropriate effort to reverse much-needed reforms to the District's administrative hearing procedures and should be summarily dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's Complaint Against CCE Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Standing.

The precise nature of Plaintiff's claim remains elusive even after several readings of the sole paragraph in the Complaint directed against CCE. The Complaint purports to seek a declaratory judgment against CCE's 1999 analysis and report to the D.C. Government regarding its recommendations to reform the District's hearing procedures in its various administrative agencies. Precisely what Plaintiff seeks the court to declare with regard to CCE's analysis — nearly ten years after it was delivered — is not explained.

Plaintiff does not plead any jurisdictional predicate that would support his ability to sue CCE for work done in connection with a contract between CCE and the D.C. Government, whereby CCE was engaged by the District to conduct an analysis of administrative hearing practices and provide a report and recommendations. To the extent that there is any claim against CCE regarding its performance or non-performance under that contract, it is a claim that could only be asserted by the party in privity with CCE under that agreement—the D.C. Government. To sue under a contract to which one is not a party, a plaintiff "must demonstrate that he is an intended third-party beneficiary, as evidenced by the intent or words of the …

3

contract." *Sallee v. United States*, 41 Fed. Cl. 509, 514 (1998); *Barnstead Broadcasting Corp. v. Offshore*, 886 F.Supp. 874, 879 (D.D.C.1995) (the parties to a contract must "directly and unequivocally intend to benefit a third-party in order for that third-party to be considered an intended beneficiary."). Plaintiff does not (indeed, he cannot) allege any third-party claim or interest regarding the contract, as he was not an intended beneficiary of that contract. Plaintiff has no connection to this contract in any way, as either an intended or an incidental beneficiary, and pleads none.

### A.     Plaintiff Cannot Establish Any of the Three Elements of Article III Standing

To establish that this Court has jurisdiction to hear plaintiff's claims, plaintiff must show that he has standing. *See Florida Audubon Society v. Bentsen*, 94 F.3d 658, 663, 666 (D.C.Cir.1996) (en banc). Standing under Article III requires that plaintiff demonstrate, at an "irreducible constitutional minimum," that (1) he has suffered a concrete and particularized injury--the invasion of a legally protected interest ("injury in fact"); (2) the injury can fairly be traced to the challenged action of the defendant and is "not the result of the independent action of some third party" ("causation"); and (3) it is "likely, as opposed to merely speculative," that the relief sought will alleviate plaintiff's alleged injury ("redressability"). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As with all questions of subject matter jurisdiction, the Court should dismiss claims for lack of standing under Fed. R. Civ. P. 12(b)(1) if it finds that the plaintiff has not established by a preponderance of the evidence that the court has jurisdiction to entertain his claims. *See Bannum, Inc. v. Sawyer,* 251 F.Supp.2d 7, 10 (D.D.C. 2003).

####     1.     *Plaintiff Has Suffered No "Injury In Fact"*

The Supreme Court has emphasized that the injury asserted must be "concrete and particularized" and "actual or imminent," and not "conjectural" or "hypothetical" or merely a

generalized grievance about government. *Lujan*, 504 U.S. 560-61. The D.C. Circuit has made clear that no standing exists if the plaintiff's allegations of injury are "purely speculative [, which is] the ultimate label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C.Cir. 2001). Nor is there standing where the court "would have to accept a number of very speculative inferences and assumptions in any endeavor to connect the alleged injury with [the challenged conduct]." *Winpisinger v. Watson*, 628 F.2d 133, 139 (D.C. Cir. 1980).

Plaintiff does not allege any legally cognizable injury. It is exclusively within the power and authority of the courts and the legislature to set minimum standards for the practice of law, either in Article III courts or before administrative tribunals. *See Yeiser v. Dysart*, 267 U.S. 540, 541 (1925) ("When . . .an attorney practices under a license from the State . . . it is obvious that the State may attach such conditions to the license in respect to such matters as it believes to be necessary in order to make a public good."); *see also* D.C. Code § 11-2501. If it is Plaintiff's desire to serve as an advocate for clients before administrative tribunals, he must first be admitted to practice law in the District. It is the client's right to representation, rather than the attorney's right to serve as counsel, that receives Constitutional protection. *See, e.g., In re Grand Jury Subpoena Issued to Chesnoff*, 62 F.3d 1144, 1145 (9th Cir. 1995) (holding that attorney lacked standing to challenge disqualification order). Plaintiff does not allege any deprivation that rises to the level of an injury in fact that would satisfy the Court's Article III standing inquiry.

2. *In No Way Has CCE Caused Plaintiff Any Harm*

Plaintiff has also failed to present sufficient facts to satisfy the causation requirement for Article III standing. The Supreme Court in *Warth v. Seldin* required a showing that the injury

5

"resulted" in some "concretely demonstrable way" from the challenged practices of the defendant, and that the plaintiff must show that the claimed injury is "the consequence of the defendants' actions, or that prospective relief will remove the harm." *Warth v. Seldin,* 422 U.S. 490, 505 (1975). For a plaintiff to demonstrate causation, he must also demonstrate that the injury is "fairly traceable to the challenged action of the defendant, rather than resulting from a third party's independent action." *Tierney v. Fed. Election Comm'n*, No. 06-cv-0663, 2008 WL 649236, at *1 (D.D.C. Mar.12, 2008).

Plaintiff has failed wholly to allege any fact that shows how CCE caused Plaintiff any injury. To the extent Plaintiff has suffered any cognizable injury (and there is none), it is as a result of the District Council's enactment of Office of Administrative Hearings Establishment Act of 2001, which prevents Plaintiff from involving himself with administrative adjudication processes. Even if Plaintiff were to articulate some claimed property right in an expectation for compensation to represent clients in administrative hearings (although no such right exists), there is no allegation that CCE took any action that is in any way traceable to Plaintiff's claimed injury. *Id.* The second basic constitutional requirement for standing—that the defendant is an actual cause of the plaintiff's alleged harm—manifestly is not met.

    3.    *Plaintiff's Demand for Declaratory Judgment As Against CCE In No Way Redresses Any Perceived or Alleged Injury*

Plaintiff further lacks standing because any relief the Court could grant would not redress plaintiff's alleged injuries. In addition to proving injury and causation, a plaintiff must show that some personal benefit will result from a remedy that the court would provide. *See* 13 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3531.6 at 464 (3d ed.2008); *Florida Audubon Society*, 94 F.3d at 663-64 ("Redressability examines whether the relief sought, assuming that the Court chooses to grant it, will likely alleviate the particularized injury alleged

by the plaintiff."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."). Redressability thus requires "that prospective relief will remove the harm," and plaintiffs must show that they "would benefit in a tangible way from the court's intervention." *Warth*, 422 U.S. at 505, 508.

Plaintiff's prayer that the Court enter a declaratory judgment along the lines requested in Paragraph 26 of the complaint, even if the Court had subject matter jurisdiction to enter such a declaration, would in no way alter the status quo or redress Plaintiff's claimed injuries and grievances. CCE has no power to make or unmake the law about which Plaintiff complains, nor did it ever have any such power. Such declaration would change nothing. As the requested declaration would not redress plaintiff's claimed injury, this is yet another incurable jurisdictional defect.

II.  **Plaintiff's Complaint Against CCE Should Be Dismissed Pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(1) for Failure to State a Cognizable Claim Showing That Plaintiff Is Entitled to Relief.**

Fed. R. Civ. P. 8(a) requires that any pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint fails to meet even this most general rule of pleading, as it fails to set forth a short and plain statement of the claims and is so confused as to be unintelligible. *Ciralsky v. CIA*, 355 F.3d 661, 670 at n. 9 (D.C.Cir.2004) (noting that a complaint may be struck under Rule 8 if it is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading). Accordingly, the complaint should be dismissed.

In addition, Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive dismissal,

the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. Although the court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff, conclusory allegations and unwarranted factual deductions masquerading as well-pleaded facts should be ignored. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Plaintiff has failed to provide any facts that would meet the plausibility standard set forth in *Bell Atlantic*. As set forth above, the nature of the claim asserted and Plaintiff's rationale for naming CCE as a defendant in this case remain opaque, but it is certain that the complaint does not assert a legally cognizable cause of action as against CCE. Plaintiff's complaint against CCE is a classic example of a pleading that should be dismissed with prejudice under Rules 8(a) and 12(b)(6).

### III.     Plaintiff's Claim Against CCE is Barred by the District of Columbia's General Statute of Limitations

The thrust of Plaintiff's complaint against CCE relates to the report and recommendations that CCE made to the D.C. Government in its final report, entitled "A Final Report on Creating a Unified Administrative Hearings Agency in the District of Columbia: Major Legislative and Transitional Issues." The final report is dated September 29, 1999. The contract between the District and CCE defining CCE's scope of work and deliverable was executed by the parties on May 7, 1999, and signed on the District's behalf by Sandra Manning of the Office of Contracting and Procurement.

Even if Plaintiff's claim were found to be sound and pled with the requisite clarity and specificity, the claim fails as it is barred by the District's general statute of limitations. *See generally* D.C. Code § 12-301 (2004). The statute limits the time for bringing actions on a simple contract (express or implied), or where a time limitation is not otherwise specified, to three years from the time when a right to bring the action begins. D.C. Code § 12-301(8).

Plaintiff's complaint does not articulate coherently any particular claim against CCE. However, the only plausible dates from which to commence the limitations period on Plaintiff's claim against CCE would be either the date of CCE's final report to the D.C. Government (September 29, 1999) or the date of enactment of the statute that Plaintiff credits CCE for helping to facilitate through its report and recommendations, namely the Office of Administrative Hearings Establishment Act of 2001 (enacted on March 6, 2002). *See* Compl. ¶26. Even using the later of these as the date when the statute of limitations began to run, the limitations period in which Plaintiff had to bring his claim against CCE has long since expired. This is yet another reason why Plaintiff's claim against CCE should be dismissed with prejudice.

IV.  **The D.C. Council's Delegation of Authority to Recommend Reforms in the District's Administrative Hearing System Immunizes CCE From Suit.**

The law recognizes the doctrine of absolute immunity in order to serve the public interest in effective government. *District of Columbia v. Jones*, 919 A.2d 604, 607 (D.C. 2007). The creation and enactment of legislation is firmly within the discretionary authority of the D.C. Council, and is thus entitled to the broadest immunity from suit. *Id.* Since the government's need to delegate certain government functions to private entities is often crucial, the courts have recognized the need to protect this delegation by carefully extending the doctrines of absolute and qualified immunity to private contractors. *See In re Series 7 Broker Qualification Exam Scoring Litigation*, 510 F. Supp. 2d 35, 44 (D.D.C. 2007) (citing *Mangold v. Analytic Servs. Inc.*,

9

77 F.3d 1442, 1447-48 (4th Cir. 1996)); *Austin Munic. Secs., Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 757 F.2d 676, 689 (5th Cir.1985) (granting official immunity to administrative prosecutors and the nonprofit agency for which they work).

In this instance, CCE was engaged by the District's government to conduct a comprehensive review of local agency administrative hearings systems, to analyze the experience of states and cities that adopted a central hearing panel system, and to provide concrete recommendations and model legislation to improve the quality of administrative adjudication practices in the District. CCE served as an adjunct to the government in an essential government activity and acted in close cooperation with the District's Office of Corporation Council and the Judiciary Committee of the D.C. Council to coordinate important legislative and administrative reforms—precisely the kind of situation in which the Supreme Court suggests the ambit of immunity for a private actor should be most broadly construed. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997).

The functions that CCE performed pursuant its contract with the D.C. Government are functions that governmental employees would perform had the government not contracted them out. The Supreme Court instructs courts to examine the function of individual defendants--the nature of the individual responsibilities, not their status--in resolving immunity defenses. *Forrester v. White*, 484 U.S. 219, 224 (1988); *Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985). Courts have held that when a private party defendant acts in accordance with the duties imposed by a contract with a governmental body, performs a governmental function, and is sued solely on the basis of those acts performed pursuant to contract, qualified immunity is proper. *See, e.g., DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 844 F.2d 714, 722 (10th Cir. 1988); *Kauffman v. Anglo-American School of Sofia*, 28 F.3d 1223, 1226 (D.C. Cir. 1994) (school

established to provide elementary level instruction to children of American and British diplomats stationed in Bulgaria was immune from *Bivens* liability). That is precisely the situation here. Accordingly, Plaintiff's suit against CCE should be dismissed on the grounds of CCE's absolute and/or qualified immunity.

## CONCLUSION

For all the reasons set forth above, Defendant CCE respectfully requests that Plaintiff's claims against CCE be dismissed with prejudice.

Dated: April 29, 2008              Respectfully submitted,

                                    ARENT FOX PLLC


                                    /s/ James H. Hulme
                                    James H. Hulme (#323014)
                                    Matthew M. Wright (#474731)
                                    Kavitha J. Babu (#491067)
                                    1050 Connecticut Ave, N.W.
                                    Washington, D.C. 20036-5339
                                    (202) 857-6000/Telephone
                                    (202) 857-6395/Facsimile

                                    *Attorneys for Defendant Council for Court Excellence*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2008, I caused a copy of the foregoing Defendant Council for Court Excellence's Motion to Dismiss Plaintiff's Complaint with Prejudice and Proposed Order to be served by U.S. Mail, first-class postage pre-paid, and electronic mail upon the following:

Mr. Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Hon. Noel Anketell Kramer
D.C. Court of Appeals
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. Annice Wagner
D.C. Court of Appeals
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. John Ferren
D.C. Court of Appeals
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Mr. Garland Pinkston
Clerk of the Court
D.C. Court of Appeals
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Mr. Peter Nickels
Interim Attorney General of D.C.
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

District of Columbia Government
Mayor Adrian Fenty
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

Hon. Michael B. Mukasey
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

                                                          _/s/ James H. Hulme_____
                                                          James H. Hulme

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No. 08-0215 (RCL)** |
| : | |
| **HON. NOEL ANKETELL KRAMER,** *et. al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## PROPOSED ORDER

Upon review of Defendant Council for Court Excellence's Motion to Dismiss Plaintiff's Complaint with Prejudice, and any opposition thereto, it is this _____ day of _____, 2008, **ORDERED** that Defendant's Motion be, and hereby is, **GRANTED.**

It is **FURTHER ORDERED** that all claims and causes of action asserted by Plaintiff Simon Banks against Defendant Council for Court Excellence in this matter are hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

                                                                                                               _____
                                                                                                              Hon. Royce C. Lamberth
                                                                                                              Judge, United States District Court

Serve on:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Hon. Noel Anketell Kramer
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. Annice Wagner
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Hon. John Ferren
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Garland Pinkston
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Peter Nickels
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

District of Columbia Government
Mayor Adrian Fenty
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

Hon. Michael B. Mukasey
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

James H. Hulme
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(Attorney for Council for Court Excellence)