# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DR. SIMON BANKS, J.D.**
**P.O. BOX 17052**
**ALEXANDRIA, VA. 22302**

       **Plaintiff**

HON. NOEL ANKETELL KRAMER
500 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

HON. ANNICE WAGNER
500 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

Civil Action No.

08 CV 00215-RCL

HON.JOHN FERREN
500 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

DISTRICT OF COLUMBIA COURT
OF APPEALS
500 INDIANA AVENUE, N.W.
WASHINGTON, D..C. 20001

DISTRICT OF COLUMBIA BAR
FOUNDATION
500 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

GARLAND PINKSTON
500 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001

**AMENDED COMPLAINT**

PETER NICKELS
ATTORNEY GENERAL
DISTRICT OF COLUMBIA
GOVERNMENT
441 4TH STREET, NW, SUITE
1060N
WASHINGTON, DC 20001

April 30, 2008

RECEIVED
APR 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DISTRICT OF COLUMBIA            )
GOVERNMENT                      )
441 4TH STREET, NW   )
WASHINGTON, DC 20001            )
SERVE                          )
ADRIAN FENTY,                   )
MAYOR                          )
DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA OFFICE
OF ADMINISTRATIVE HEARINGS

                               )            Jury Trial Demand
                               )
COUNCIL FOR COURT              )
EXCELLENCE                     )
1111 14TH STREET, NW           )
SUITE 500                      )
WASHINGTON, DC 2005            )
                               )
HON. MICHAEL B. MUKASEY        )
ATTORNEY GENERAL               )
UNITED STATES                  )
U.S. DEPARTMENT OF JUSTICE     )
950 PENNSYVANIA, NW            )
WASHINGTON, DC  20530-0001     )
                               )
                               )
          Defendants           )


## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND FOR MANDAMUS

Comes now Dr. Simon Banks, Plaintiff, and file complaint for declaratory

judgment, injunctive relief, and for mandamus, pursuant to 28 U.S.C. §2201, Fed. R.

Civil P. 65, and 28 U.S.C.A. § 1361.

    1.    This Court has jurisdiction pursuant to 28 U.S.C.A. § 1343, Civil Rights

    2.    This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331, and 42

U.S.C.A. § 1983, civil rights, Federal question.

3.     This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332, (a)(2), Diversity of citizenship.

## PARTIES

4.     Dr. Simon Banks, J.D. is a Black male, and a citizen of the State of Virginia.

5.     Judge Noel Anketell Kramer is a white female, citizen of the District of Columbia. Judge Kramer is being sued in her personal capacity.

7.     Judge Annice Wagner, is a Black female, citizen of the District of Columbia.     Judge Annice Wagner, is being sued in her personal capacity.

8.     Garland Pinkston, is a Black male and is being sued in his personal and official capacity.

9.     Judge John Ferren, is a white male, citizen of the District of Columbia. Judge John Ferren is being sued in his personal capacity and in his official capacity as former Corporation Counsel (redesignated Attorney General) for the District of Columbia, and in his capacity as vice president of Council for Court Excellence. (former VP).

10.     Peter Nickels is a white male, citizen of the District of Columbia, and is being sued in his official capacity.

11.     District of Columbia Government, is the government of the District of Columbia.

12.     Council for Court Excellence, is a non-profit organization/entity located in the District of Columbia.

13.     Michael B. Mukasey, is the attorney general of the United States, and is

3

being sued in his official capacity, for mandamus.

## STATEMENT OF THE CASE

14.    The Plaintiff, Simon Banks, Doctor of Juris Prudence Law, is a graduate of the Howard University School of Law, and was appointed Administrative Law Judge and Hearing Examiner by the United States Department of Labor and assigned to the District of Columbia Commission on Human Rights, after having been selected by a group of attorneys and the Chairman of the District of Columbia Council.

15.    The Plaintiff, Simon Banks, Doctor of Juris Prudence Law, was further appointed Chief Hearing Examiner of Eviction Adjudication by the District of Columbia Rental Accommodations Office, redesignated the District of Columbia Department of Consumer and Affairs, Office of Adjudication.

16.    The Plaintiff, Simon Banks, Doctor of Juris Prudence Law, was certified by the District of Columbia, in 1981 as Administrative Law Judge and Hearing Examiner by the District of Columbia Government.

17.    In both of these referenced positions the Plaintiff heard arguments, adjudicated and convened administrative trials, as an administrative judge, pursuant to the District of Columbia Administrative Procedures Act, pertaining to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. and the District of Columbia Human Rights Act., and the District of Columbia Rental Accommodations Act.

18.    Periodically, from 1987 through 2004, the Plaintiff practice administrative law before the United States Equal Employment Opportunity Commission, the United States Merit Systems Protection Board, the District of Columbia Office of Human Rights,

4

the Fairrfax County Office of Human Rights, the District of Columbia Office of

Personnel, Department of Employment Services.

19.    The Plaintiff represented parties before administrative judges of the EEOC

and MSPB, in the various states of the United States, including Okinawa, Japan.

20.    From 1993 through the present, the District of Columbia Court of Appeals

and the District of Columbia Bar, through its associate judges, employees, agents, and

assigns and other co-conspirators, , including but not limited to the District of Columbia

Government, engaged in legislative activities, established a municipal custom, municipal

policy, municipal practices and procedures, conspired, took acts and collaborated

together and individually, to control the practice of administrative law before

administrative agencies of the District of Columbia and before administrative agencies of

the United States, the administrative marketplace, for purposes of perpetuating the

District of Columbia Bar members monopoly and for purposes of restraining trade, and

crushing competition.

21.    These policymakers include the Directors of the District of Columbia

Office of Employee Appeals, the Director of the Office of Administrative Hearings, and

the Chief Judge, the Directors of the District of Columbia Consumer and Affairs Agency,

the Directors of the Office of Workmen's Compensation, the Directors of the Department

of Employment Services, the Director of the District of Columbia Office of Personnel,

the Office of the Attorney General for the District of Columbia.

22.    From 1987 through the present, the District of Columbia Court of Appeals

and the District of Columbia Bar, through its associate judges, employees, agents, and

assigns and other co-conspirators, including but not limited to the District of Columbia

Government, engaged in legislative activities, established a municipal custom, municipal policy, municipal practices and procedures, conspired together, took acts and collaborated together and individually, to control the synonymous titles "Hearing Examiner," "Administrative Judge", and "Administrative Law Judge," and their respective compensation, and the practice of adjudicating administrative law cases before administrative agencies of the District of Columbia, the administrative marketplace, by requiring, and providing for greater compensation, benefits, training and for Administrative Law Judges than for Hearing Examiners, for purposes of perpetuating the District of Columbia Bar members monopoly in the administrative law marketplace, notwithstanding the fact that "Hearing Examiners" and "Administrative Law Judges" perform essentially the same duties and functions, and have virtually the same scope of responsibility, Hearing Examiners also known as "Administrative Law Judges" whom lack DC Bar status, or other Bar status, have historically been compensated less than Hearing Examiners that are members of the DC Bar or other state Bar, for purposes of perpetuating the District of Columbia Bar members monopoly and for purposes of restraining trade, crushing competition, in violation of the Equal Protection Clause of the U.S. Constitution, the Due Process Clause of the Fourteenth Amendment and in violation of the Equal Pay Act.

23.    As a consequence of these actions, the Plaintiff has suffered harm and injury to his ability to make and enforce contracts before administrative agencies of the District of Columbia, and before administrative agencies of the United States, from 1986 to the present, when the Plaintiff was denied of his right to use the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably, and when and while the

Plaintiff was denied the right to apply for and secure the position of administrative law judge, between 2001 to the present, because of the lack of a DC Bar License, although the Plaintiff met the 5 year practice of law before administrative agencies, requirement of the Office of Administrative Hearings.

## DECLARATIONS

## COUNT 1

24.     The Plaintiff incorporate by reference paragraphs 1 through 23 as if pleaded fully and completely herein.

25.     Plaintiff request that this Honorable Court Declare that the District of Columbia Court of Appeals, in the absence of a statute, has no authority to establish standards and practice criteria for the practice of law before administrative agencies of the District of Columbia, for members of the general public whom practice law before administrative agencies of the District of Columbia by representing adverse parties in contested cases, and that such actions are ultra vires.

26.     Plaintiff further request that this Honorable Court Declare that the District of Columbia Court of Appeals, in the absence of a statute and in the absence of permission of the United States Congress pursuant to Article 1, §8, Cl. 17, does not have authority to establish  standards or enforce practice criteria that require a license to practice law for administrative practitioners, which include the Plaintiff, whom practice law before the United States Equal Employment Opportunity Commission, the United States Merit Systems Protection Board, or before the various administrative agencies of the United States that permit unlicensed practitioners to practice law before them, respectively, in the District of Columbia, is ultra vires and violative of the United States

Constitution.

27.    Plaintiff further request that this Honorable Court Declare that the District of Columbia Court of Appeals activist legislative activities, directly and indirectly, through its employees, agents, associates and assigns, are ultra vires and are violative of the separation of powers, and operate to restrain trade, impair competition.

28.    Plaintiff further request that this Honorable Court Declare that the rules and regulations, policies, practices and procedures of District of Columbia Government, the District of Columbia Administrative agencies, that discriminate against employees whom hold and/or encumber the title "Hearing Examiner", by compensating Hearing Examiners less than employees of the District of Columbia whom hold the title "Administrative Law Judge", and by providing less training, benefits and privileges than employees holding the title "Administrative Law Judge", are in violation of the constitution and the laws of the District of Columbia that require equal pay for equal work.

29.    Plaintiff request that this Honorable Court Declare that the rules, regulations, policies, practices and procedures of the District of Columbia Government and the District of Columbia Court of Appeals, that require any employees of the District of Columbia whom hold a Juris Doctor Degree, to be a licensed member of the Bar, the District of Columbia Bar or any State Bar, as a condition for becoming employed with the District of Columbia Government as a Hearing Examiner or Administrative Law Judge, is ultra vires, and operate to perpetuate the monopoly power of the District of Columbia Bar whom the District of Columbia Court of Appeals supervise.

**DECLARATION**

## COUNT II

**30.**    The Plaintiff incorporate by reference paragraphs 1 through 29 of the complaint as if pleaded fully and completely.

31.    **Judge Noel Anketell Kramer** (formerly a District of Columbia Superior Court Judge), whom, at all times relevant, (2003-2005), while testifying as a nominee and candidate for the position of Associate Judge of the District of Columbia Court of Appeals, intentionally testified perjuriously, falsely and fraudulently before the United States Senate Committee on Governmental Affairs, at her confirmation hearing, on or about June 2005, with intent to deceive the United States Senate and to impugn, denigrate and improperly malign, embarrass, humiliate, and place the Plaintiff in false Light, in connection with her testimony in support of her confirmation for associate judge of the District of Columbia Court of Appeals, when she submitted testimony before the United States Senate Governmental Affairs Committee, that she was unaware of any complaint and/or the specifics of any complaint filed against her, although the Plaintiff filed a prior complaint against her and Judge Annice Wagner before the District of Columbia Judicial Tenure Commission and had it served upon Garland Pinkston, Clerk of the District of Columbia Court of Appeals, and Plaintiff further served Judge Kramer via facsimile a copy of the Plaintiff's Complaint, *Banks v. District of Columbia, et al,* 04-cv-00140 [GBL], filed in the United States District Court for the Eastern District of Virginia. for purposes of covering up the fact that she subjected the Plaintiff to two years of incarceration, in retaliation for the Plaintiff petitioning the United States Congress for redress, and for Petitioning the United States District Court for the Eastern District of Virginia, seeking injunctive and declaratory relief against retaliatory prosecution when

and while she was seeking appointment for the position of Associate Court of Appeals
Judge for the District of Columbia Court of Appeals, and for covering up the fact that
she, without jurisdiction over the Plaintiff, subjected the Plaintiff to two years of
incarceration for allegedly violating an injunction issued by Judge Richard Levie, which
prohibited the Plaintiff from stating or indicating that the Plaintiff: a) provided
nationwide service, b) that required the Plaintiff to falsely advise and inform clients and
potential clients that the Plaintiff was trading as "Job Protectors" when the Plaintiff was
not, the Plaintiff was trading as "Judge Banks Group" out of an office located in the State
of Virginia, and Judge Kramer sentenced the Plaintiff to two years of incarceration for
indicating and/or stating that the titles "Hearing Examiner" and "Administrative Law
Judge" are synonymous and interchangeable, and for indicating that the Plaintiff was a
former "Administrative Law Judge" in connection with the Plaintiff employment with the
District of Columbia as a Hearing Examiner and Administrative Law Judge, and in
connection with the District of Columbia certification of the Plaintiff as an
"Administrative Law Judge," that this exceedingly harsh sentence was imposed upon
Plaintiff, in connection with a conspiracy between Kramer and Judge Annice Wagner to
punish the Plaintiff for filing complaints and filing civil suits against Judge Annice
Wagner, and Eric Holder, and Judge Richard Levie, and Judge John Ferren, and Stuart
Pierson, and Thomas Zeno, Assistant United States Attorney, and John......, Assistant
United States Attorney, and for purposes of covering up the fact that the Plaintiff was
charged with violation of the above-referenced injunction, and at the conclusion of the
trial, the Court, labeled Plaintiff's injunctive violations as "Unauthorized Practice of
Law" although the Plaintiff's practice of law before the United States EEOC was

protected-authorized conduct.

30.     **Plaintiff seeks a declaration that  Judge Noel Anketell Kramer**

(formerly a District of Columbia Superior Court Judge), whom, at all times relevant,

(2003-2005), whom, while testifying as a nominee and candidate for the position of

Associate Judge of the District of Columbia Court of Appeals, as set forth in paragraph

29 hereof, intentionally testified perjuriously, falsely and fraudulently before the United

States Senate Committee on Governmental Affairs, at her confirmation hearing,  on or

about June 2005, with intent to deceive the United States Senate and to impugn, denigrate

and improperly malign, embarrass, humiliate, and place the Plaintiff in false Light, in

connection with her testimony in support of her confirmation for associate judge of the

District of Columbia Court of Appeals, when she submitted testimony before the United

States Senate Governmental Affairs Committee, that she was unaware of any complaint

and/or the specifics of any complaint filed against her, although the Plaintiff served her

via facsimile of the Plaintiff's Complaint, *Banks v. District of Columbia, et al,* 04-cv-

00140 [GBL], filed in the United States District Court for the Eastern District of Virginia,

for purposes of covering up the fact that she subjected the Plaintiff to two years of

incarceration, in retaliation for the Plaintiff petitioning the United States Congress for

redress, and for Petitioning the United States District Court for the Eastern District of

Virginia, seeking injunctive and declaratory relief against retaliatory prosecution when

and while she was seeking appointment for the position of Associate Court of Appeals

Judge for the District of Columbia Court of Appeals, and for covering up the fact that

she, without jurisdiction over the Plaintiff, subjected the Plaintiff to two years of

incarceration  for allegedly violating an injunction issued by Judge Richard Levie, which

prohibited the Plaintiff from stating or indicating that the Plaintiff: a) provided nationwide service, b) that required the Plaintiff to falsely advise and inform clients and potential clients that the Plaintiff was trading as "Job Protectors" when the Plaintiff was not, the Plaintiff was trading as "Judge Banks Group" out of an office located in the State of Virginia, and Judge Kramer sentenced the Plaintiff to two years of incarceration for indicating and/or stating that the titles "Hearing Examiner" and "Administrative Law Judge" are synonymous and interchangeable, and for indicating that the Plaintiff was a former "Administrative Law Judge" in connection with the Plaintiff employment with the District of Columbia as a Hearing Examiner and Administrative Law Judge, and in connection with the District of Columbia certification of the Plaintiff as an "Administrative Law Judge," that this exceedingly harsh sentence was imposed upon Plaintiff, in connection with a conspiracy between Kramer and Judge Annice Wagner to punish the Plaintiff for filing complaints and filing civil suits against Judge Annice Wagner, and Eric Holder, and Judge Richard Levie, and Judge John Ferren, and Stuart Pierson, and Thomas Zeno, Assistant United States Attorney, and John......, Assistant United States Attorney, and for purposes of covering up the fact that the Plaintiff was charged with violation of the above-referenced injunction, and at the conclusion of the trial, the Court, labeled Plaintiff's injunctive violations as "Unauthorized Practice of Law" although the Plaintiff's practice of law before the United States EEOC was protected-authorized conduct.

30.    The Plaintiff further seeks a declaration that Judge Kramer was not acting as a Judge when she testified before the United States Senate in support of her application to become an Associate Judge of the District of Columbia Court of Appeals.

31.    The Plaintiff incorporate by reference paragraphs 1 through 30 as if pleaded fully and completely herein.

**32    Declaration regarding District of Columbia Court of Appeals Judge Annice Wagner.** The Plaintiff further seek declaratory relief from the Court, in connection with the allegations set forth in paragraphs 29 and 30 hereof, incorporated by reference, to opine that the Honorable Annice Wagner, (former) Chief Judge of the District of Columbia Court of Appeals, attended the confirmation hearing of Judge Kramer, and suborned perjury of Judge Kramer and conspired to deceive the United States Senate Governmental Affairs Committee, by knowingly, suppressing, condoning the intentional misstatements of Judge Noel Kramer to the United States Senate Governmental Affairs Committee at Judge Kramer's confirmation hearing, and by failing to disclose to the United States Congress, that Judge Noel Anketell Kramer, intentionally testified perjuriously, falsely and fraudulently before the United States Senate Committee on Governmental Affairs when Judge Kramer testified that she was unaware of any complaints against her and the specifics of any complaint made against her, the allegations contained in any complaint, and that Judge Kramer acted with intent to deceive the United States Senate and to impugn, denigrate and improperly, embarrass, humiliate, and place the Plaintiff in false light for her own personal gain, also when Kramer testified that the Plaintiff was convicted of unauthorized practice of law.

33.    **Judge Annice Wagner.** The Plaintiff further seeks a declaration that Judge Annice Wagner, as set forth in paragraphs 29-32 hereof, was not performing any judicial act when she appeared before the United States Senate Governmental Affairs Committee in support of the nomination and confirmation hearings of Judge Noel

Kramer, and that therefore she is not immune from declaratory relief.

34.     **Judge Noel Anketell Kramer.** The Plaintiff seeks a declaration that the actions of Judge Noel Anketell Kramer and Annice Wagner (former Chief Judge of the District of Columbia Court of Appeals) as set forth in paragraphs 29 through 33, were in retaliation against the Plaintiff for petitioning the United States Congress for redress, for petitioning the District of Columbia Judicial Tenure Commission, and the Attorney General of the United States, and for petitioning the United States District Court for the Eastern District of Virginia, and the United States Department of Justice Public Integrity Division for redress, for redress in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1981, the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution, and for purposes of covering up retaliation, Judicial Fraud, Judicial Misconduct, Judicial conflict of interest, ethical impropriety; conspiracy to deprive of civil rights, racial discrimination in the making and enforcing contracts,  and misuse of the judicial power for personal and private interest.

35.     The Plaintiff seeks a declaration that the actions of Judge Noel Kramer and Judge Annice Wagner, as set forth in paragraphs 29-30 hereof, was taken against Plaintiff with a determination to cover-up the misconduct of Judge Kramer, when Judge Annice Wagner, who appointed the investigator, Stuart Pierson, and who appointed the prosecutors Thomas Zeno, and John Griffith, and who appointed Judge Kramer to hear and decide the rule 49 and Order 18 injunction, and who appointed the conflicted attorneys Ed Sullivan and Cynthia Nordone, and who designated herself as a member of the per curiam panel in the Plaintiff's appeal of the decision of Judge Noel Kramer, without jurisdiction over the Plaintiff, would cover-up and did cover-up the wrongfully

14

judicial misconduct of Judge Noel Kramer by refusing to allow the Plaintiff to terminated

Edward Sullivan and Cynthia Nordone, as appellate counsel, whom together waived

some 98 assignment of errors, and waived the Plaintiff affirmative defense that the Court

lacked jurisdiction over the Plaintiff, that the Court lacked sufficient evidence in the

record to convict the Plaintiff, and when Judge Annice Wagner further covered up the

misconduct of Judge Ann O'Regan Keary, who was designated to hear and decide

Plaintiff DC Code §23-110 Motion for Release and Correction of Sentence, when Judge

Ann O'Regan Keary, was a candidate for reappointment as Superior Court Judge in 2007,

and Judge Ann O'Regan Keary, sat on the Plaintiff Motion for Writ of Habeas Corpus for

18 months after ordering the Plaintiff to show cause why his Petition should not be

dismissed as moot. On appeal, Judge Annice Wagner upheld Judge Ann O'Regan

Keary's decision that the Plaintiff's recourse was in the United States District Court, and

summarily dismissed the Plaintiff's Petition after some 18 months with a 5 page decision

and opinion.

**COMPLAINT SEEKING DECLARATORY JUDGMENT FOR DECLARATION
THAT JUDGE JOHN FERREN, ASSOCIATE JUDGE OF THE DISTRICT OF
COLUMBIA COURT OF APPEALS FOR ACTIONS TAKEN WHILE ON
SABATTICAL AS CORPORATION COUNSEL (RENAMED ATTORNEY
GENERAL DISTRICT OF COLUMBIA), THAT JUDGE FERREN CONSPIRED
TO AND DID VIOLATE THE DISTRICT OF COLUMBIA PROCUREMENT
ACT, THE ETHICS IN GOVERNMENT ACT, THE DISTRICT OF COLUMBIA
CONFLICT OF INTEREST ACT,**

36.    Plaintiff incorporate by reference paragraphs 1 through 36 of the

complaint.

37.    **Judge John Ferren** Associate Judge of the District of Columbia Court of

appeals, facilitated a sole-source contract to the Council for Court Excellence, for it to

determine whether the District of Columbia administrative agencies should change the

title "Hearing Examiner" to "Administrative Law Judge" and transfer Hearing Examiners (redesignated "Administrative Law Judge") to a central panel, resulting in the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002) when and while the District of Columbia Court of Appeals was then engaged in prosecuting the Plaintiff for referring to the titles "Hearing Examiner" and "Administrative Law Judge" as being synonymous and interchangeable. (*In Re Simon Banks* **04-SP-789**)

## DECLARATORY RELIEF

38.    The Plaintiff seeks declaratory relief against **Judge John Ferren,** and that this Honorable Court declare, that Judge John Ferren is not immune from declaratory relief and was not performing any judicial function when he was employed as the Corporation Counsel for the District of Columbia, while on sabbatical from the District of Columbia Court of Appeals during the period 1998 through 2001.

39.    **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John Ferren, acted with conflict of interest, engaged in the appearance of impropriety, and abused his power and authority as Corporation Counsel for the District of Columbia, when he facilitated a sole-source contract to the Council for Court Excellence, for it to determine whether the District of Columbia administrative agencies should change the title "Hearing Examiner" to "Administrative Law Judge" and transfer Hearing Examiners (redesignated "Administrative Law Judge") to a central panel, resulting in the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002) when and while the District of Columbia Court of Appeals was then engaged in prosecuting the Plaintiff for referring to the titles "Hearing Examiner" and

"Administrative Law Judge" as being synonymous and interchangeable. (*In Re Simon Banks* **04-SP-789**)

40.    **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John Ferren, acted with conflict of interest and abused his power and authority as Corporation Counsel for the District of Columbia, when he facilitated a sole-source contract to the Council for Court Excellence, for it to determine whether the District of Columbia Worker's Compensation "Hearing Examiners" title should be change to "Administrative Law Judge" and transfer Hearing Examiners (redesignated "Administrative Law Judge") to a central panel, resulting in the DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001) when and while the District of Columbia Court of Appeals was then engaged in prosecuting the Plaintiff for referring to the titles "Hearing Examiner" and "Administrative Law Judge" as being synonymous and interchangeable. (*In Re Simon Banks* **04-SP-789**)

41.    **Judge John Ferren.** The Plaintiff seeks a declaration that Judge John Ferren abused his discretion, committed conflict of interest and engaged in the appearance of impropriety, when he, while serving in the position of District of Columbia Corporation Counsel, when he accepted and encumbered the position of Vice President of the Counsel for Court Excellence subsequent to facilitating a sole-source contract to the Counsel for Court Excellence that resulted in the change of the titles "Hearing Examiner" to "Administrative Law Judge" and resulted in Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), and the DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), when and while the District of Columbia Court of Appeals

was prosecuting the Plaintiff for the third time for using the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably. (*In Re Simon Banks* **04-SP-789**)

42.     **Garland Pinkston. (Clerk DCCA)** The Plaintiff seeks a declaration that Garland Pinkston, Clerk of the District of Columbia Court of Appeals and former Corporation Counsel (redesignated Attorney General for the District of Columbia) committed conflict of interest and/or the appearance of conflict of interest when he attended the hearings before the District of Columbia Council, during the testimony of witnesses for the Council for Court Excellence was testifying in support of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), when and while he was clerk of the District of Columbia Court of Appeals, during the period of time that the District of Columbia Court of Appeals was prosecuting the Plaintiff for the third time for using the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably and declaring that the titles are synonymous. (*In Re Simon Banks* **04-SP-789**)

43.     **Peter Nickels (Attorney General District of Columbia)** The Plaintiff seeks a declaration against the Attorney General District of Columbia, to declare that it violated the District of Columbia Procurement Act and the District of Columbia Human Rights Act, when it facilitated a sole-source contract to the Council for Court Excellence for purposes of having it steer the District of Columbia Council into promulgating DC Laws resulting in the change of the titles "Hearing Examiner" to "Administrative Law Judge", and requiring a license to practice law as a condition for representing parties before administrative agencies of the District of Columbia, including the District of

Columbia Unemployment Appeals Office, and when it facilitated the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002)

44. **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels in facilitating the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002)   resulted in the Plaintiff being deprived of the right to make and enforce contracts with the Office of Administrative Hearings, by qualifying for employment as an "Administrative Law Judge," and by being precluded from and excluded from the marketplace provided for administrative practitioners whom represent parties before agencies of the District of Columbia Office of Administrative Hearings, in violation of the Due Process Clause, the Equal Protection Clause, 42 U.S.C. Section 1981.

45. **Peter Nickels.** The Plaintiff prays for a declaration that the actions of Peter Nickels resulted in the promulgation of DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002), violated Title VI of the United States Code and the Plaintiff's federal rights thereunder, as well as the Plaintiff's federal right to make and enforce contracts in connection with the use of federal funds, in violation of the laws of the United States.

46. **District of Columbia Government.** The Plaintiff reallege the allegations set forth above in ¶¶24 and 25 as if pleaded fully and completely herein.

47.   **Council for Court Excellence.** The Plaintiff pray that this Honorable Court declare that the Council for Court Excellence generated a sham analysis, committed fraud and provided a sham statistical analysis of state administrative agencies throughout the United States in connection with its sole-source contract with the District of Columbia Government that was facilitated by Judge John Ferren, which resulted in DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001), the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002),  with the predisposition and predetermination to steer the District of Columbia Council into changing the title "Hearing Examiner" to "Administrative Law Judge" and establishing a central panel, and that this fraudulent concealment does not relieve the CCE from authority of this Court.

48.   The actions of the CCE caused the Plaintiff to suffer harm from the inception of its action to the present date, its fraudulent concealment that it was acting as an agent of the District of Columbia Court of Appeals, for purposes of restraining trade and perpetuating the DC Bar monopoly power, and because of the District of Columbia use of OAH to preclude the Plaintiff from making and enforcing contracts.

48.   The Plaintiff seek a declaration that the Court determine that the titles "Hearing Examiner" and "Administrative Law Judge" are interchangeable, and that District of Columbia Hearing Examiners are "Administrative Law Judges" and that District of Columbia Administrative Law Judges perform essentially and the same duties and functions, and historically performed the same duties and functions for and on behalf of administrative agencies of the District of Columbia.

49.   The District of Columbia Court of Appeals, hi-jacked the United States of

America into the case of In Re Simon Banks, and on appeal declared the case title to be

Simon Banks v. United States of America, 04-SP-789, although there is no federal

interest involved. Plaintiff incorporate by reference Plaintiff's Motion to Dismiss the

United States as a Party filed in Simon Banks v. United States, 04-SP-789, as if pleaded

fully and completely herein.

MANDAMUS AGAINST MICHAEL B. MUKASEY

**50      The Plaintiff incorporate by reference the allegations set forth in
paragraph 49 hereof.**

**51.      Michael B. Mukasey, Attorney General United States.**  The Plaintiff

pray that this Honorable Court issue an order directing the Attorney General of the

United States to intervene in the case *Banks v. United States,* 04-SP-789, for purposes of

facilitating the removal of the United States from the case on the basis that the United

States never was a party to the case and that there is no federal interest and that there

never was any federal interest involved, and that the District of Columbia Court of

Appeals, misused the United States by interjecting it into the case, and thereby abused its

discretion

52.      There is no adequate relief at law.*Id.*  where there is no federal interest

involved and where the United States of America is being abused and misused by the

District of Columbia Court of Appeals.

53.      Should the Court not grant the request for Mandamus, the Plaintiff will be

irreparably harmed, the United States will be irreparably harmed.

54.      The United States Attorney General does not have discretionary authority

to refuse to protect the name, title and integrity of the United States from being falsely

used in the case of Simon Banks v. United States,

## COUNT 1II
## VIOLATION OF THE FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

50.    The Plaintiff incorporate by reference paragraphs 1 through 49 as if pleaded fully and completely herein.

51.    The actions set forth in paragraphs 20-29 through are violative of the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

### INJUNCTIVE RELIEF

46.    The Plaintiff seek injunctive relief, preliminarily and permanently, to enjoin the District of Columbia Government Agencies from preventing the Plaintiff from representing clients before administrative agencies of the District of Columbia Office of Administrative Hearings, and from enforcing the requirement that administrative practitioners be licensed to practice law as a condition for representing clients before the District of Columbia Unemployment agency and other administrative agencies of the District of Columbia Office of Administrative Hearings.

47.    The Plaintiff seeks injunctive relief, preliminarily and permanently, to enjoin the District of Columbia Court of Appeals, from engaging in legislative activities on behalf of the District of Columbia Bar, with the District of Columbia Government and with the Council for Court Excellence, for purposes of facilitation of the promulgation of legislation that require a license to practice law for Hearing Examiners of the District of Columbia to use the title Administrative Law Judge, and for purposes of facilitating the promulgation of legislation that require administrative practitioners to have a license to

District of Columbia with particular emphasis regarding the District of Columbia Office of Administrative Hearings.

48.    The Plaintiff seeks injunctive relief, preliminarily and permanently, to enjoin the District of Columbia Court of Appeals, the District of Columbia Bar Foundation of the District of Columbia Court of Appeals, its agents, employees and assigns, from hi-jacking the United States of America as a named party in proceedings that are derived from complaints of violation of the District of Columbia Court of Appeals Rule 49 on Unauthorized Practice of Law, Order 18, 92-BG-652, issued by Superior Court Judge Richard Levie, who opined that the Plaintiff received his right to practice before administrative agencies of the United States pursuant to DC Ct. App. R. 49©(4), and misdemeanor charges flowing from such complaints, which include the misdemeanor, complaint in In Re Simon Banks, 04-SP-789, 02-BG-1374, which has been captioned, *Simon Banks v. United States,* 04-SP-789.

There is no adequate remedy at law.

The Plaintiff stands to be irreparably harmed if the Court does not grant injunctive relief.

The Plaintiff incorporate by reference Plaintiff's Motion and Memorandum of Law in Support of Injunctive Relief.

The Plaintiff incorporate by reference Plaintiff's Motion and Memorandum of Law for Declaratory Relief.

**WHEREFORE,** the Plaintiff pray that this Honorable Court grant the relief requested.

---

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
703 965-5637
Email: disbanks@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Amended Complaint, was transmitted to all

parties to these proceedings, which include Denise Baker, Assistant Attorney General,

and James H. Hulme, Mathew M. Wright, Kavitha J. Babu, 1050 Connecticut Avenue,

N.W., Washington, D.C. 20036-5339, Email:

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
703 965-5637
Email: disbanks@msn.com