UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Dr. Simon Banks, J.D. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 1:08cv-00215 |
| | ) ECF |
| Hon. Noel Anketell Kramer | ) |
| 500 Indiana Av. N.W. | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| Hon Annice Wagner | ) |
| 500 Indiana Av., N.W. | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| Hon. John Ferren | ) |
| 500 Indiana Avenue, N.W. | ) |
| Washington, D.C. 2001 | ) |
| | ) |
| Garland Pinkston | ) |
| 500 Indiana Avenue, N.W. | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| Peter Nickels) | ) |
| Attorney General | ) |
| District of Columbia Government | ) |
| 441 4th Street, NW, Suite 1060N | ) |
| Washington, DC 20001 | ) |
| | ) |
| District of Columbia Government | ) |
| 441 4th Street, NW | ) |
| Washington, D.C. 20001 | ) |
| Serve Adrian Fenty, Mayor | ) |
| District of Columbia | ) |
| | ) |
| Counsel For Court Excellence | ) |
| 111 14th Street, NW, Suite 500 | ) |
| Washington, D.C. 2005 | ) |
| | ) |
| Hon. Michael B. Mukasey | ) |
| Attorney General United States | ) |
| U.S. Department of Justice | ) |
| Defendant | ) |
| | ) |

**FEDERAL DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b) (1) and 12(b) (6), Defendant, Michael B. Mukasey, Attorney General of the United States[1], by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

/s/
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

---

[1] Plaintiff brings this action naming various Defendants, however, this office is representing only the Attorney General, Hon. Michael B. Mukasey whose only involvement in this complaint seems to be the allegation outlined in paragraph 27.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Simon Banks,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00215 (RCL) |
| | ) |
| **Hon. Michael B. Mukasey** | ) ECF |
| **U.S. Attorney General** | ) |
| | ) |
| **Defendant,** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Federal Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for failure to state a claim upon which relief can be granted.

### I. INTRODUCTION

Plaintiff *pro se*, brings this action against several Defendants for declaratory judgment, injunctive relief and for mandamus.. See Complaint ¶1 . Plaintiff recites a listing of various Defendants who he is suing and breaks down each paragraph outlining the allegation against each of the named Defendants.  Plaintiff brings the instant action against Defendant Mukasey for mandamus.  See Complaint ¶13.  Plaintiff seeks this Court to issue an Order directing Defendant Mukasey to intervene in the case of Banks v. United States , 04-SP-789, for the purpose of facilitating the removal of the United States from that case. See id. ¶27.   Plaintiff then goes on for pages outlining the actions he is bringing against the other named Defendants. See Complaint

generally. However, mandamus does not lie for discretionary acts of federal executive branch officials. Accordingly, Defendant Mukasey moves that Plaintiff's filing be dismissed as to him for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### 1. Subject Matter Jurisdiction

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998).

The requirements for mandamus "go to [the] court's jurisdiction under [the] mandamus statute, although [it is] often discussed in merits terms as to whether a writ of mandamus should be issued." Swan v. Clinton, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996), citing Willis v. Sullivan, 931 F.2d 390, 395-96 (6th Cir. 1991). The Court of Appeals for this Circuit has emphasized that jurisdiction over actions in the nature of mandamus "is strictly confined." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005).

**2. <u>Failure to State a Claim Upon Which Relief May be Granted</u>**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F 3d 139, 145 (D.C. Cir 2007) (citing <u>Twombly</u>).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claim for relief.   The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  <u>Barr v. Clinton</u>, 370 F 3d 1196, 1199 (D.C. Cir. 2004) (citing <u>Kowal v. MCI Comme'ns Corp</u>., 16 F. 3d 1271, 1276 (D.C. Cir. 1994)).  However the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. <u>Kowal</u>, 16 F.ed at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." <u>Id</u>.    If, after reviewing the complaint, the Court finds that the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face," the Court must dismiss the complaint. Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion to a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

3

**Argument**

**A. Plaintiff Fails To Have A Cause of Action For Mandamus.**

Plaintiff is seeking from this Court an order directing Defendant Mukasey to intervene is the case of Banks v. United States, 04-SP-789. See Compl ¶27. To the extent that the Court construes the instant complaint to have been brought against the Attorney General for mandamus, Plaintiff has not alleged facts sufficient to support mandamus and thus the writ of mandamus is not an appropriate remedy. The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; Fornaro v. Kay Coles James, 416 F.3d 63, 69 (D.C. Cir. 2005). The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. Fornaro, 416 F3d at 69; Consolidated Edison, et al., v. Ashcroft, et al., 286 F.3d 600, 605 (D.C. Cir. 2002), cert. denied, 537 U.S. 1029 (2002). Moreover, because of the potential conflict between the branches of government engendered by use of this remedy, courts have limited its application to "only. . . the clearest and most compelling cases." 13th Regional Corp. v. U.S. Dept. of Interior, 654 F.2d 758 (D.C. Cir. 1980).

Courts have achieved this limitation by issuing the writ only when one has demonstrated the following elements: (1) Plaintiff has a clear legal right to the relief sought; (2) the Defendant has a clear duty to act; and (3) there is no other adequate remedy available. Council of and for the Blind of Delaware County Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983). Thus, according to traditional doctrine, a writ of mandamus will issue only

4

where the duty to be performed is ministerial[2] and the obligation to act peremptory, and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable. 13th Regional, 654 F.2d at 760 (citations omitted); See Wilbur v. United States, 281 U.S. 206, 218-19 (1929) (mandamus is inappropriate except where a public official has violated a ministerial duty. Such a duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command. Where the duty is not thus plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Power v. Barnhart, 292 F.3d 781, 785 (D.C. Cir. 2002) (citations omitted). Plaintiff has failed to satisfy that burden. Plaintiff has not demonstrated or alleged that Defendant Mukasey has violated a ministerial duty. Rather, in his complaint, Plaintiff seeks to have Defendant Mukasey intervene in a case for the purposes of removing the United States from that case. As he states in his complaint "the Plaintiff prays that this Honorable Court issue an order directing the Attorney General of the United States to intervene in the case of Banks v. United States for the purposes of facilitating the removal of the United States from the case....." See Complaint ¶27. In essence, Plaintiff is directing the Defendant to adopt a particular litigation position on a particular case. This matter is within Defendant's discretion. See 28 U.S.C. §516. Plaintiff has not demonstrated that he has a clear right to the relief sought, that Defendant has a clear duty to act and that there is no adequate remedy available to Plaintiff. Thus, Plaintiff fails to have a cause of action for mandamus and this Court

---

[2] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. See *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D.Ind. 1984).

lacks jurisdiction over his complaint against Defendant Mukasey.

## CONCLUSION

For all the foregoing reasons, Defendant Mukasey's Motion To Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice as to Defendant Mukasey.

          Respectfully submitted,

          _/s/_
          JEFFREY A. TAYLOR, D.C. BAR No. 498610
          United States Attorney

          _/s/_
          RUDOLPH CONTRERAS, D.C. BAR No. 434122
          Assistant United States Attorney

          _/s/_
          Raymond A. Martinez, TX. Bar No. 13144015
          Special Assistant United States Attorney
          Judiciary Center Building
          555 Fourth Street, N.W., Civil Division
          Washington, DC  20530

## CERTIFICATE OF SERVICE

I hereby certify that on this [19h] day of May, 2008, I caused the foregoing *Motion To Dismiss* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA 22302
703-965-5637


       /s/
**Raymond A. Martinez**
**Special Assistant United States Attorney**
**555 4th Street, NW**
**Civil Division**
**Washington, D.C. 20530**
**(202) 514-9150**
**(202) 514-8780 (facsimile)**