**BEFORE THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 08-00215 RCL** |
| | ) | |
| **HON. NOEL ANKETELL KRAMER** | ) | |
| **Et al** | ) | |
| | ) | |
| **Defendants** | ) | **June 13, 2008** |

**PLAINTIFF'S OPPOSITION TO MOTION OF
COUNCIL FOR COURT EXCELLENCE TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT WITH PREJUDICE**

Comes now Plaintiff, in opposition to motion of Council for Court Excellence to

Dismiss Plaintiff's Amended Complaint with prejudice, and submit the following

Plaintiff incorporate by reference Plaintiff's Memorandum of Law in Support of

Plaintiff's Opposition to motion of Council for Court Excellence to Dismiss Plaintiff's

amended complaint with prejudice, as if pleaded fully and completely herein.


_____/s/_____

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
drsbanks@msn.com

## TABLE OF AUTHORITIES

**Cases**

. *Conley v. Gibson,* 355 U.S. 41 (1957). ............................................................. 23

. *In re Estate of Jacobson,* 387 A.2d 590, 591 (D.C. 1978)............................... 20

; *Wesberry v. Sanders,* 376 U.S. 1 (1963 .......................................................... 22

29 C.F.R. §1614.605 ........................................................................................... 4

**513-14, 108 S.Ct. 2510;** *Densberger v. United Techs. Corp.***, 297 F.3d 66, 75 (2nd Cir.2002** .................................................................................................. 6, 18

*Baker v. Carr,* 369 U.S. 186 (1962 .................................................................... 22

***Boyle*, 487 U.S. at 505 n. 1, 108 S.Ct. 2510** ................................................ 6, 17

*Brookens v. District of Columbia Court of Appeals,* 538 A.2d 1120 (1993 ..... 11

*Buchanan v. FEC,* 112 F.Supp.2d 58 (D.D.C. 2000.......................................... 21

*Buchanan*, 112 F.Supp.2d at 65, and *Vote Choice,* 4 F.3d at 37 ..................... 21

*Butz v. Economou,* 438 U.S. 478 ...................................................................... 10

***Cassandra A. Augustine v. Department of Veterans Affairs***, 429 F.3d 1334.** ................ 4

*Cassandra A. Augustine v. Department of Veterans Affairs, Slip Op.* 04-3162 ............. 23

*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). .............. 5, 13

*Davis v. Bandemer*, 478 U.S. 109, 132 (1986). .............................................. 22

DCRA Consumer Protection Procedures Act (CPPA), .................................... 10

*Densberger v. United Techs. Corp.*, 297 F.3d 66, 75 (2nd Cir.2002............... 17

**District of Columbia Register Vol. 42 – No. 3, Pp 396 (Friday, Jan. 20, 1995).** ........ 10

*Edna J. Valentine v. Lawrence M. Elliott*, Nos. 98-PR-934, 98-PR-1104, 98-PR-1771, 99-PR-531, 99-PR-1392 & 99-PR-1619; Nos. 00-PR-71, 00-PR-768 & 00-PR-808........ 20

EEOC Management Directive 110 ....................................................................... 4

**freedom** *Mitchell v. Forsyth*, 472 U.S. 511, 523-27 ..................................... 7

*Gray v. Sanders*, 372 U.S. 368 (1963)............................................................. 22

Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002, ........... 14

***Ibrahim v. Titan Corp.***, 391 F. Supp. 2d 10 (D.D.C.2005)** ....................... 6, 17

*In re C.T.,* 724 A.2d 590, 595 (D.C. 1999)......................................................... 19

**In re Estate of Daniel B. Delaney,** No. 97-PR-1217 ...................................... 20

*Int'l. Assn. of Machinists v. FEC*, 678 F.2d 1092, 1098 (D.C. Cir. 198........... 22

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994) ............. 5, 13

*Mitchell v. Forsyth*, 472 U.S. 511, 523-27,.................................................... 7, 18

*Reynolds v. Sims*, 377 U.S. 533 (1964 ............................................................ 22

*Robert Lepelletier, Jr., et al v. Sharon Pratt Kelly, et al*, C.A. No. 94-2245 (1993).......... 9

See *Banks v. Consumer & Regulatory Affairs*, 634 A.2 433 (D.C. App. 1993) .............. 10

*Simon Banks v. United States*, No. 08-1114. ..................................................... 8

*Simon v. Bellinger,* 643 F.2d 774 (1980).......................................................... 11

*Snell v. Bell Helicopter Textron, Inc.,* 107 F.3d 744, 746 (9th Cir.1997 ............... 7, 18

***Snell v. Bell Helicopter Textron, Inc.***, 107 F.3d 744, 746 (9th Cir.1997)** ........... 7, 18

***Sperry v. Florida,* 373 U.S. 379 (1963).**......................................................... 12

*Sperry v. State of Fla.* 373 U.S. 379 (1963 ...................................................... 23

*United*.............................................................................................. passim

*v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992................................... 20

**Victoria Jackson Gray Adam** v. **The FEC**, Civil Action No. 02-cv-877-KLH-CKK-RJL........................................................................................................ 22

**Virginia UPL, UPR 9-102**............................................................................................. 12

*Women Voters Educ. Fund*, 882 F.2d 621, 626 (2d Cir 1989........................................... 21

## BEFORE THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **V.** | ) **Civil Action No. 08-00215 RCL** |
| | ) |
| **HON. NOEL ANKETELL KRAMER** | ) |
| **Et al** | ) |
| | ) |
| **Defendants** | ) **June 13, 2008** |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF
### COUNCIL FOR COURT EXCELLENCE TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

Comes now Plaintiff and submit Memorandum of Law in Support of Plaintiff's

opposition to motion of Council for Court Excellence to Dismiss Plaintiff's Amended

Complaint with prejudice, and submit the following:

QUESTIONS PRESENTED

Whether the Plaintiff, a pro se litigant, has set forth sufficient facts in the complaint to place CCE on notice of what it has to defend against, sufficient to survive motion to dismiss for failure to state a claim upon which relief can be granted, sufficient to overcome the criteria for dismissal, *"if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*

Whether the Plaintiff, a former Hearing Examiner  aka Administrative Law Judge, who was certified by the District of Columbia Government as an Administrative Law Judge, and whom is a nonattorney administrative law advocate and government employee representative who practiced law before administrative agencies of the District of Columbia and before administrative agencies of the United States, (the administrative law marketplace) from 1975 through April 8, 2004, (29 years) has standing in this civil cause of action.

Whether CCE submitted sufficient factual evidence on the record to support its motion to dismiss on the basis of statute of limitations, against Plaintiff's statement that the District of Columbia statute of limitations ought to be tolled based upon Plaintiff's allegations that CCE generated a sham statistical analysis and committed fraud in connection with its contract with the District of Columbia Government, that resulted in the District of Columbia Office of Administrative Hearings, [OAH] and the DC Office of Administrative Hearings Establishment Act [OAHEA] changing the title "Hearing Examiner" to "Administrative Law Judge," and requiring a bar license as a condition for employment as an "Administrative Law Judge", and requiring a bar license as a condition for representing parties before the OAH.

Did CCE provide sufficient factual evidence on the record to show that it is entitled to the application of government contractor immunity, sufficient to show that it was acting as an agent of the state, entitled to sovereign immunity, and that CCE was complying with specific guidelines, rules and regulations established by the District of Columbia Government, restricting and governing the performance of its contract with the

District of Columbia, **as required by the Supreme Court and DC Courts for a government contractor to claim government contractor immunity.**

### PLAINTIFF, A NONATTORNEY IS AND HAS BEEN ENTITLED TO PRACTICE LAW BEFORE ADMINISTRATIVE AGENCIES

CCE argues and allege that the Plaintiff needs a license to practice law as an advocate before administrative agencies of the United States.  This is clearly erroneous.  See 29 C.F.R. §1614.605, EEOC Management Directive 110.  See ***Cassandra A. Augustine v. Department of Veterans Affairs, 429 F.3d 1334. (hereto attached).***

See ***Exhibits show Nonattorneys' License to Practice Law Before Administrative Agencies of the United States. [hereto attached]***

Defendant CCE is fighting against a clearly established law that a reasonably competent person would know, i.e that nonattorneys practice law before administrative agencies of the United States and the various states of the United States.  See Exhibit entitled  "Nonattorneys License to Practice Law before Administrative Agencies of the United States."

### CCE ALLEGE THAT THE TITLE "HEARING EXAMINER" IS NOT SYNONYMOUS WITH "ADMINISTRATIVE LAW JUDGE" AND THAT A LICENSE TO PRACTICE LAW IS REQUIRED THROUGHOUT THE UNITED STATES AS A CONDITION FOR HOLDING THE TITLE ALJ

The titles "Hearing Examiner" and "Administrative Law Judge" are synonymous and Interchangeable.  See Exhibit "entitled "The titles "ALJ" and "Hearing Examiner" are synonymous and interchangeable.  And there are nonlawyer judges throughout the United States. In addition, it is not a requirement to be a licensed member of any state bar to be a Justice of the Supreme Court.  See Attached Exhibit Appendix 19 on Interchangeability of the Title "Hearing Examiner" and "Administrative Law Judge." **See**

**attached Exhibit, Plaintiff's Exhibits, Nonattorneys Licenses to Practice Law Before Administrative Agencies of the United States. [hereto attached]**

The Government Contract Defense requires substantial supervisory control and established guidelines and restrictions that limit the discretionary authority of the government contractor.

**CCE'S MOTION TO DISMISS PURSUANT TO**
Rule 12(b)(6)

CCE is not entitled to dismissal of the case because the Plaintiff has shown that there are sets of facts in support of his claim that CCE generated a sham study and analysis pursuant to its contract with the District of Columbia Government that resulted in the District of Columbia Administrative Hearing and Establishment Act of 2001.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) will be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint will be construed in the light most favorable to the plaintiff, and the plaintiff will have "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp*., 16 F.3d 1271, 1276 (D.C.Cir.1994)

**CCE'S MOTION TO DISMISS THE COMPLAINT BASED UPON
CCE'S ASSERTION OF THE GOVERNMENT CONTRACTOR DEFENSE
AND THE SOVEREIGN CONNECTED WITH BEING A STATE ACTOR
The government contractor defense is an affirmative defense, however, and**

**defendants have not produced sufficient factual support to justify its application.**

**In *Ibrahim v. Titan Corp*., 391 F. Supp. 2d 10 (D.D.C.2005)**

**The United States District Court for the District of Columbia denied defendant's claim of immunity from suit, particularly at the pre-trial stage, opining: Defendants want me to expand *Boyle* s preemption analysis beyond Koohi s negligence/product liability context to automatically preempt any claims, including these intentional tort claims, against contractors performing work they consider to be combatant activities. This would be the first time that *Boyle* has ever been applied in this manner. Boyle explicitly declined to address the question of extending federal immunity to non-government employees, *Boyle*, 487 U.S. at 505 n. 1, 108 S.Ct. 2510, and I will not extend that immunity here. [FN5] Rather, preemption under [*18] the government contractor defense is an affirmative defense, with the burden of proof on the defendants. See *id.* at 513-14, 108 S.Ct. 2510; *Densberger v. United Techs. Corp.*, 297 F.3d 66, 75 (2nd Cir.2002), cert. denied, 537 U.S. 1147, 123 S.Ct. 876, 154 L.Ed.2d 849 (2003); *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir.1997).**

> **-----FN5. Immunity involves not an affirmative defense that may ultimately be put to the jury, but a decision by the court at an early stage that the defendant is entitled to from suit in the first place. See freedom *Mitchell v. Forsyth*, 472 U.S. 511, 523-27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).**

At 2, fn1 and at 3 of Defendant CCE's Motion to Dismiss ("CCE's Motion") CCE cites an article that appeared in the City Paper. Prior to the Article, the Plaintiff was bound by the attorney-client privilege, and could not respond to the Article authored by Stuart Pierson of the DCCA Committee on Unauthorized Practice of Law, that the person featured in the article, Craig Laubach, a former employee of PEPCO, a drug addict, was

fired for testing positive, twice for cocaine, and violated the company last-chance policy,

that Marco Bell, also featured in the article, was fired from the U.S. Post Office for

throwing U.S. Mail away in a dumpster, and that Andrea Johnson, also featured, was

fired from the Post Office for assaulting a postal employee with a pair of scissors.  See

**Exhibit attached, Job Protectors Newsletter at 3, July 8, 1996.**

its publication to members of the bar, and its subpart 49©(4) is a rule strictly

generated to regulate members of the DC Bar), it is not a statute.

Neither CCE, nor the DCCA, ever caused to be generated any comparative

analysis between the performance of non-attorney Hearing Examiners aka Administrative

Law Judges and attorney administrative law judges.  It merely operated upon a

conclusive presumption and cherry picked facts to fit the arbitrary, barebone conclusive

presumptions.

Plaintiff incorporate by reference Plaintiff's Petition for Writ of Certiorari, filed

with the United States Supreme Court on May 25, 2008 ,*Simon Banks v. United States*,

No. 08-1114. and Exhibit showing the interchangeability of the titles Hearing Examiner

and Administrative Law Judge.  **See Attached, Plaintiff Petition for Writ of Certiorari**

**to the United States Supreme Court.  No. 07-11114**

**CCE MEMBERS INCLUDE ASSOCIATE JUDGES OF THE DCCA**

**AND THEIR PARTICIPATION IN CHANGING THE TITLES "HEARING**

**EXAMINER" TO "ADMINISTRATIVE LAW JUDGE" AND REQUIRING A**

**LICENSE TO PRACTICE LAW TO RETAIN THE NEW TITLE, AND**

**PRACTICE BEFORE ADMINISTRATIVE AGENCIES, WHILE THEY ENGAGE**

**IN LEGISLATIVE ACTIVITIES, VIOLATES PLAINTIFF'S RIGHTS**

The associate judges of the DCCA include:


Rufus G. King, III * Ex-Officio Member   2007-2008
Ann O'Regan Keary, Presiding Judge of the
Criminal Division for the DC Superior Court
Commission on Judicial Disabilities and Tenure (CJDT)
Judge Ann O'Regan Keary, Deputy Presiding Judge of the Criminal Division
THE HONORABLE VANESSA RUIZ, CCE BDir
Honorable Vanessa Ruiz* Executive Committee
DC Court of Appeals, 2001, 2007-2008 BD CCE
Honorable John Ferren, 2001 Board of Directors CCE
Honorable Rufus G. King, III** 2007-2008 BD
Hon. Noel Anketell Kramer
District of Columbia Court of Appeals 2007-2009
DC Superior Court
Ex Officio Officer
Hon. Richard A. Levie (Ret.)  Bd of Directors 2007-2008
JAMS -- The Resolution Experts BD
Devon Brown* (Ex-Official Member) 2007-2008
DC Department of Corrections 2007-2008 BD
Hon. James A. Belson
District of Columbia Court of Appeals 2007-2008 BD
Hon. Phil Mendelson*
DC Council  2007-2008 BD
Hon. Kathy Patterson 2007-2008 BD
D'Ana Johnson, Esquire
Bonner Kiernan Trebach & Crociata, 2007-2008 BD
Hon. Jeffrey A. Taylor*
U.S. Attorney for the
District of Columbia 2007-2008 BD


These individuals, excepting Hon. Jeffrey A. Taylor, participated as agents for the

DCCA while in the capacity of officers for CCE to protect the DC Bar from competition,

and to used skewed studies, lacking content validation as the underpinning for changing

DC Laws to require a license to practice law as a condition for representing clients before

administrative agencies of the District of Columbia and before the United States, without

a statute and without the consent of Congress, in violation of the Plenary powers of the

United States Congress.  Art. 1§8, cl. 17.

The Corporation Counsel of the District of Columbia, argued before the Hon.

Judge Norma Holloway Johnson, that "Hearing Examiner" Lennox Simon, of the District

of Columbia Consumer and Regulatory Affairs,  was an "Administrative Law Judge" in

*Robert Lepelletier, Jr., et al v. Sharon Pratt Kelly, et al,* C.A. No. 94-2245 (1993) citing

*Butz v. Economou*, 438 U.S. 478 (arguing that Hearing Lennox Simon was a judge) for

the proposition that Lennox Simon was immune from suit, he was a Judge.

To deprive Plaintiff of the exception "excepting legal sevices from the jurisdiction

of DCRA Consumer Protection Procedures Act (CPPA), DCCA opined that Plaintiff was

a "merchant" and Plaintiff's service were connected with the sale of goods, therefore,

DCCA opined Plaintiff's service came under the regulatory authority of the DCRA.  See

*Banks v. Consumer & Regulatory Affairs,* 634 A.2 433 (D.C. App. 1993).  There were no

witnesses called in this case and the Plaintiff was terminated as the representative of the

alleged complainant prior to filing a single pleading.  See Harsh dissent of the Hon. Judge

Steadman.  In addition the DCCA referred to "Hearing Examiner" Olga Clegg as an

"Administrative Law Judge" although her official title was Hearing Examiner, although

DCRA did not act to officially change the title of its Hearing Examiners to

Administrative law Judge until January, 1995.  See **District of Columbia Register Vol.**

**42 – No. 3, Pp 396 (Friday, Jan. 20, 1995).**

Marie Johnson, whom the City Paper article *Id.* refers to as an "Administrative

Law Judge, official position with the DC Office of Employee Appeals, was "Hearing

Examiner".  In fact, she was Plaintiff's subordinate at the District of Columbia Office of

Employee Appeals (OEA) Redesignated "Office of Adjudication, DCRA.

In January 2008, the National Association of Administrative Law Judges (NAALJ) Redesignated "National Association of Administrative Law Judiciary" established a Memorial Fund and a scholarship fund in the name of the Plaintiff's immediate successor at the District of Columbia Commission on Human Rights, Neil Alexander.

In *Brookens v. District of Columbia Court of Appeals,* 538 A.2d 1120 (1993*)* the DCCA opined that it lacked jurisdiction of non-licensed administrative practitioners whom practice law before administrative agencies of the District of Columbia.  (Benoit Brookens was a Kentucky Attorney, not licensed in the District of Columbia.

The DCCA backed off of the Simonses, New York Attorneys whom practiced before the United States District Court, where the Court opined that DCCA did not have jurisdiction over federal practitioners.  *Simon v. Bellinger,* 643 F.2d 774 (1980).

The Petitioner removed cases from the DCCA to the United States Court, seeking federal relief, because the DCCA was bent on preventing Plaintiff from practicing before administrative agencies of the United States, and because DCCA had no oversight and it was acting with impunity and misusing its immunity.  Yes, the Plaintiff sued each member of the DCCA Committee on Unauthorized Practice of Law and each of their law firms because they were breaking the law, and the Plaintiff was without any reasonable relief.  The matter is now before the United States Congress, the FBI and the Attorney General of the United States.  The Plaintiff's right to practice law before administrative agencies is clearly established.   **See Virginia UPL, UPR 9-102** provides:

"Unauthorized Practice of Law (UPL): Law related services provided by nonlawyer professional service entitles, *Indeed, a state bar cannot restrict or interfere with practice*

*rights conferred under federal law.* ***See Sperry v. Florida,*** **373 U.S. 379 (1963).  At fn. 5,**

**Va. UPR 9-102** provides: "A partial list of some federal agencies allowing "qualified

representatives" (nonlawyers) to act on behalf of a party before that agency includes:

   a. **Department of Treasury, internal Revenue Service and Tax Court – 31 U.S.C. § 330; 5 U.S.C. § 500; 31 C.F.R. § 10.33; IRC § 7452 and Tax Court Rule of Practice and Procedure 200**
   b. **Immigration and Naturalization Service – 8 C.F.R. § 3.1(d)(3)**
   c. **Department of Energy – 10 C.F.R. § 205.3**
   d. **Social Security Administration – 20 C.F.R. § 416.1400**
   e. **Drug Enforcement Agency – 21 C.F.R. § 1316.5-**
   f. **National Labor Relations Board – 29 C.F.R. § 102.38**
   g. **Equal Employment Opportunity Commission – 29 C.F.R. § 1601.7**
   h. **Health and Human Services – 45 C.F.R. § 205.10 (a)(3)(iii)**

   • A recent Federal Court of Appeals clarified that state laws that attempt to

      regulate practice of law before administrative agencies of the United States are

      preempted. *Id.*

### PLAINTIFF'S AMENDED COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 8(a) and 12(b)(6)

CCE is not entitled to dismissal of the case because the Plaintiff has shown that

there are sets of facts in support of his claim that CCE generated a sham study and

analysis pursuant to its contract with the District of Columbia Government that resulted

in the District of Columbia Administrative Hearing and Establishment Act of 2001.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) will be

granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41,

45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint will be construed in the light

most favorable to the plaintiff, and the plaintiff will have "the benefit of all inferences

that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994)

The Plaintiff has stated sufficient facts to place Defendant Council for Court Excellence (CCE)  to be on notice of what it has to defend.

The Plaintiff's claim against CCE should not be dismissed for failure to state a claim upon which relief can be granted.

The Plaintiff at ¶¶39-41 of the Amd Comp. The Plaintiff allege that Defendant Ferren as Corporation Council violated District of Columbia ethics laws when he facilitated a sole-source contract with Defendant CCE and in return received a quid-pro-quo when he thereafter was elevated to the position of Vice President of CCE, and as a consequence of Defendant Ferren's action in concert with Defendant CCE, the District of Columbia Council enacted legislation that changed the title "Hearing Examiner" to "Administrative Law Judge' when and while the District of Columbia Court of Appeals was prosecuting Plaintiff for using the titles interchangeably, that at all times relevant Judge Ferren was a member of the District of Columbia Court of Appeals (DCCA) where he returned subsequent to facilitating the promulgation of legislation effecting the change in title and requiring a license to practice law as a condition for representing clients before these redesignated hearing examiners, and requiring a license to practice law as a requirement for being hired as an "Administrative Law Judge" formerly "Hearing Examiner."

The Plaintiff allege at ¶¶37 and 39 of the Amdd Comp. that the laws facilitated by Judge Ferren and the CCE are Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 (March 6, 2002,  [OAH] and at ¶40 of the Amdd Comp. the Plaintiff allege

that as a result of the sole-source contract Judge Ferren facilitated to CCE, the D.C. Council promulgated the DC Worker's Compensation Administrative Law Judge Amendment Act of 2000, D.C. Law 13-229 (effective April 13, 2001).

At ¶42 of the Amdd Comp. Plaintiff allege that Garland Pinkston, clerk of the DCCA attended hearings regarding the legislation promoted by CCE when CCE representative was testifying, and when and while the DCCA was prosecuting the Plaintiff for using the titles "Hearing Examiner" and "Administrative Law Judge" interchangeably.

At ¶47 of the Amdd Comp. Plaintiff allege that Defendant CCE **generated a sham analysis, committed fraud and provided a sham statistical analysis of state administrative agencies throughout the United States** in connection with it's sole-source contract with the District of Columbia Government----with the predisposition and predetermination to steer the District of Columbia Council into changing the title "Hearing Examiner" to "Administrative Law Judge" and establishing a central panel…and this fraudulent concealment does not relieve the CCE from authority of this Court."

At ¶48 of the Amdd Comp. The Plaintiff allege the actions of CCE caused the Plaintiff to suffer harm from the inception of its action to the present date, its fraudulent concealment that it was acting as an agent of the District of Columbia Court of Appeals, for purposes of restraining trade and perpetuating the DC Bar monopoly power, and because of the District of Columbia use of OAH to preclude the Plaintiff from making and enforcing contracts.

At ¶47 under "Injunctive Relief" the Plaintiff prays for an injunction against DC government agencies from engaging in legislative activities with the District of Columbia Bar and with the CCE for purposes of facilitating of the promulgation of legislation that require a license to practice law for Hearing Examiners of the District of Columbia to use the title Administrative Law Judge, and for purposes of facilitating the promulgation of legislation that require administrative practitioners to have a license to practice law as a condition for representing parties before administrative agencies of the District of Columbia.

At ¶48 under Injunctive Relief, at 23, the Plaintiff states he stands to suffer irreparable harm and that there is no remedy at law.

## THE COMPLAINT SHOULD NOT BE DISMISSED BASED UPON THE DISTRICT OF COLUMBIA STATUTE OF LIMITATIONS

The complaint should not be dismissed based upon the District of Columbia statute of limitations. The Statute of limitations ought be tolled because of CCE's deceptive and fraudulent conduct which operated to suppress from the Plaintiff the effect of CCE's actions and the actions of the District of Columbia Government connected with the actions of the Honorable Judge John Ferren, whom took a sabbatical from the DCCA, while, at all times relevant, was an associate member of the DCCA, whom took actions to restrain trade, perpetuate the DC Bar's monopoly in the market place, while he was both a candidate for Vice President of CCE, and while he was Vice President of CCE, and while he was Corporation Counsel of the District of Columbia. Moreover, the Plaintiff, during the period April 3, 2004 through April 28, 2006, was incarcerated on alleged misdemeanor contempt counts, for violating DCCA's Order 18 injunction, that precluded Plaintiff from indicating that the titles "Hearing Examiner" and "Administrative Law

Judge" are interchangeable, and for indicating that the Plaintiff traveled nationwide, a

violation of the DCCA's injunction, Order 18, which precluded the Plaintiff from

indicating that the Plaintiff provided nationwide service, although the Plaintiff

represented clients in Okinawa, Japan, and the various states of the United States. The

Courts have tolled the statute of limitations in cases similar to the Plaintiff's

circumstances.  As a consequence of CCE's conduct, and the conduct of the District of

Columbia Government, the Plaintiff was impaired in his ability to know the effect of the

continuing violation of CCE's conduct upon the Plaintiff's rights.  The actions of CCE

and those operating in concert with it, the Corporation Council of the District of

Columbia and others, deprived the Plaintiff of knowledge the Plaintiff needed to enforce

his constitutional rights, and to protect his rights.

### CCE'S MOTION TO DISMISS THE COMPLAINT BASED UPON CCE'S ASSERTION OF THE GOVERNMENT CONTRACTOR DEFENSE AND THE SOVEREIGN CONNECTED WITH BEING A STATE ACTOR

The government contractor defense is an affirmative defense, however, and

defendants have not produced sufficient factual support to justify its application.

In *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10 (D.D.C.2005)

The United States District Court for the District of Columbia denied defendant's claim of

immunity from suit, particularly at the pre-trial stage, opining:

Defendants want me to expand *Boyle* s preemption analysis beyond Koohi s

negligence/product liability context to automatically preempt any claims, including these

intentional tort claims, against contractors performing work they consider to be

combatant activities. This would be the first time that *Boyle* has ever been applied in this

manner. Boyle explicitly declined to address the question of extending federal immunity

to non-government employees, *Boyle*, 487 U.S. at 505 n. 1, 108 S.Ct. 2510, and I will not

extend that immunity here. [FN5] Rather, preemption under [*18] the government

contractor defense is an affirmative defense, with the burden of proof on the defendants.

See *id.* at 513-14, 108 S.Ct. 2510; *Densberger v. United Techs. Corp.*, 297 F.3d 66, 75

(2nd Cir.2002), cert. denied, 537 U.S. 1147, 123 S.Ct. 876, 154 L.Ed.2d 849 (2003);

*Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir.1997).

> -----FN5. Immunity involves not an affirmative defense that may ultimately be
>
> put to the jury, but a decision by the court at an early stage that the defendant is
>
> entitled to freedom from suit in the first place. See *Mitchell v. Forsyth*, 472 U.S.
>
> 511, 523-27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

The *Boyle* Court was very clear that the government contractor defense does

confer sovereign immunity on contractors. *Boyle*, 487 U.S. at 505 n.1. Rather,

their immunity is based on policy considerations and separation of powers,

namely that the courts should not be in the business of reviewing decisions and

design specifications made by the Executive Branch and the military and carried

out by private contractors.

The Boyle Court was primarily concerned about preempting the federal

contracts or federal law with state tort law: Displacement [of state law] will

occur only where, as we have variously described, a "significant conflict" exists

between an identifiable "federal policy or interest and the [operation] of state

law," or the application of state law would "frustrate specific objectives" of federal

legislation.

The *Boyle* Court went on to hold that the government contractor defense does

17

not apply if "the contractor could comply with *both* its contractual obligations and

the state-prescribed duty of care." *Id.* at 509 (emphasis added). One of the

prime reasons that *Boyle* Court applied the government contractor defense is

that the military, part of the Executive Branch, must be able to select military

equipment designs without court interference. This logic does not extend to

situations where the contractors are making decisions on the battlefield.

Subsequent to *Boyle*, the Ninth Circuit Court of Appeals has basically limited

the government contractor defense to the area of design defects. *See United

States ex. rel. Ali v. Danie, Man, Johnson & Mendenhall*, 355 F.3d 1140, 1146

(9th Cir. 2004) (stating that the government contractor defense only "'protects a

government contractor from liability for acts done by him while complying with

government specification during execution of performance of a contract with

United States.'")(quoting *McKay v. Rockwell Int'l Corp.*, 704 F.2d 444, 448 (9th

Cir. 1983)).

## PLAINTIFF HAS STANDING AS AN AGGRIEVED PERSON UNDER ARTICLE III

The Plaintiff is an aggrieved person.  The Plaintiff allege that he suffered harm as

the consequence of CCE's actions.  ¶48 Amdd Comp. "A person is 'aggrieved' when that

person's legal rights have been infringed or denied.  *In re C.T.*, 724 A.2d 590, 595 (D.C.

1999).  If a person has suffered no injury to his legal rights or to some legallly protected

relationship, he has no standing to appeal.  *In re Estate of Jacobson,* 387 A.2d 590, 591

(D.C. 1978).   **** *In re. C.T.*, supra, 724 A.2d at 595, an appeal may be dismissed if

the appellant lacks standing as an aggrieved party.  (citing from **In re Estate of Daniel B.

Delaney,** No. 97-PR-1217, *Edna J. Valentine v. Lawrence M. Elliott*, Nos. 98-PR-934,

98-PR-1104, 98-PR-1771, 99-PR-531, 99-PR-1392 & 99-PR-1619; Nos. 00-PR-71, 00-PR-768 & 00-PR-808

The District of Columbia District Court has opined In order to have standing, a litigant must have suffered a concrete and particularized injury in fact, which is fairly traceable to the defendant's conduct and will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiffs in this case clearly present such an injury.

The Plaintiff has practice administrative law before administrative agencies of the District of Columbia, the United States, the State of Virginia, and the various states of the United States from 1975 through April 8, 2004, periodically, when not interrupted by the anticompetitive-business busting activities of the District of Columbia Court of Appeals (DCCA) and its employees, agents and assigns.  The Plaintiff was certified by the District of Columbia Government as "Simon Banks Associates Administrative Law Judge & Hearing Examiners."

The District Courts have opined, that Plaintiffs may bring suit when they are competitively disadvantaged by government action." *Buchanan v. FEC*, 112 F.Supp.2d 58 (D.D.C. 2000)(internal citations omitted)

The CCE and the DCCA took actions to deprive the Plaintiff of his competitive advantage, when it conspired to enact legislation, and engaged in legislative activities to require a license to practice law as a condition for using the title "Administrative Law Judge", and when it enacted legislation that required a license to practice law before administrative agencies of the District of Columbia.

Candidates can bring suit when they loose a competitive advantage, *Women Voters Educ. Fund*, 882 F.2d 621, 626 (2d Cir 1989 ("*Fulani* I");. *c.f. Fulani v. Brady*, 953 F.2d 1324, 1327 (D.C. Cir. 1991) *Becker v. FEC*, 230 F.3d 381, 386 (2000)

"Thus an injury to a candidate's competitive advantage provides the concrete, direct, and personal stake necessary to confer standing, as this court itself acknowledged in its Order of May 3, 2002, granting the Motion to Intervene of the Defendant-Intervenors. *See* Order of May 3, 2002, at 7, citing *Buchanan*, 112 F.Supp.2d at 65, and *Vote Choice*, 4 F.3d at 37. A financial disadvantage to a candidate clearly constitutes this type of competitive injury, as recognized by *Int'l. Assn. of Machinists v. FEC*, 678 F.2d 1092, 1098 (D.C. Cir. 198.

"The standing of voters, as well as candidates, to challenge exclusionary electoral barriers is also affirmed by *Baker v. Carr*, 369 U.S. 186 (1962), and successor cases granting standing to voters who suffer a debasement of their vote due to legislative apportionment. *See Baker*; *Wesberry v. Sanders*, 376 U.S. 1 (1963); *Gray v. Sanders*, 372 U.S. 368 (1963); *Reynolds v. Sims*, 377 U.S. 533 (1964). Like the plaintiffs in these cases, plaintiffs here are free to vote and to seek office, but their "influence on the political process as a whole" is impaired. *Davis v. Bandemer*, 478 U.S. 109, 132 (1986). "The right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds*, 377 U.S. at 555. (**Citing from Victoria Jackson Gray Adam** v. **The FEC**, Civil Action No. 02-cv-877-KLH-CKK-RJL

**THE DCCA CANNOT SET STANDARDS OR LICENSING REQUIREMENTS**

**FOR THE PRACTICE OF LAW BEFORE ADMINISTRATIVE AGENCIES OF THE UNITED STATES**

The United States Court of Appeals for the Federal Circuit have opined that states cannot set licensing requirements for practice of law before administrative agencies of the United States without permission from the United States Congress.  See *Cassandra A. Augustine v. Department of Veterans Affairs, Slip Op.* 04-3162.  See also, *Sperry v. State of Fla*. 373 U.S. 379 (1963)

Pro se complaints should be liberally construed.  *Conley v. Gibson,* 355 U.S. 41 (1957).

**WHEREFORE**, Plaintiff pray that this Honorable Court deny the motion of Council for Court Excellence to dismiss the complaint.

_____/s/_____
Simon Banks