BEFORE THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 08-00215 RCL |
| ) | |
| HON. NOEL ANKETELL KRAMER ) | |
| Et al ) | |
| ) | |
| Defendants ) | June 29, 2008 |

**PLAINTIFF'S SUPPLEMENT TO PLAINTIFF'S SURREPLY TO COUNCIL FOR COURT EXCELLENCE REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Comes now Plaintiff and submit Plaintiff's Supplement to Plaintiff's Surreply to Council for Court Excellence Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint with prejudice, and submit the following

Plaintiff incorporate by reference Plaintiff's Memorandum of Law in Support of Plaintiff's Supplement to Plaintiff's Surreply to Council for Court Excellence Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
drsbanks@msn.com

BEFORE THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 08-00215 RCL |
| ) | |
| HON. NOEL ANKETELL KRAMER ) | |
| Et al ) | |
| ) | |
|     Defendants ) | June 29, 2008 |

**PLAINTIFF'S SUPPLEMENT TO PLAINTIFF'S SURREPLY TO COUNCIL
FOR COURT EXCELLENCE REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

    Comes now Plaintiff and submit Plaintiff's Supplement to Plaintiff's Surreply to Council for Court Excellence Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint with prejudice, and submit the following

    Plaintiff incorporate by reference Plaintiff's Memorandum of Law in Support of Plaintiff's Supplement to Plaintiff's Surreply to Council for Court Excellence Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
571 970 8327
drsbanks@msn.com

2

## TABLE OF AUTHORITIES

*Bennett v. Spear*, 520 U.S. 156, 162, 117 S.Ct. 1154, 1161. 137:/ Ed.2d 281 (1997) ) citations omitted). ............................................................................................................. 4
Clarke v Sec. Indus. Ass'n, 479 U.S. 388, 107 S.Ct. 750, 757, 93 L. Ed.2d 757 (1987).... 4
*Colbert v. Georgetown Univ.*, 641 A.2d 469, 472-73 9D.C. 1994))................................. 6
*DeBonaventura v. Nationwide Mut. Ins. Co.*, 419 A.2d 942, 947 (Del. Ch. 1980))........... 9
*Diamond v. Davis*, 680 A.2d 364, 372 (D.C. 199) ............................................................ 6
*East v. Graphic Arts Indus. Joint Pension Trust,* 718 A.2d 153, 157 (D.C. 1998).   6
*EMC Corp.* 10 *v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996)............ 10
*Erwin Chemerinsky, Federal Jurisdiction 60 (3d ed. 1999).* .............................................. 3
*Estate of Colucci*, 492 A.2d 155 (Pa. Super. Ct. 1985) .................................................... 5
*In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996)....................................... 9
*Kropinski v. World Plan Executive Council-US*, 272 U.S. App. D.C. 17, 19, 853 F.2d 948, 955 (1988)........................................................................................................... 5
*Leatherman*, 507 U.S. at 168 ............................................................................................ 9
*Lynch v. Ford Inc. v. Ford Motor Co., Inc*., 957 F.Supp. 142, 146 (N.D.Ill.1997)............ 8
*Mudd v. White*, 309 F.3d 819, 823 (D.C. Cir. 2002)......................................................... 3
*Mudd*, 309 F.3d at 823. .................................................................................................... 4
*Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 299 (D.C. 2001)( ...................... 6
*Oil v. Flanagan*, 263 U.S. 444 (1924) ............................................................................. 7
*Padgett v Estate of Padgett*, 32 So. 2d 484 (Fla. Dist. Ct. App. 1st Dist.  1975) ............... 5
*Ray v. Queen*, 747 A.2d 1137, 1142 (D.C. 2000) ............................................................ 6
Rule 9(b) ......................................................................................................................... 10
*Scheduling Corp. of Am. v. Massello*, 456 N.E.2d 298, 303 (Ill. App. Ct. 1983).............. 7
*Wiekhorst Bros. Excavating & Equipment Co. v. Ludewig*, 519 N.W.2d 33, 39 (Neb. 1995). ............................................................................................................................ 8

**Constitution:**

"Article III (case or controversy) ...................................................................................."3,4

**Federal Rules**

**5 CHARLES ALAN WRIGHT &** .................................................................................. 9
**5 WRIGHT & MILLER § 1296**.................................................................................. 10

## STANDING

The Plaintiff has standing to sue CCE. "Article III (case or controversy)" and "prudential." See *Mudd v. White*, 309 F.3d 819, 823 (D.C. Cir. 2002) (explaining the separate categories of constitutional and prudential requirements). Prudential standing; unlike Article III standing, is "based not on the Constitution, but instead on prudent judicial administration." Erwin Chemerinsky, Federal Jurisdiction 60 (3d ed. 1999).

In Mudd, the court held, "we recently explained the differences between these standing doctrines: [Article III standing], which is jurisdictional and cannot be modified by Congress, entails three requirements:

First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of -the injury has to be "fairly....trace[able] to the challenged action of the defendant, and not...th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Prudential standing "denies a right of review if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." Clarke v Sec. Indus. Ass'n, 479 U.S. 388, 107 S.Ct. 750, 757, 93 L. Ed.2d 757 (1987). The Court has amplified the doctrine, as follows:

3

In addition to the immutable requirements of Article III, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." Like their constitutional counterparts, these "judicially self-imposed limits on the exercise of federal jurisdiction" are "founded in concern about the proper-and properly limited-role of the courts in a democratic society"; but unlike their constitutional counterparts, they can be modified or abrogated by Congress. Numbered among these prudential requirements is the doctrine of particular concern in this case: that a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit. *Bennett v. Spear*, 520 U.S. 156, 162, 117 S.Ct. 1154, 1161. 137:/ Ed.2d 281 (1997) ) citations omitted). *Mudd*, 309 F.3d at 823.

### THE COMPLAINT SHOULD NOT BE DISMISS BASED UPON THE STATUTE OF LIMITATIONS MUST BE TOLLED BECAUSE OF CCE'S FRAUD

The Plaintiff has alleged in the amended complaint that CCE committed fraud in connection with its sole-source contract with the District of Columbia Government, when it generated a sham study, it was predisposed to generate, designed to exclude non-attorneys from practicing law in the administrative law marketplace and from being employed or continuing to be employed with the District of Columbia Government as "administrative law judges."

Not all of the administrative agencies which were reassigned to the Central Panel, Office of Administrative Hearings (OAH) were designated to be reassigned to the Central Panel until some time subsequent to the establishment and enactment of the legislation, Office of Administrative Hearings Establishment Act of 2001. One of the belated

4

agencies that became a part of OAH is the Department of Employment Services, (DOES) where unemployment appeals were heard.  The Plaintiff did not discover this event until August-September, 2006.  (Plaintiff was not released from the D.C. Jail on the contempt charges until April 28, 2006.)  This agency, DOES

     The courts have allowed the use of the discovery rule for claims of intrinsic fraud brought after the statutory time limit for contesting a will.  See, e.g., *Padgett v Estate of Padgett*, 32 So. 2d 484 (Fla. Dist. Ct. App. 1st Dist.  1975); *Estate of Colucci*, 492 A.2d 155 (Pa. Super. Ct. 1985)  See also, *Kropinski v. World Plan Executive Council-US*, 272 U.S. App. D.C. 17, 19, 853 F.2d 948, 955 (1988). *Diamond v. Davis*, 680 A.2d 364, 372 (D.C. 199).  **"[I]n a fraud case, the statute of limitations will not begin running until the date the fraud is discovered, or reasonably should have been.");** *Mullin v. Washington Free Weekly, Inc*., 785 A.2d 296, 299 (D.C. 2001)(*citing Colbert v. Georgetown Univ*., 641 A.2d 469, 472-73 9D.C. 1994))("the statute of limitations will not run until plaintiffs know or reasonably should have know that they suffered injury due to the defendants' wrongdoing")  ..."the focus of the rule is on when [the plaintiff] gained general knowledge [that she had been injured], not when she learned of the precise legal remedies [for the injury*]. East v. Graphic Arts Indus. Joint Pension Trust,* 718 A.2d 153, 157 (D.C. 1998).  See also *Ray v. Queen*, 747 A.2d 1137, 1142 (D.C. 2000)

**THE ACTIONS OF CCE IN COLLABORATION WITH
JOHN FERREN AND KATHY PATTERSON, ITS TWO
BOARD OF DIRECTOR MEMBERS VIOLATED THE PLAINTIFF'S
CONSTITUTIONAL RIGHTS UNDER THE CONTRACT CLAUSE OF
THE UNITED STATES CONSTITUTION**

5

Violated Plaintiff's constitutional rights under the Contract Clause of the Constitution when CCE conspired with Judge John Ferren and Kathy Patterson, and the DCCA to facilitate the enactment of laws that require a license to practice law before to represent parties before administrative agencies of the District of Columbia for purposes of perpetuating the DC Bar's monopoly in the administrative law market place. U.S. Const. Art. 1 10, cl. 1. The Contract Clause applies not to court decisions, but only to state legislation that impairs contract rights. *Title Oil v. Flanagan*, 263 U.S. 444 (1924)

### CCE, JOHN FERREN, AND THE DISTRICT OF COLUMBIA CONSPIRED TO ENACT LEGISLATION THAT INTERFERRED WITH THE PLAINTIFF'S FUTURE CONTRACTUAL RELATIONS AND PROSPECTIVE BUSINESS ADVANTAGES

The legislation that CCE helped John Ferren, kathy Patterson and others facilitate and enact, the Office of Administrative Hearings Establishment Act, [OAHEA] was intentionally designed to interfere with the Plaintiff's prospective business advantages and contractual relations, in violation of the Plaintiff's right to make and enforce contracts in the District of Columbia before administrative agencies of the District of Columbia. See *Scheduling Corp. of Am. v. Massello*, 456 N.E.2d 298, 303 (Ill. App. Ct. 1983).

At the time of and prior to the District of Columbia enacting the OAHEA, CCE knew and had reason to know that the Plaintiff practiced law before administrative agencies and that administrative agencies of the District of Columbia were a part of Plaintiff's marketplace. **See Exhibits attached to CCE's Reply to Plaintiff's Opposition to CCE's motion to dismiss.** (which sets forth excerpts of the Plaintiff's testimony before the District of Columbia City Council hearing considering whether to enact legislation that would establish a central panel.

6

CCE also knew and had reason to know through Judge John Ferren who facilitated the sole-source contract that is the subject of these proceedings, that administrative agencies of the District of Columbia were the Plaintiff's marketplace.

The CCE knew and had reason to know, directly and indirectly *Id.* that the Plaintiff had a reasonable expectancy of entering into valid relationships with clients and prospective clients, for representation before administrative agencies in contested cases involving violation of contract rights, employment rights, collective-bargaining rights, rights employees have pursuant to workmen's compensation and unemployment laws. plaintiff must show (1) a reasonable expectancy of entering into a valid business relationship;  the actions of CCE were intentional and unjustified.  Defendant CCE knew that as a result of its conduct the Plaintiff would be harmed with respect to Plaintiff's ability to represent clients and make and enforce contracts before the administrative agencies that are part of the Office of Administrative Hearings. See *Lynch v. Ford Inc. v. Ford Motor Co., Inc*., 957 F.Supp. 142, 146 (N.D.Ill.1997).  *Lync*h, 957 F.Supp. at 146 (citing *Schuler v. Abbott Lab*., 265 Ill.App.3d 991 (1993)).  See  *Wiekhorst Bros. Excavating & Equipment Co. v. Ludewig*, 519 N.W.2d 33, 39 (Neb. 1995).

The Plaintiff had the privilege of being able to compete or protect his business interests in a fair and lawful manner.' *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A2d 1151, 1153 (Del. 1981) (quoting *DeBonaventura v. Nationwide Mut. Ins. Co.*, 419 A.2d 942, 947 (Del. Ch. 1980)) (citations omitted).

The court must assess the Plaintiff's probability of being able to contract with prospective clients in 2001.  The court has held  "the probability of the business

opportunity must be assessed at the time of the alleged interference." *Malpiede v. Towson*, 780 A.2d 1075, 1099 (Del. 2001).

### THE COURT SHOULD NOT DISMISS THE CASE BECAUSE RULE 8 REQUIRES LIBERAL PLEADING OF A SHORT AND PLAIN STATEMENT OF THE CLAIM

The liberal pleading standard of Rule 8, which requires only a "short and plain" statement of a claim or defense. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (citing cases); *see generally Leatherman*, 507 U.S. at 168 (holding that federal courts may not impose a more demanding standard of pleading beyond "the liberal system of 'notice pleading' set up by the Federal Rules"); **5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER FEDERAL PRACTICE AND PROCEDURE § 1281, at 520-21 (1990)**

Moreover, CCE's motion to dismiss, its reply to Plaintiff's opposition to CCE's motion to dismiss and CCE's affirmative defense, satisfies the pleading requirements of Rule 9. And it discloses the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *EMC Corp.* 10 *v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996). It suffices "to apprise the other party of what is being alleged in a manner sufficient to permit responsive pleadings" as Rule 9 requires**. 5 WRIGHT & MILLER § 1296 (1990).**

**WHEREFORE**, for the foregoing reasons, the complaint against CCE ought not be dismissed.

----------------/s/-------------------------------
Dr. Simon Banks, J.D.
Tele#: 571 970 8437
Email: drsbanks@msn.com

8