## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0215 (RCL) |
| | ) | |
| NOEL ANKETELL KRAMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## DISTRICT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

Pursuant to Fed. R. Civ. Pro. Rules 8(a) and 12(b)(1) and (6), Defendants, the Honorable Noel Anketell Kramer (hereinafter "Judge Kramer"), the Honorable Annice Wagner (hereinafter "Judge Wagner"), the Honorable John Ferren (hereinafter "Judge Ferren"), Garland Pinkston (hereinafter "Pinkston"), the Honorable Peter Nickles (hereinafter "Nickles")[1], the District of Columbia (hereinafter "the District"), and the District of Columbia Office of Administrative Hearings (hereinafter "DCOAH") and the D.C. Court of Appeals (DCCA) (hereinafter collectively "the District Defendants"), by and through undersigned counsel hereby move to dismiss the amended complaint with prejudice.  For the reasons more fully set forth in the accompanying memorandum of points and authorities, the District Defendants request that this honorable Court:

      (1)      Dismiss with prejudice Plaintiff's claims for declaratory judgment;

      (2)      Dismiss with prejudice Plaintiff's claims for injunctive relief;

---

[1]  The Amended Complaint incorrectly spells Nickles' name as "Nickels."  Moreover, the amended complaint incorrectly references Nickles' title as "Attorney General for the District of Columbia."  Nickles is currently the Interim Attorney General for the District of Columbia.

(3)     Dismiss with prejudice Plaintiff's complaint as an "ambiguous, redundant, vague, and in some respects unintelligible,"[2] without further waste of this Court's time or that of the District Defendants.

Pursuant to LCvR 7(m) and due to the fact that this is a dispositive motion, no consent for this motion was sought from opposing *pro se* plaintiff.  An LCvR 9(a) supporting memorandum and an LCvR 7(c) proposed order accompany this motion.

                    Respectfully submitted:

                    PETER NICKLES
                    Interim Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    ELLEN EFROS [250746]
                    Chief, Equity Section I

                    /s/ Denise J. Baker
                    Denise J. Baker
                    D.C. Bar No. 493414
                    Assistant Attorney General
                    441 4th Street, Northwest, 6th Floor South
                    Washington, D.C. 20001
                    202-442-9887 (Telephone)
                    202-727-0431 (Facsimile)
                    Denise.baker@dc.gov

---

[2]  *Sebastian v. Wenzel*, 2004 U.S. Dist. LEXIS 6257 *2 (February 9, 2004)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
DR. SIMON BANKS, J.D.,                  )
                                        )
                Plaintiff,              )
        v.                              )        Civil Action No. 08-0215 (RCL)
                                        )
NOEL ANKETELL KRAMER, et al.,           )
                                        )
                Defendants.             )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT
DEFENDANTS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH
PREJUDICE**

        Pursuant to Fed. R. Civ. Pro. Rules 8(a) and 12(b)(1) and (6), Defendants, the Honorable

Noel Anketell Kramer (hereinafter "Judge Kramer"), the Honorable Annice Wagner (hereinafter

"Judge Wagner"), the Honorable John Ferren (hereinafter "Judge Ferren"), D.C. Court of

Appeals Clerk, Garland Pinkston (hereinafter "Pinkston"), the Honorable Peter Nickles

(hereinafter "Nickles")[3], the District of Columbia (hereinafter "the District"), the District of

Columbia Office of Administrative Hearings (hereinafter "OAH") and the DC Court of Appeals

(DCCA) (hereinafter collectively "the District Defendants"), by and through undersigned

counsel hereby move to dismiss the amended complaint with prejudice.

**I.      INTRODUCTION**

        The amended complaint that is the subject of this motion appears to be nothing more than

a desperate retaliatory tactic by a person who cannot conceivably meet the qualifications to be an

Administrative Law Judge ("ALJ") or a Hearing Officer.  Thus, plaintiff seeks to impugn the

---

[3]   The Amended Complaint incorrectly spells Nickles' name as "Nickels."  Moreover, the amended complaint
incorrectly references Nickles' title as "Attorney General for the District of Columbia."  Nickles is currently the
Interim Attorney General for the District of Columbia.

1

character of D.C. Superior Court and Appeals Court Judges, the Interim Attorney General for the

District of Columbia, and the Clerk of the D.C. Court of Appeals because, on various occasions,

Plaintiff has been detained and convicted of misrepresentation,[4] and then convicted and

imprisoned for violating four (4) misdemeanor contempt orders issued by the D.C. Superior

Court. *See Banks v. United States*, 926 A.2d 158 (D.C. 2007) (affirming conviction of criminal

contempt), as well as a similar conviction by a jury in Alexandria, Virginia.[5]  Only Plaintiff's

failure to attain a law license measured against the combined successes of the individual District

Defendants in the legal field could explain his vitriolic attacks and specious amended complaint.

Plaintiff's incurable and legally defective complaint unfortunately subjects these public

officials to harassment.  The facts, however, when the fiction spun by Plaintiff is striped away,

demonstrate that (1) plaintiff, a law school graduate and former hearing officer, was convicted

for illegally practicing law, and (2) he could not, or did not pass the D.C. bar examination, or any

other state bar examination, sufficient to keep his judicial hearing officer employment.  This

lawsuit, among many, brought by this disgruntled law school graduate is purely and simply

retaliation against those whose *bona fides* in the law are otherwise unblemished—unlike his.

Plaintiff asks this federal court to declare that the D.C. courts and government must lower

their standards to permit unlicensed and unqualified individuals to adjudicate administrative

---

[4] Banks was jailed for misrepresenting himself to clients as a former administrative law judge on May 8, 1996 when D.C. Superior Court Judge Richard A. Levie found him in criminal contempt of court for violating orders barring Banks from making the claim about his background.  Judge Levie sentenced Banks to six months in jail, but later suspended the time and gave him five years of probation, and ordered Banks to stop claiming experience as a judge. Washington Post, Bill Miller, June 6, 1996.

[5] After a five-day trial, Simon Banks, a hearing examiner who has a long history of misrepresenting himself as a lawyer, was found guilty of three felony counts of larceny by false pretense and one misdemeanor count of unauthorized practice of law by a jury in Alexandria Virginia, arising out of Banks' misrepresentation of his legal credentials and taking money from unwitting clients.  After the verdict, the jury deliberated for four hours before recommending that Banks, 65, be incarcerated for six months and pay $7,000 in fines. Washington Post, December 11, 2004, Elaine Rivera

hearings within the District government.  (FAC ¶ 46). Plaintiff asks that this Court declare invalid legislation promulgated by the D.C. government to increase accountability and provide enhanced standards for administrative agency determinations by concomitantly increasing the standards for hearing officers.  (*Id.*)

In early 2001, Mayor Williams and Council member Kathy Patterson introduced legislation to create a permanent independent Office of Administrative Hearings ("OAH") that would build upon the reforms piloted by OAH in areas such as case management, decision quality, information technology, and appointment reform. The final bill -- known as the Office of Administrative Hearings Establishment Act (hereinafter "the Act")-- passed the Council unanimously and became effective as DC Law 14-76 on March 6, 2002. The Act creates a comprehensive statutory structure that institutionalizes and expands OAH's administrative adjudication reforms.[6]  Plaintiff raises no legal basis, and there is none, to declare this Act invalid facially, or as applied.

Banks cannot achieve the higher standard for adjudicating agency administrative actions set by the Council and the Mayor under the Act; thus, he attacks several judges, whom he asserts lied during testimony, suborned perjury, and impugned Plaintiff's character.  (Am. Compl. ¶¶ 30-35, 39-45).  Plaintiff attacks the Clerk of Court for attending a court hearing, (*Id*. at 42) forgetting, it appears, that the Clerk of Court may attend hearings as part of his job managing and administering court matters.  Lastly, Plaintiff attacks the current Interim Attorney General for the District, who was not appointed until 2008, as well as a former Corporation Counsel (Judge Ferren) for facilitating a 1999 sole-source contract intended to improve the administrative hearing processes.  (*Id*. at 39-41 and 43-45 respectively).

---

[6] Office of Adjudication and Hearings, http://app.doh.dc.gov/about/index_adj.shtm___June 13, 2008.

As more fully discussed below, Plaintiff's claims must be dismissed with prejudice on the grounds that:

1. Plaintiff lacks standing to bring any claim against the District Defendants;

2. Plaintiff's claims are barred by the applicable statute of limitations, D.C. Official Code §12-301(8);

3. D.C. Council's legislative enactment, D.C. Law 14-76, aimed at improving the quality of administrative law judges ("ALJs"), is presumed to be constitutional, and plaintiff cannot meet his burden for declaring its invalidity, D.C. Code § 2-1831.08;

4. Judge Kramer's testimony before Congress is absolutely privileged and/or alternatively not defamatory;

5. Plaintiff lacks standing and privity of contract to sustain his burden on claims that Judge Ferren facilitated a sole-source contract;

6. Plaintiff's claims against individual District Defendants named in their official capacities are redundant;

7. All District Defendants named in their individual capacities are shielded from liability by qualified immunity;

8. Plaintiff's claims against the District of Columbia government are barred by the discretionary function; and,

9. Plaintiff, claiming solely economic injury, cannot make a threshold showing of irreparable harm to adequately sustain his claim for injunctive relief.

4

## II.    LEGAL STANDARD

### A.  Federal Rules of Civil Procedure 12 (b) (1) Pleading Requirements

On a motion to dismiss pursuant to Rule 12 (b) (1), the plaintiff bears the burden of establishing that the court has jurisdiction.  *Dist. of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  A court must dismiss a case when it lacks subject matter jurisdiction.  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact.  *Settles v. U.S. Parole Comm'n*, 429 F. 3d 1098, 1106 (D.C. Cir. 2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Environmental Port. Agency,* 121 F. Supp. 2d 84, 90 (D.D.C. 2000). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   In addressing a motion to dismiss pursuant to Rule 12 (b) (1), the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F. 3d 193, 198 (D.C. Cir. 2003).

### B.  Federal Rules of Civil Procedure 12 (b) (6) Pleading Requirements

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); see also I*n re Sealed Case,* 494 F 3d 139, 145 (D.C. Cir 2007) (citing *Twombly*). Hence, the focus is on the language

in the amended complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claim for relief. The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F 3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Comme'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowa*l, 16 F.3d at 1276. Moreover, the Court need not, "accept legal conclusions cast in the form of factual allegations." *Id*. If, after reviewing the complaint, the Court finds that the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face," the Court must dismiss the complaint. *Id.*

## III.     LEGAL ARGUMENT

### 1.     THIS COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFF FAILS TO STATE A CONSTITUTIONAL CLAIM

Behind the façade of constitutional claims, Banks' claims are nothing more than a thinly veiled attempt at negotiating past and future employment for himself. In short, Plaintiff wants to be able to represent clients without a license to practice law.  (FAC ¶ 46).  He also wants a declaration that any requirement that he be licensed to practice law in order to hold an ALJ position is *ultra vires*.  (FAC ¶ 29). The discussion below demonstrates the absence of any supportable constitutional guarantee of employment for Plaintiff, and concomitantly, the District's right and duty to regulate the practice of law.

Plaintiff seeks this Court's jurisdiction based upon 28 U.S.C. §§ 1343, 1331, and 1983. No federal questions arise from the face of the amended complaint that warrant this Court's jurisdiction, notwithstanding Plaintiff's diligent efforts to sprinkle referenced to "civil rights" and "§ 1983" judiciously through the amended complaint's text.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of §1331, a case "aris[es] under" federal law only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). It is the "well-pleaded" statutory standard, as well as any "right or immunity created by the Constitution or laws" that are missing from this vacuous amended complaint.

Banks apparently bases his claim of a constitution violation in the Fifth Amendment since the Fourteen Amendment does not apply to the District of Columbia. *See, McManus v. District of Columbia,* 530 F. Supp. 2d 46, 70 (D.D.C. 2007) (citing *Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954). The Fifth Amendment of the United States Constitution may preclude the government from depriving citizens of their property interests without due process of law. U.S. Const. Art. v. It is well established that in some instances an individual's "employment with a state or local government constitutes a property interest." *Hoey v. District of Columbia*, 540 F. Supp. 218, 228 (D.D.C. 2008) (citations omitted).

However, a "property interest" in government employment does not arise from the Fifth or Fourteenth Amendments of the U.S. Constitution itself, but from "independent source[s] such as state law. . .." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Banks' amended complaint fails to allege any D.C. law or regulation that creates an independent source for his underlying claim of entitlement or reinstatement as a hearing officer or ALJ, or to represent

clients before an administrative agency in the District.  No facts are alleged that indicate, and there is no basis in the law to find, that Plaintiff had a protected property interest in continued employment as a Hearing Officer.  The amended complaint also fails to indicate his constitutional right to promotion or transfer to the position of Administrative Law Judge. Similarly, the amended complaint states no constitutional right to represent clients before the D.C. Office of Administrative Hearings ("OAH"), given that Plaintiff is unlicensed and was formerly convicted for misrepresentation and the unauthorized practice of law.

Banks' amended complaint also fails to distinguish whether he believes that his procedural due process rights or his substantive due process rights were abridged by the District Defendants such that warrant this Court to grant the declaratory and injunctive relief requested. District Defendants believe that Plaintiff fails to sustain his action in either event.

In substantive due process cases, courts require, "a careful description of the asserted fundamental liberty interests," *Hoey*, supra at 71 (citations omitted), and courts have consistently held that "there is no fundamental right to government employment," *Id., citing United Bldg. & Constr. Trades Council v. Mayor & Council of City of Camden,* 465 U.S. 208, 219 (1984).   For this Court to declare wrongdoing by the District Defendants, this Court must be presented with sufficient facts underpinning Banks' termination, discharge, severance or loss of employment. There are no allegations in the amended complaint as to what process was due Plaintiff and, concomitantly, what process was denied.  In fact, the amended complaint is bereft of any facts regarding how or why Plaintiff left the hearing officer position, whether he applied for the ALJ position, whether he tried or took a bar examination, whether he received any procedural process, severance pay, notice of termination, or whether he was even terminated.

Moreover, Plaintiff's substantive constitutional claim, if that is what he is alleging, fails because he has failed to show this Court that the District Defendants' conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Butera v. District of Columbia*, 235 F. 3d 637, 651 (D.C. Cir. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).   The amended complaint fails to meet this very stringent requirement for pleading a substantive due process claim.

Plaintiff can neither show a valid substantive due process claim nor a procedural due process claim under the Fifth Amendment.  Again, Plaintiff does not plead that he was fired or terminated, and this Court should not assume that fact in the absence of adequate pleading pursuant to Fed. R. Civ. Pro 8(a).  Additionally, Plaintiff fails to assert any procedures that may have been defective or flouted by the District Defendants such that this Court should declare Banks' reinstatement.  Plaintiff also fails to advise this Court of the applicable D.C. law that permitted his hearing officer job in the first instance, and whether that law provided due process rights of which he was deprived.  In fact, Plaintiff does not actually identify the process of which he was due or allegedly deprived.  "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process clause of the Fifth or Fourteenth Amendment." *Mathews v Eldridge*, 424 U.S. 319, 323 (1976).

Succinctly, Plaintiff fails to allege facts that establish an actual property interest in continued public employment through a statutory or constitutional guarantee.  He also fails to allege that he was terminated without due process.  Plaintiff fails to allege acts or omissions by the District Defendants, individually or collectively, that deprived him of liberty or a property

interest that was so egregious that it warrants a finding of, "grave unfairness in the discharge of their legal responsibilities." *Silverman v. Barry*, 845 F. 2d 1072, 1080 (D.C. Cir. 1988).

Moreover, Plaintiff fails to apprise this Court that the Act of which he complains provided him with continued employment had he been qualified for such appointment. The Act provides that, "[a]n individual occupying a position as a hearing officer in an agency at the time the agency becomes subject to this chapter is eligible to be appointed as an Administrative Law Judge in the Office; provided, that he or she satisfies all the requirements for appointment as an Administrative Law Judge specified in chapter and in the rules promulgated pursuant to this chapter." D.C. Official Code § 2-1831.08(e). The amended complaint alleges that Plaintiff was a hearing officer at the time that the Act was passed. Plaintiff did not, could not, and does not even now allege in the amended complaint that he met the standards for an ALJ.

Moreover, the Act provides additional protection for former hearing officers by stating that, "[n]o hearing officer shall be required to accept an appointment as an Administrative Law Judge pursuant to subsection (e) of this section. Any hearing officer who is not appointed or is ineligible to be appointed as an Administrative Law Judge shall be reassigned, without reduction in grade or step, to another position in another agency." *Id*. at subsection (f). Thus, it begs the question why Plaintiff did not avail himself of this statutory job protection. Had he done so, he could still be employed in a reassigned position within the District government at least at his same grade and pay.

Plaintiff should not be permitted to impugn governmental employees in an effort to regain employment where, as here, he asserts no valid constitutional or statutory right to the underlying employment in the first instance.

### 2.     DECLARATORY RELIEF IS UNAVAILABLE TO REMEDY PLAINTIFF'S ALLEGED PAST INJURIES

Plaintiff is not entitled to the requested laundry list of declaratory relief in his efforts to be reinstated as a hearing officer, be declared eligible to the ALJ position, or be permitted to represent clients before a D.C. administrative agency in the absence of statutory and regulatory qualifications, such as a license to practice law.  Plaintiff's request for declaratory relief encompasses paragraphs 25-30; 32-35; and 38-45 of the amended complaint.  But all such paragraphs request a declaration for alleged **past** harms.   The applicable law, however, prevents Plaintiff's success on allegations of past harm.

The Supreme Court has limited suits for declaratory relief only to those which present a live controversy justiciable under Article III of the Constitution. *See MedImmune, Inc. v. Genentech, Inc.,* ---U.S. ----, 127 S. Ct. 764, 771 (2007) (declaratory judgment); *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (injunctive relief). An actual, justiciable controversy must exist not just at the moment that the suit is initiated, but also at the time that the party's entitlement to the requested relief is decided. *See Golden v. Zwickler,* 394 U.S. 103, 108 (1969). A past injury, without more, cannot form the basis for declaratory relief.  *Haase v. Sessions,* 835 F.2d 902, 911 (D.C. Cir.1987) (equating case-or-controversy requirement for declaratory judgment with one applicable to request for injunctive relief); *see also, Green v. Mansour,* 474 U.S. 64, 74  (1985) (rejecting the view that "declaratory judgments expressly adjudicating the question of past violations are routinely available").

Hence, to obtain declaratory, "relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bolger v. District of Columbia*, 510 F. Supp. 2d 86, 92 (D.D.C. 2007) (citing *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003)). The D.C. Circuit has further clarified that a party pursuing an

11

injunction or a declaratory judgment "must allege a likelihood of future violations of their rights by [the defendant], not simply future *effects* from past violations." *Id*. (citing *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp.,* 28 F.3d 1268, 1273 (D.C. Cir. 1994).

Even assuming that Plaintiff's allegations are true, Plaintiff has established only that he was the victim of past wrongs. Plaintiff cannot rely exclusively on "future *effects* from [these] past violations" as a basis for obtaining declaratory relief. *See Fair Employment Council,* 28 F.3d at 1273. Rather, Plaintiff can only secure declaratory relief for alleged past injuries by, "demonstrat[ing] either continuing harm or a real and immediate threat of repeated injury in the future." *See Bauer,* 341 F.3d at 358; *see also Vanover v. Hantman,* 77 F.Supp. 2d 91, 100 (D.D.C. 1999) ("[A] declaratory judgment is appropriate to declare the rights between the parties only where there is 'a very significant possibility of future harm; it is insufficient ... to demonstrate only a past injury.'") (citations omitted). Plaintiff fails to allege future harm or a real and immediate threat of repeated injury in the future arising from any of the District Defendants' actions. Plaintiff's five year delay in asserting alleged injury should, likewise, bar relief, and demonstrates the lack of real or immediate future harm.

### 3.    PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff filed his complaint on February 7, 2008 and this amended complaint on April 30, 2008, alleging constitutional violations pursuant to 42 U.S.C. §§ 1343 and 1983. Plaintiff's only palpable constitutional claim pertains to his loss of employment as a result of the March 6, 2002 D.C. Council approval of the D.C. Administrative Hearing Establishment Act of 2002, D.C. Law 14-76. The claims asserted must be dismissed because the Plaintiff failed to file his claim until five (5) years after the D.C. Council promulgated the Hearing Establishment Act.

Plaintiff's 42 U.S.C. §§ 1343 and 1983 claims for deprivation of civil rights are barred by the statute of limitations. According to the U.S. Supreme Court, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). In the District of Columbia, the residual limitation on actions for personal injury is three (3) years. D.C. Official Code 12-301(8).

If a plaintiff fails to file his constitutional claims complaint within the three-year period, the plaintiff's case must be dismissed. According to the D.C. Court of Appeals, "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [the] lawsuit.'" *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002) (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977)). Moreover, a plaintiff does not have, "*carte blanche* to defer legal action indefinitely if [he] knows or should know that [he] may have suffered injury and that the defendant may have caused her harm." *Hendell v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997).

Here, Plaintiff brings a lawsuit regarding change in his employment status, which he reasonably may be presumed to have notice of on the date of statutory enactment or his termination or discharge. He had ample opportunity to timely complain of the statute's effect on his livelihood, but failed to do so. Likewise, he had an opportunity to raise all the remaining issues within the statutory period, but failed to do so. Plaintiff's claims are time-barred and must be dismissed.

### 4.    PLAINTIFF LACKS STANDING TO BRING THIS ACTION

The relevant inquiry when the issue of a plaintiff's standing is raised is "whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to

be redressed by a favorable decision." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41 (1976). Further, in order to demonstrate injury in fact, a plaintiff must show that he has suffered a "distinct and palpable injury that is fairly traceable to defendant's challenged action." *Valley Force Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 487 (1982). In analyzing the elements of injury in fact and redressability, this Circuit has explained,

> [t]he fairly traceable causation inquiry is directed toward the connection between the injury and the defendant's actions. The redressability inquiry, on the other hand, focuses on the connection between the injury and the action requested of the court. The fairly traceable causation requirement is therefore generally based on past or present occurrences (the effect of the defendant's actions), while the redressability requirement is based on future probabilities (the effect of the court's decision). Of course, there is a correlation between the two elements. As the connection between the alleged injury and the defendant's actions becomes more direct, the likelihood that requiring the defendant to change his behavior will redress that injury increases.

*Community Nutrition Institute v. Block,* 698 F.2d 1239, 1245 (D.C. Cir. 1983)

Plaintiff makes wild claims about testimony given by judges, attendance at court hearings by the Clerk of Court, and the issuance of government contracts under which he has no privity. Mostly, he alleges a change in the law that adversely affected his economic interests and status in the community as a hearing officer. Nothing he alleges, however, amounts to a legally cognizable injury. The District had a right and power to attach conditions to control licensing practices and attach conditions to licenses for the public good. *See Yeiser v. Dysart*, 267 U.S. 540 541 (1925).

Furthermore, the relief sought by Plaintiff will not redress his alleged injuries. Even if the Act is declared void, it does not mean Plaintiff will benefit from the decision. Neither monetary damages nor reinstatement to his position will flow to his benefit.

14

### 5.     OFFICIAL CAPACITY IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST JUDGES KRAMER, WAGNER AND FERREN, DCCA CLERK OF COURT, PINKSTON, AND INTERIM ATTORNEY GENERAL NICKLES

Although Plaintiff purports to sue Judges Kramer, Wagner and Ferren, as well as DCCA Clerk Pinkston in their personal capacities, "nothing in the complaint would support an allegation that any of the individuals acted outside of their official capacities or outside of their official authority," hence the claims should be construed "as if they were brought against the defendants only in their official capacities." *Thomas v. Knight*, 257 F. Supp. 2d 86, 88 (D.D.C. 2003) (citing *Briggs v. Goodwin*, 569 F.2d 10, 15 (D.C. Cir. 1977)).  Thus, the personal capacity claims against these District Defendants should fail.

Plaintiff also sues these individuals and Nickles in their official capacity.  Longstanding case law mandates that a suit against government employees in his or her official capacity is the legal equivalent of a suit against the government entity itself.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Cotton v. District of Columbia,* 421 F. Supp. 2d 83, 86 (D.D.C. 2006) (dismissing a suit against the District of Columbia's Chief of Police, who was being sued only in his official capacity, because the official-capacity suit was deemed "redundant and [an] inefficient use of judicial resources ... [and] ... fail[ed] to state a claim upon which relief [could] be granted ...." (internal citations omitted)).

> A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. United States***,** 491 U.S. 58, 71 (1989), *citing Brandon v. Holt,* 468 U.S. 464 (1985).  As such, an official capacity suit is identical to a suit against the state or, in this case, the municipality.  Therefore, "there is no longer a need to bring official-capacity actions against local government officials, for ... local government units can be sued directly. . . . ."  *Kentucky v. Graham,* 473 U.S. at 168 (1985).

As the District of Columbia government is sued in its own right (FAC ¶ 11), this Court should dismiss individually named District Defendants who are sued in their official capacities.

Likewise, those individual District Defendants sued in their personal capacity should be dismissed with prejudice since Plaintiff failed to allege any facts supporting an allegation that any of the individuals acted outside of their official capacities or outside of their official authority. Merely requesting that this Court declare that the District Defendants were not acting as a judge (FAC ¶¶ 30, 33, and 38), without more, is insufficient. Individually named District Defendants are entitled to the official capacity defense. Plaintiff's bare request that the judicial immunity defense should be declared inapplicable should not be sustained, as more fully discussed below. (*Id.*)

### 6.    JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST JUDGES KRAMER, WAGNER AND FERREN, AND DCCA CLERK OF COURT, PINKSTON

Plaintiff requests that this Court declare that judicial immunity does not apply to individually named judges and court personnel. (FAC §§ 30, 33). However, Plaintiff fails to articulate any facts to support this Court sustaining a complaint on this point. Generally, immunity is an affirmative defense to be raised and proven by the defendant. However, here, Plaintiff raises judicial immunity as a claim; thus, District Defendants assert that it is Plaintiff's burden of proof and production to bear.

As a class, judges have long enjoyed absolute immunity from any lawsuit arising out of their judicial functions. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity has been expanded to include other government officials who perform judicial or "quasi-judicial" functions. *Thomson v. Duke*, 882 F.2d 1180, 1183 (7th Cir. 1989). In fact, the D.C. Circuit Court of Appeals has acknowledged a variety of government functions that warrant absolute immunity:

Courts have extended absolute immunity to a wide range of persons playing a role in the judicial process. These have included prosecutors, *Imbler v. Pachtman*, *424 U.S. 409, 430, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976)*; law clerks, *Sindram v. Suda, 300 U.S. App. D.C. 110, 986 F.2d 1459, 1460 (D.C. Cir. 1993)*; probation officers, *Turner v. Barry, 272 U.S. App. D.C. 377, 856 F.2d 1539, 1541 (D.C. Cir. 1988)*; a court-appointed committee monitoring the unauthorized practice of law, *Simons v. Bellinger, 207 U.S. App. D.C. 24, 643 F.2d 774, 779-82 (D.C. Cir. 1980)*; a psychiatrist who interviewed a criminal defendant to assist a trial judge, *Schinner v. Strathmann, 711 F. Supp. 1143 (D.D.C. 1989)*; persons performing binding arbitration, *Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir. 1990)*; and a psychologist performing dispute resolution services in connection with a lawsuit over custody and visitation rights, *Howard  v. Drapkin, 222 Cal. App. 3d 843, 271 Cal. Rptr. 893, 905 (Ct. App. 1990)*.

*Id.*

Additionally, it is well-settled that a member of the court process, such as Pinkston, when performing adjudicatory functions, qualifies for absolute immunity.  The D.C. Circuit Court of Appeals has held that "[t]he immunity of 'quasi-judicial' officers such as prosecuting attorneys and parole board members derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges."  *Briggs v. Goodwin*, 569 F.2d 10, 21 (D.C. Cir. 1977) (quoting *McCray v. Maryland,* 456 F.2d 1, 3-4 (4th Cir. 1972)).

### 7.     STATEMENTS MADE IN CONGRESSIONAL HEARING ARE ABSOLUTELY PRIVILEGED

As a matter of law in the District of Columbia, "[a] witness is absolutely privileged to publish defamatory matter as a part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding."  *Webster v. Sun Company*, *Inc.*, 790 F.2d 157, 160 n. 2 (D.C. Cir. 1986) (applying District of Columbia law and quoting *Restatement (Second) of Torts*, § 590A (1977)); *Robertson v. McCloskey*, 666 F. Supp. 241, 246 (D.D.C. 1987).  The proceedings at issue related to judicial appointments.  Testimony about cases and prior judicial proceedings would have been relevant.

Thus, statements made by Judge Kramer, and allegedly suborned by Judge Wagner, even if false, are absolutely privileged.

### 8.    PLAINTIFF'S COMPLAINT FAILS TO MEET THE FAMILIAR FOUR-PART TEST REQUIRED FOR GRANTING INJUNCTIVE RELIEF

Plaintiff seeks a preliminary and permanent injunction to enjoin D.C. government agencies from preventing Plaintiff from representing clients before administrative agencies, and from enforcing D.C. law requiring a law license as a condition precedent to representing clients before D.C. administrative agencies. (FAC ¶ 46). Furthermore, Plaintiff seeks to enjoin the free speech rights of the DCCA for the purposes of facilitating legislation that requires a license to practice law or requires a law license as a condition precedent to representing clients before D.C. administrative agencies. (FAC ¶ 47).

In 1982, the U.S. Supreme Court decided in *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313 (1982) that to satisfy the four-factor test, the party seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id. See also, CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (*citing Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989) (preliminary injunction properly denied "where moving party may have been 'likely to succeed' but did not carry burden of showing irreparable harm, since 'the basis of injunctive relief in the federal courts has always been irreparable harm.'") (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974) and *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506 (1959))).

For the reasons more fully set forth in the subsections below, Plaintiff cannot sustain his burden required for the grant of injunctive relief.

### A. *Plaintiff has not suffered irreparable harm*

Plaintiff's disjointed and largely incomprehensible amended complaint appears to allege that he lost his job because the Administrative Hearing Establishment Act of 2002, D.C. Law 14-76 was promulgated.  (*See generally* FAC ¶ 39, asserting harm from the transference of Hearing Examiners, re-designated "Administrative Law Judge" to a central panel).  Assuming *arguendo* that Plaintiff has some cognizable constitutional claim or property interest in a job for which he remains unqualified to this day, his sole damages for employment loss are economic. "Irreparable" is a term of art in this context; it means damages that cannot be remedied financially.

Controlling case law is clear that the injuries of the kind alleged here, *i.e.*, solely financial in nature, are not sufficient for emergency injunctive relief.  *See, e.g., Zirkle v. District of Columbia*, 830 A.2d 1250, 1256 (D.C. 2003) (economic injuries "are generally not irreparable."); "A party's monetary loss is not usually considered sufficient to justify equitable relief . . . ." *District of Columbia v. Greene*, 806 A.2d 216, 223 (D.C. 2002) (*per curiam*).  Only in extraordinary circumstances, financial losses will be found to constitute irreparable harm, but only if the movant demonstrates that those losses "threate[n] the very existence of the movant's business." *Zirkle*, 830 A.2d at 1256 (D.C. 2003) (quoting *Wisconsin Gas Co. v. FERC*, 354, 758 F.2d 669, 674 (D.C. Cir. 1985)). Nothing is pleaded, nor can it be, to support such an assumption here.

The *sine qua non* for Plaintiff's inability to work as a hearing officer, an Administrative Law Judge, or an attorney presenting claims before an administrative body is because he could

not pass or did not take the bar examination.  The harm, if any, is solely due to his shortcomings; not the myriad of government officials he seeks to disparage.

### B.  Plaintiff will not succeed on the merits

For the reasons set forth in the subparagraph below, Plaintiff cannot succeed on the merits of his claim.  Thus, this Court should deny his claim for injunctive relief.

#### i.  The District of Columbia is vested with broad powers to regulate the practice of law

The District may regulate the practice of law, as well as establish the requirements for hearing officers or Administrative Law Judges through its its properly constituted agencies boards, commissions and courts.   Plaintiff will not prevail in his attempt to declare the Act invalid or enjoin its application.  The legislation at issue falls well within the District's police power.

The District may deny Plaintiff's ability to practice law where, as here, Plaintiff fails to meet the minimum and basic requirements of a license.  D.C. Code § 11-2501 (2001)  provides that "[t]he District of Columbia Court of Appeals shall make such rules as it deems proper respecting the examination, qualification, and admission of persons to membership in its bar, and their censure, suspension, and expulsion."   *Id*.  In 1971, exercising this statutory authority, as well as the "inherent power of the Court over members of the legal profession," the D.C. Superior Court promulgated the Rules for the District of Columbia Bar. On April 1, 1972, the Superior Court officially "assume[d] jurisdiction over the practice of law" in the District of Columbia. *Id*.  The District of Columbia Bar was established by this court as an "arm of the court." *Id.*

In *Simon Banks v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 634 A.2d 433, 436 (D.C.1993), the D.C. Superior Court reminded Banks that "[t]his court has the

'inherent and exclusive authority to define and regulate the practice of law in the District of Columbia,' " (quoting *Brookens v. Committee on Unauthorized Practice of Law,* 538 A.2d 1120, 1125 (D.C.1988), and citing D.C. Code § 11-2501 *et seq.*).  Nevertheless, Plaintiff continued to hold himself out as an attorney for which he was later convicted of criminal contempt.  See generally, *In re Simon Banks*, 805 A.2d 990, 1001 (D.C. 2002).  Plaintiff should not be heard here to again challenge this legal principle establishing the D.C. Courts as the arbiter of legal practice standards.

Plaintiff has no constitutional, statutory or regulatory right to engage in the practice of law in the District of Columbia.  *See Yeiser, v. Dysart,* 267 U.S. 540, 541 ((1925) ("When . . . an attorney practices under a license from the State . . . it is obvious that the State may attach such conditions to the license in respect to such matters as it believe to be necessary in order to make a public good").  As such, the District, in this case, may lawfully establish policies or practices related to the practice of law in order to protect its citizenry.

Furthermore, the District may regulate the standards for its hearing officers or Administrative Law Judges through its police powers.  The Office of Administrative Hearings Establishment Act of 2001, enacted by D.C. Council as D.C. Law 14-76 on March 6, 2002 was aimed at improving the quality of hearing officers and to ensure that the administrative hearing system operates fairly and efficiently.  Among the many reforms codified in this law was enhancing eligibility requirements for hearing officers, establishing the position of ALJ, and requiring that, at the time of appointment, an ALJ shall be a member in good standing with the D.C. Bar and have at least five years' experience in the practice of law.  See D.C. Official Code § 2-1831.08 (2001).  These reforms were for the protection of the public.  Other than his self-interest, Plaintiff fails to provide this Court with any valid reason to overturn this legislation.

21

### ii.  The D.C. Agencies Plaintiff seeks to enjoin are non sui juris

Plaintiffs seeks to enjoin DCCA and D.C. Office of Administrative Hearing (DCOAH) from preventing him from being an Administrative law judge or practicing before administrative agencies. (FAC ¶¶ 46-48).  As a matter of well-settled law, D.C. government agencies are not suable entities.  *Miller v. Spence*, 330 A.2d 250, 251, n. 1 (D.C. App. 1974); *Roberson v. District of Columbia,* 359 A.2d 28, 31, n. 4 (D.C. App. 1976).  Public bodies have only such powers as are conferred on them by statute. Accordingly, subordinate agencies within the District of Columbia government are not subject to suit. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Community Housing Trust v. Dept. of Consumer and Regulatory Affairs*, 257 F. Supp. 2d 208 (D.D.C. 2003):

> The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (*quoting Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (*in turn citing Fields v. District of Columbia Dep't of Corr.*, 789 F. Supp. 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (*citing Roberson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31 n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Jenkins v. District of Columbia*, 1996 U.S. App. LEXIS 34431, 1996 WL 440551, *1 n.2 (D.D.C. 1996). Accordingly, plaintiff's charges against the Department of Consumer and Regulatory Affairs, the Office of the Chief Financial Officer, and the Office of Tax and Revenue shall be dismissed.

*Id.* at 217 (footnote omitted). *See also Kundrat v. District of Columbia*, 106 F. Supp. 2d 1 (D.D.C. 2000).  Therefore, any action against a D.C. government agency, such as this claim filed against OAH and DCCA, agencies of the District of Columbia government, is void *ab initio* and cannot be heard by this Court.

### iii.  Plaintiff fails to state a claim against Interim Attorney General Nickles

Claims against Nickles must fail since no operative facts were pled that occurred during his tenure.  This Court may take judicial notice of the fact that Nickles was appointed to the

position of Interim Attorney General for the District of Columbia no earlier than December

2007.  FRE 201.  The latest operative fact alleged in the complaint occurred on March 6, 2002

when the Administrative Hearing Establishment Act of 2002 was promulgated.  FAC ¶ 43-45.

Thus, Nickles did not assume the Interim Attorney General position until five (5) years after

Plaintiff's alleged harm, if any.  Having taken office well after Plaintiff's alleged injuries

occurred, Nickles cannot have caused his harm or be liable for damages therefrom. *See*

*Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987) (affirming dismissal of *Bivens*

action alleging constitutional violation against police chief who "took office . . . as the events in

question drew to a close," as "no corrective action on his part could have aided [plaintiff] since

the harm he asserts had already taken place"), *abrogated on other grounds by, Hartman v.*

*Moore*, 547 U.S. 250 (2006). Accordingly, this Court should dismiss the claims against

defendant Nickles.

### iv.    *Claims against Individually Named District Defendants are Barred by the Doctrine of Qualified Immunity*

The doctrine of qualified immunity was defined by the Supreme Court in *Harlow v.*

*Fitzgerald, 457 U.S. 800 (1982)*, as one which shields government officials "discretionary

functions as long as "their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known."  *Id*. at 818.  Since *Harlow* was decided,

the Supreme Court further expanded the qualified immunity standard in *Mitchell v. Forsyth*, 472

U.S. 511 (1985). The Court stated:

> Unless the plaintiff's allegations state a claim of violation of
> *clearly established law*, a defendant pleading qualified
> immunity is entitled to dismissal *before* the commencement of
> discovery.

*Id. at 536. (Emphasis supplied).* See also *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir.

1991). The purpose of qualified immunity is to protect governmental employees against

insubstantial lawsuits that have the following societal costs: l) expenses of litigation; 2) diversion

of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of

public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but

the most resolute individuals. *Harlow* at 8l4.

     Plaintiff fails to allege that the individually named District Defendants violated any

clearly established law of which a reasonable person in his or her respective position should have

known. In fact, given the complaint in this case, Plaintiff does not allege anything against the

individually named District Defendants which would constitute a cognizable constitutional

claim—much less a violation of clearly established law.

     In the context of constitutional tort actions against government officials, the Supreme

Court has routinely admonished district courts not to perpetuate lawsuits otherwise crying out for

dismissal:

> Insubstantial lawsuits can be quickly terminated by federal courts
> alert to the possibilities of artful pleading. Unless the complaint states
> a compensable claim for relief under the Federal Constitution, it should
> not survive a motion to dismiss.

*Butz v. Economy*, 438 U.S. 478, 507-508 (1978); accord *Harlow v. Fitzgerald,* 457 U.S. 800,

808, 877-818. The application of the Supreme Court's decisions in *Harlow*, *Mitchell* and *Butz*

are based upon the necessity to shield government officials from vexatious lawsuits, which

deprive government officials of administrative discretion:

> [O]fficials of government [to] be free to exercise their duties
> unembarrassed by the fear of damage suites in respect to acts done
> in the course of those duties – suites which consume time and energies
> which would otherwise be devoted to governmental service and the threat

> of which might appreciably inhibit the fearless, vigorous, and effective
> administration of policies of government.

*Barr v. Mateo, 360 U.S. 564, 571 (1959)*

Furthermore, "qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194 (2001) (citing *Mitchell*, 472 U.S. at 526)). "The relevant dispositive inquiry in determining [if an official is entitled to qualified immunity is] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 2156.  (citing *Malley v. Briggs*, 457 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

### C.  The Public Interest Favors the District Defendants

It is Plaintiff's self-interest, not the public interest, which is at the root of the amended complaint and request for emergency relief. The public interest favors denying the motion for injunctive relief.

While for "several hundred years" courts sitting in equity have had the discretion to weigh the public interest in granting or denying injunctive relief, such courts, "should pay particular regard for the *public consequences* in employing the extraordinary remedy of injunction." *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 496 (2001) (emphasis added) (citing *Hecht Co. v. Bowles*, 321 U.S. 321, 329–30 (1944) and *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

The District, though its Mayor and Council properly exercised their legislative and executive authority for the benefit of District residents by raising the bar of administrative agency excellence and requiring, as a minimum, a license to practice law in order to serve the governmental function of Administrative Law Judge.  The District also limited those who

practice law before administrative agencies to licensed attorneys. The community benefits from a regulated legal community.

Plaintiff fails to make the required compelling showing for this Court to invalidate the legislation without impermissibly encroaching upon the peoples' representative legislative prerogatives. Plaintiff's disagreement with that choice is insufficient to support a grant of injunctive relief.

"Where an injunction may adversely affect a public interest, the Court, in its exercise of discretion, may withhold such relief even though such denial may prove burdensome and cause hardship to the petitioner." *Marine Transport Lines, Inc. v. Lehman*, 623 F.Supp. 330, 334–35 (D.D.C. 1985) ("The award of such relief is not a matter of right, even though the petitioner claims and may incur irreparable injury.").

### D.  The Balance of Equities Favors the Denial of the Injunctive Relief Sought

"[A]ny time a State [or local government] is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury." *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers). *See also, D.C. v. Greene*, 806 A.2d 216, 223 (2002) (quoting *New Motor Vehicle Bd.*).

In this case, the equities augur in favor of the District Defendants and the public. An injunction here will seek to force the District to halt an important administrative process at work, render the law a nullity, and promote inefficiency in administrative hearings, among other thing. Additionally, if Plaintiff's relief were to be granted, the door would be opened to allow every person unhappy with the results of the political process to simply ignore that process and go

straight into this Court.  In these circumstances, the District Defendants enjoy the balance of the equities in their favor.

**IV.    CONCLUSION**

For the foregoing reasons of law and fact, the declaratory and injunctive relief sought by Plaintiff should be denied.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                         )
DR. SIMON BANKS, J.D.,                   )
                                         )
                    Plaintiff,           )
          v.                             )     Civil Action No. 08-0215 (RCL)
                                         )
NOEL ANKETELL KRAMER, et al.,            )
                                         )
                    Defendants.          )
_____)

## O R D E R

Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With

Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's

response thereto, if any, and the entire record herein, and it appearing to the Court that the

motion should be granted, it is by the Court this ___ day of _____, 2008,

ORDERED:  That the motion shall be and the same is hereby granted; and it is,

FURTHER ORDERED: That Plaintiff's Amended Complaint against the District of

Columbia Court of Appeals be DISMISSED WITH PREJUDICE.


                              _____
                              Royce C. Lamberth
                              JUDGE, UNITED STATES DISTRICT COURT
                              FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                          )
DR. SIMON BANKS, J.D.,        )
                          )
        Plaintiff,      )
     v.                  )     Civil Action No. 08-0215 (RCL)
                          )
NOEL ANKETELL KRAMER, et al.,  )
                          )
       Defendants.    )
_____)

**O R D E R**

      Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With

Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's

response thereto, if any, and the entire record herein, and it appearing to the Court that the

motion should be granted, it is by the Court this ___ day of _____, 2008,

      ORDERED:  That the motion shall be and the same is hereby granted; and it is,

      FURTHER ORDERED: That Plaintiff's Amended Complaint against the District of

Columbia Office of Administrative Hearings be DISMISSED WITH PREJUDICE.


                                _____
                                Royce C. Lamberth
                                JUDGE, UNITED STATES DISTRICT COURT
                                FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

—————————————————————
                                                    )
DR. SIMON BANKS, J.D.,                              )
                                                    )
                    Plaintiff,                      )
            v.                                      )        Civil Action No. 08-0215 (RCL)
                                                    )
NOEL ANKETELL KRAMER, et al.,                       )
                                                    )
                    Defendants.                     )
—————————————————————)


## O R D E R

Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With

Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's

response thereto, if any, and the entire record herein, and it appearing to the Court that the

motion should be granted, it is by the Court this ___ day of _____, 2008,

ORDERED:  That the motion shall be and the same is hereby granted; and it is,

FURTHER ORDERED: That Plaintiff's Amended Complaint against the District of

Columbia be DISMISSED WITH PREJUDICE.


                            _____
                            Royce C. Lamberth
                            JUDGE, UNITED STATES DISTRICT COURT
                            FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DR. SIMON BANKS, J.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-0215 (RCL) |
| ) | |
| NOEL ANKETELL KRAMER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**O R D E R**

Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's response thereto, if any, and the entire record herein, and it appearing to the Court that the motion should be granted, it is by the Court this ___ day of _____, 2008,

ORDERED: That the motion shall be and the same is hereby granted; and it is,

FURTHER ORDERED: That Plaintiff's Amended Complaint against the Honorable John Ferren be DISMISSED WITH PREJUDICE.


_____
Royce C. Lamberth
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
DR. SIMON BANKS, J.D.,                    )
                                          )
                    Plaintiff,            )
          v.                              )          Civil Action No. 08-0215 (RCL)
                                          )
NOEL ANKETELL KRAMER, et al.,             )
                                          )
                    Defendants.           )
_____)

**O R D E R**

       Upon consideration of the District Defendants' Motion to Dismiss Plaintiff's

Amended Complaint With Prejudice, the Memorandum of Points and Authorities filed in

support thereof, plaintiff's response thereto, if any, and the entire record herein, and it

appearing to the Court that the motion should be granted, it is by the Court this _____ day

of _____, 2008,

       ORDERED:  That the motion shall be and the same is hereby granted; and it is,

       FURTHER ORDERED: That Plaintiff's Amended Complaint against the

Honorable Noel Anketell Kramer be DISMISSED WITH PREJUDICE.


                      _____
                      Royce C. Lamberth
                      JUDGE, UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    )
DR. SIMON BANKS, J.D.,              )
                                    )
              Plaintiff,            )
       v.                           )      Civil Action No. 08-0215 (RCL)
                                    )
NOEL ANKETELL KRAMER, et al.,       )
                                    )
              Defendants.           )
_____ )
```

**O R D E R**

Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's response thereto, if any, and the entire record herein, and it appearing to the Court that the motion should be granted, it is by the Court this ___ day of _____, 2008,

ORDERED:  That the motion shall be and the same is hereby granted; and it is,

FURTHER ORDERED: That Plaintiff's Amended Complaint against the Honorable Peter Nickles be DISMISSED WITH PREJUDICE.

```
                              _____
                              Royce C. Lamberth
                              JUDGE, UNITED STATES DISTRICT COURT
                              FOR THE DISTRICT OF COLUMBIA
```

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
DR. SIMON BANKS, J.D.,                   )
                                        )
                  Plaintiff,             )
          v.                             )        Civil Action No. 08-0215 (RCL)
                                        )
NOEL ANKETELL KRAMER, et al.,            )
                                        )
                  Defendants.            )
_____)

**O R D E R**

Upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint With

Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's

response thereto, if any, and the entire record herein, and it appearing to the Court that the

motion should be granted, it is by the Court this ___ day of _____, 2008,

    ORDERED:  That the motion shall be and the same is hereby granted; and it is,

    FURTHER ORDERED: That Plaintiff's Amended Complaint against Garland Pinkston

be DISMISSED WITH PREJUDICE.


                            _____
                            Royce C. Lamberth
                            JUDGE, UNITED STATES DISTRICT COURT
                            FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| DR. SIMON BANKS, J.D., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )     Civil Action No. 08-0215 (RCL) |
| | ) |
| NOEL ANKETELL KRAMER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

## O R D E R

Upon consideration of the District Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Prejudice, the Memorandum of Points and Authorities filed in support thereof, plaintiff's response thereto, if any, and the entire record herein, and it appearing to the Court that the motion should be granted, it is by the Court this ___ day of _____, 2008,

ORDERED:  That the motion shall be and the same is hereby granted; and it is,

FURTHER ORDERED: That Plaintiff's Amended Complaint against the Honorable Annice Wagner be DISMISSED WITH PREJUDICE.

_____
Royce C. Lamberth
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001