UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
DR. SIMON BANKS,                   )
                                   )
              Plaintiff            )
                                   )
v.                                 )     Civil Action No. 08-0215 (RCL)
                                   )
HON. NOEL ANKETELL KRAMER          )
ET AL.                             )
                                   )
              Defendants           )
_____)     July 8, 2008


**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ALLEGATIONS
SET FORTH IN THE AMENDED COMPLAINT
AS TO THE DISTRICT OF COLUMBIA BAR FOUNDATION AS A
DEFENDANT**

Comes now Dr. Simon Banks, Plaintiff, and motion this Honorable Court to

Supplement the Complaint and join allegations against the District of Columbia Bar

Foundation, as attached.

In support of the Motion, the Plaintiff submit Plaintiff's Memorandum of Law in

Support of Plaintiff's Motion for Leave to join allegations against the DC Bar Foundation

to the amended complaint as if pleaded fully and completely herein.


_____/S/_____
**Dr. Simon Banks, J.D.
P.O. BOX 17052
Alexandria, VA. 22302
571-970-8327**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0215 (RCL) |
| | ) | |
| HON. NOEL ANKETELL KRAMER ET AL. | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | July 30, 2008 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ALLEGATIONS
SET FORTH IN THE AMENDED COMPLAINT
AS TO THE DISTRICT OF COLUMBIA BAR FOUNDATION AS A
DEFENDANT**

Comes now Simon Banks, Plaintiff pursuant to Fed. R. Civ. P. 6, 15, and 19 and submit Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to supplement the allegations set forth in the amended complaint as to the District of Columbia Bar Foundation, and in support cites the following:

Plaintiff's Supplement to the Amended Complaint against the DC Bar Foundation is hereto attached as an exhibit.

**THE PLAINTIFF REQUEST RECONSIDERATION
AND/OR CREDIT FOR HAVING PREVIOUSLY FILED A SIGNED ORIGINAL
COPY OF PLAINTIFF'S AMENDED COMPLAINT, CONSTRUED AS A
SUPPLEMENT TO THE AMENDED COMPLAINT, PURSUANT TO
LOCAL RULE 7(j)**

The Court denied the Plaintiff's Motion to Amend the Amended Complaint in error, in significant part, when the Plaintiff opined on 07/18/2008, Document 38, at 2 of 3 ¶3:

> **With respect to plaintiff's Motion [32] for Leave to File Amended Complaint as to the District of Columbia Bar Foundation as a Defendant, the Court again notes the requirement of Local Rule 7(j), that such a motion "shall be accompanied by an original of the proposed pleading as amended." Because the document filed with plaintiff's motion [32] and listed as the exhibit thereto appears not to be an amended complaint, but instead only a supplement to the complaint with respect to the D.C. Bar Foundation, it is hereby ORDERED that plaintiff's motion [32] is DENIED.**

The Plaintiff did file an original copy of the amended complaint in accordance with Local Rule 7(j).  However, the Plaintiff believes as the result of mutual mistake the ECF clerk discarded the original pleading, a stamped copy of which was served upon the DC Bar Foundation.  When the ECF Clerk inquired of the Plaintiff whether the Plaintiff added any new party which the Plaintiff responded to the negative, and when she asked Plaintiff, well can I discard this paper copy you filed, to which the Plaintiff "that's okay."  The Plaintiff mistakenly assumed that the ECF clerk must have meant that she would discard the original signed copy after it was scanned and noted as having been filed.  The same happened with the Plaintiff's amended complaint as to Defendant Mukasey.  The original was filed.  The Intake Clerk took Plaintiff's original back to the ECF Clerk along with the Summons to be executed by the ECF Clerk.

It appears that the ECF clerk was under the impression, at the time, that she did not have to retain the original if there was no knew party, and she had noted that the Plaintiff had filed an ECF copy of Plaintiff's amended complaint(s).

**Legal standard for a Motion to Join Claims**

Any delay in filing this motion for joinder of claims caused no prejudice to the DC Bar Foundation, which has had ample notice and opportunity to develop the record as to all defendants. *See Crowley v. Chait*, 2004 U.S. Dist. LEXIS 27238 at *10-13 (D.N.J. 2004)

Notes to Fed. Rule 18, provide:  HISTORY: (Amended July 1, 1966; Aug. 1, 1987)

Notes of Advisory Committee on Rules.

Note to Subdivision (a).

1.  Recent development, both in code and common-law states, has been toward unlimited joinder of actions. See Ill Rev Stat (1937) ch 110, § 168; NJSA 2:27--37, as modified by NJ Sup Ct Rules, Rule 21, 2 NJ Misc 1208 (1924); NYCPA (1937) § 258 as amended by Laws of 1935, ch 339.

2. This provision for joinder of actions has been patterned upon former Equity Rule 26 (Joinder of Causes of Action) and broadened to include multiple parties. Compare the English practice, English Rules Under the Judicature Act (The Annual Practice, 1937) O 18, rr 1--9 (noting rules 1 and 6).  The earlier American codes set forth classes of joinder, following the now abandoned New York rule. See NYCPA § 258 before amended in 1935; Compare Kan Gen Stat Ann (1935) § 60-601; Wis Stat (1935) § 263.04 for the more liberal practice.

**Notes of Advisory Committee on 1966 amendments to Rules.**

The Rules "proceed upon the theory that no inconvenience can result from the joinder of any two or more matters in the pleadings, but only from trying two or more

matters together which have little or nothing in common." Sunderland, The New Federal Rules, 45 W Va L Q 5, 13 (1938); see Clark, Code Pleading 58 (2d ed 1947). Accordingly, Rule 18(a) has permitted a party to plead multiple claims of all types against an opposing party, subject to the court's power to direct an appropriate procedure for trying the claims. See Rules 42(b), 20(b), 21.

Rule 18 (a) is now amended not only to overcome the Christianson decision and similar authority, but also to state clearly as a comprehensive proposition, that a party asserting a claim (an original claim, counterclaim, cross-claim, or third-party claim) may join as many claims as he has against an opposing party. See Noland Co., Inc. v. Graver Tank & Mfg. Co., 301 F.2d 43, 49–51 (4th Cir. 1962); but cf. C. W. Humphrey Co. v. Security Alum. Co., 31 F.R.D. 41 (E.D.Mich. 1962) This permitted joinder of claims is not affected by the fact that there are multiple parties in the action. The joinder of parties is governed by other rules operating independently.

It is emphasized that amended Rule 18 (a) deals only with pleading. As already indicated, a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment. Amended Rule 18 (a), like the rule prior to amendment, does not purport to deal with questions of jurisdiction or venue which may arise with respect to claims properly joined as a matter of pleading. See Rule 82.

See also the amendment of Rule 20 (a) and the Advisory Committee's Note thereto.  Free joinder of claims and remedies is one of the basic purposes of unification of the admiralty and civil procedure. The amendment accordingly provides for the inclusion in the rule of maritime claims as well as those which are legal and equitable in character.

5

## **Legal standard for a Motion to Amend the Complaint``**

Under Federal Rules of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a), *Wiggins v. Dist. Cablevision, Inc.,* 853 F. Supp. 484, 499 (D.D.C. 1994)(Lamberth, J.); 6 Fed. Prac. & Proc. 2d § 1474. [1] According to the Court of Appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C. Cir. 2000)(citing Fed. R. Civ. P. 15(a)). Once a responsive pleading is filed, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone,* 76 F. 3d 1205, 1208 (D.C. Cir. 1996). The court must heed Rule 15s mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys., Ltd v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C. Cir. 1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient

---

[1] When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does not nullify the plaintiff's right to amend and invoke the court's authority to deny leave. E.g., *Pure County, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Foman,* 371 U.S. at 182; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

**Defendants District of Columbia Bar Foundation, has not filed responses to the Amended Complaint prior to this instant motion. See Plaintiff's Motion for Extension of time of one day to effect service of process on the District of Columbia Bar Foundation.**

**Plaintiff seeks to amend the complaint to include additional allegations against defendant District of Columbia Bar Foundation, and it is critical that the Plaintiff be allowed to bring these claims against defendant DC Bar Foundation. [Emphasis Added]**

The pleadings that the Plaintiff seek to join to the complaint pursuant to Fed. R. Civ. P. 18 supports Plaintiff's allegation that Plaintiff needs this Court to declare the Plaintiffs rights with respect to the issues and claims set forth in the amended complaint against the DC Bar Foundation.

The Court should allow the Plaintiff's action to cure any jurisdictional defect by the instant amended complaint the Plaintiff seeks to file pursuant to the doctrine set forth in *Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1191 (D.C. Cir. 1983) and *GAF Corp. v. United States,* 818 F.2d 901, 912-13 (D.C. Cir. 1987.)

With regard to undue delay, the text of Rule 15 does not prescribe a time limit on motions for leave to amend or to supplement. Fed. R. Civ. P. 15(a); *Caribbean Broad. Sys.,* 148 F.3d at 1084. Accordingly, a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend.

*Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C. Cir. 1996)(citing *Hayes v. New Eng. Millwork Distribs., Inc.,* 602 F.2d 15, 19 (1st Cir. 1979)).  Nor does the prolonged nature of a case affect whether the plaintiff may amend his complaint.  *Caribbean Broad. Sys.,* 148 F.3d at 1084 (concluding that the length of litigation is relevant only insofar as it suggests bad faith or prejudice).  Rather, the court should take into account the actions of other parties and the possibility of resulting prejudice to the opposing party.  *Id.; Atchinson,* 73 F.3d at 426.

To demonstrate such prejudice, the opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." *Dooley v. United Techs. Corp.,* 152 F.R.D. 419, 425 (D.D.C. 1993)(quoting *Foremost-McKesson Inc. v. Islamic Rep. Of Iran*, 759 F. Supp. 855, 858 (D.D.C. 1991)).  For example, prejudice may exist when allowing an amendment would necessitate reopending discovery at a relatively late state in the proceedings.  E.g.*, Societe Liz, S.A. v. Charles of the Ritz Group. Ltd*., 118 F.R.D. 2, 4 (D.D.C. 1987)(finding prejudice when the motion to amend was filed just prior to the close of discovery, with trial fast approaching); *Indep. Petrochemical Corp., v Cas & Sur. Co*., 1987 WL 9232, at *2 (D.D.C. March 25, 1987) (finding prejudice when the proposed amendment would prolong discovery after the previously announced deadline.)  Finally, prejudice may exist "when the effect of the amendment is to impair the opposing party's ability to present evidence."  *Prince v. Suffolk County Dep't of Health Servs.,* 1995 WL  144782, at *6 (S.D.N.Y. Apr. 3, 1995).

**The defendants cannot show any of the above that would justify denying the Motion to Supplement the Complaint.**

9

**WHEREFORE, Plaintiff request that the relief requested be granted.**

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
571-970-8327
drsbanks@msn.com,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**DR. SIMON BANKS,**                   )
                                   )
                **Plaintiff**          )
                                   )
**v.**                                 )   Civil Action No. 08-0215 (RCL)
                                   )
**HON. NOEL ANKETELL KRAMER**          )
**ET AL.**                             )
                                   )
                **Defendants**         )
_____)

## ORDER

Upon consideration of the Plaintiff's Motion To Supplement the Complaint and join allegations against Defendant District of Columbia Bar Foundation, it is this

_____ day of _____, 2008,

**HEREBY**

**GRANTED,**


_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT COURT
JUDGE

**BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. SIMON BANKS, ] | |
| ] | |
| **Plaintiff** ] | |
| ] | |
| V. ] | Civil Action No. 08-215 (RCL) |
| ] | |
| HON. NOEL ANKETELL KRAMER, ] | |
| ET AL., ] | |
| ] | |
| DISTRICT OF COLUMBIA BAR ] | |
| FOUNDATION ] | |
| 2000 P STREET, N.W ] | |
| SUITE 530 ] | |
| WASHINGTON, D.C. 20036 ] | **JURY TRIAL DEMAND** |
| ] | |
| ] | |
| **Defendants** ] | July 30, 2008 |

**PLAINTIFF'S SUPPLEMENT TO AMENDED
COMPLAINT AGAINST THE DISTRICT OF COLUMBIA BAR FOUNDATION
TO SUPPLEMENT THE AMENDED COMPLAINT**

Comes now, Dr. Simon Banks, Plaintiff, and submit supplement to amended complaint against the District of Columbia Bar Foundation for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2201, §2203, which were not included in the amended complaint, per Rule 19 FRCP. T

**JURISDICTION**

1.  This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

2.  This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332 diversity of Citizenship.

This Court has jurisdiction over this cause of action pursuant to 28 U.S.C.A. § 1361.

3. This Court has jurisdiction over this cause of action pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## PARTIES

4. **The Plaintiff, Dr. Simon Banks** is a resident of the State of Virginia, City Of Alexandria, and seeks to join causes of actions against the Foundation pursuant to Rule 19 of the FRCP.

5. The Plaintiff is a Black male whom has and seeks to continue to practice law before administrative agencies of the District of Columbia and before administrative agencies of the United States, with particular specialized representation of parties before the United States Equal Employment Opportunity Commission and its various state agencies whom are recipients of work-sharing agreements between the District of Columbia Human Rights Commission, a 706 State agency, which has jurisdiction over allegations of employment discrimination based on sex, age, marital status, physical or mental disabilities. See the District of Columbia Human Rights Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination Employment Act (ADEA) of 1967, as amended (29 U.S.C. § 621, et seq.), the Equal Pay Act of 1963 (29 U.S.C. § 206) and Title1 of the Americans with Disabilities Act of 1991 (42 U.S.C. 1210).

6. **The District of Columbia Bar Foundation**. The District of Columbia Bar Foundation is **a** non-profit entity located in the District of Columbia, and was incorporated in the District of Columbia, primarily governed and/or majority ownership consist of persons of the Caucasian Race. It is a recipient of federal funds, directly and indirectly, from the District of Columbia Government. It also receives grants from the

District of Columbia City Council and from the Government of the District of Columbia Office of Partnerships and Grants Development. It was a recipient of grants from these entities of the District of Columbia, as well as others, during the fiscal year 2006-2007, and other preceding years. It further receives grants and gifts from lawyers, law firms and other entities.

## STATEMENT OF FACTS

7. The District of Columbia Bar Foundation (hereinafter "Foundation") dispenses grants to various legal services providers, legal service entities including the Lawyers Committee on Civil Rights, Housing and Neighborhood Legal Services, representative of employees whom are victims of discrimination in employment and housing.

8. It does not provide for grants to non-attorney representatives whom practice law before administrative agencies, state and federal pursuant to clearly established state and federal laws that a reasonable person would know, and these representatives whom are excluded from the Foundations' grant list include but are not limited to the following: employee representatives whom are victims of discrimination in employment, employee representatives whom represent members of the various unions in connection with violation of collective-bargaining agreements; representatives of tenants whom are victims of housing discrimination in violation of the 1968 Civil Rights Act, representatives of tenants whom represent parties before the District of Columbia Rental Housing Commission of the District of Columbia Consumer and Regulatory Affairs Office of Adjudication, representatives of employees whom bring actions before the District of Columbia Unemployment Office, Department of Employment Services.

9. The Plaintiff is a Black male, an administrative law advocate whom represent and has historically represented parties before the District of Columbia Office and Commission on Human Rights, the District of Columbia Office of Employee Appeals; the District of Columbia Rental Housing Commission and the D.C. Department of Consumer and Regulatory Affairs Office of Adjudication, and the District of Columbia Department of Unemployment Appeals of the District of Columbia Department of Employment Services, as well as other administrative agencies including agencies that adjudicate, hear and decide cases involving the Americans With Disabilities Act, and agencies of the District of Columbia School Board which convened adjudicatory administrative proceedings regarding denial of educational benefits Because the Foundation restrict its grant awards to members of the Bar, to licensed attorneys, the Plaintiff has been harmed and continues to be harmed by the Foundations restrictions. See 29 C.F.R. §1614.605, et set.

10. The restriction of the Foundation of excluding its grants to legal service providers to licensed members of the Bar and to entities whom are licensed by the D.C. Bar and/or other state bar associations and entities, operate to discriminate against the Plaintiff with respect to the use of federal funds, public funds, in violation of Title VI of the Civil Rights Act of 1964, and in violation of the Civil Rights Act of 1964, and in violation of the 1968 Housing Act; Title IX of the 1964 Civil Rights Act. The Plaintiff further represent parties in matters connected with complaints referred to the EEOC by the Department of Justice, Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 C.F.R. 1640, 1641, and 1691.

11.     The Plaintiff seeks to and has sought to be a recipient of any and all federal and public funds that the legal services entities located in the District of Columbia have been a recipient of, and but for the DC Bar License restrictions, which has been enforced against the Plaintiff in a discriminatory and anti-competitive manner, the Plaintiff would have received and benefited from being a recipient of these funds which the Plaintiff has been deprived of and continues to be deprived of.

12.     The Plaintiff is a resident and domiciled in the State of Virginia.

## COUNT I
## COMPLAINT FOR DECLARATORY JUDGMENT

13.     The Plaintiff reallege the allegations set forth in paragraphs 1 through 12 above as if pleaded fully and completely herein.

14.     The Plaintiff has pleaded the existence of an actual controversy as required by 28 U.S.C. §2201, §2202

15.     This Honorable Court has jurisdiction of this cause of action pursuant to 28 U.S.C. §1331.

16.     There exist no other remedy at law.

17.     The District of Columbia Government has waived its sovereign immunity in these types of proceedings.

18.     The Plaintiff seeks declaratory judgment against the Foundation, to declare that it does not provide nor has it provided grant(s) to non-attorney legal service providers or non-attorney administrative practitioners whom practice law before administrative agencies of the District of Columbia and before Administrative Agencies

before the United States simply because they, and the Plaintiff does not possess a license to practice law or state bar license.

19. The Plaintiff seeks a declaration that the Foundation as a 501©(3) recipient of federal and public funds, grant and other gifts, can not discriminate against the Plaintiff and other administrative law practitioners whom provide legal services.

20. The Plaintiff seeks a declaration that the Foundation shall not take actions denying and/or restricting the Plaintiff and other administrative law practitioners from being grantees of the Foundations grant funds, granted to it by the District of Columbia Government or entities of the United States, which operate to perpetuate restraint in trade and/or the District of Columbia Bar monopoly in the marketplace.

21. The Plaintiff seeks a declaration against the Foundation which provides that the Foundation, a recipient of federal and public funds, shall not engage in acts which violate the District of Columbia Anti-Trust Act or the Sherman Anti-Trust Act in connection with its dispensing funds to grantees connected with restricting its open bidding or applications to prospective recipients of the Foundations grant funds as grantees simply because the prospective recipient and applicant for such grant lacks a state bar license to practice law.

22. The Plaintiff seeks a declaration that the Foundation shall not discriminate against the Plaintiff and other residents of the State of Virginia or of the various states of the United States whom lack a DC Bar License, and whom provide or seek to provide legal services in the District of Columbia before Administrative Agencies of the District of Columbia where no state bar license is required as a pre-requisite for representing

clients in contested cases, because to do such would violate the Commerce Clause. Art. 1, Section 8.

23. The Plaintiff seeks a declaration that the Plaintiff has practiced law before administrative agencies of the District of Columbia including but not limited to the District of Columbia Office of Employee Appeals, the District of Columbia Office of Human Rights, the District of Columbia Commission on Human Rights, the District of Columbia Office of Employment Services, Unemployment Appeals; the District of Columbia Rental Housing Commission and District of Columbia Rental Accommodation Office, redesignated the Office of Adjudication, Department of Consumer and Regulatory Affairs; the United States EEOC; the United States Merit Systems Protection Board, the United States Department of Labor Office of Contract and Compliance, the U.S. Department of Labor Office of Employment Compensation Programs; the United States Office of Special Counsel, and that the Plaintiff was authorized to provide the above-referenced legal services pursuant to the laws of the District of Columbia and the laws, rules and regulations of the United States.

24. The Plaintiff seeks a declaration that based upon the Plaintiff's experience and prior practice that the Plaintiff is authorized to be a recipient of grants from the Foundation as a grantee should the Plaintiff seeks to be a recipient of such grant.

25. The Plaintiff seeks a declaration that the Foundation shall not enforce a state court rule, specifically District of Columbia Rule 49 against non-attorney legal services providers whom practice law before administrative agencies, in the absence of a statute, that the DC Ct. App. R. 49 is not a statute and it restricts its publication to

members of the bar and/or attorneys, and does not conform to the District of Columbia Publication Act.

26.     The Plaintiff seeks a declaration that the Foundations has directly and/or indirectly engaged in the enforcement of DC Ct. App. R. 49 against non-attorney legal service providers and that such action(s) violate Art. 1, §8, Cl. 17 of the United States Congress Plenary Powers.

27.     The Plaintiff seeks a declaration that the Foundation shall not enforce the District of Columbia Court of Appeals Rule 49 on Unauthorized Practice of Law upon the Plaintiff and/or upon any other legal service provider whom restrict his/her/their practice of law before administrative agencies of the District of Columbia and/or before administrative agencies of the United States whom authorize non-attorneys to practice law before it/them, respectively in the absence of a statute precluding such practice.

## COUNT II
## COMPLAINT FOR INJUNCTIVE RELIEF

28.     The Plaintiff reallege the allegations set forth in paragraphs 1 through 27 as if pleaded fully and completely.

29.     The Plaintiff seeks temporary, preliminary and permanent injunctive relief against the District of Columbia Bar Foundation ("Foundation"), to enjoin it from denying or restricting the Plaintiff from petitioning it for grant funds as a grantee for purposes of the Plaintiff providing legal services at administrative agencies of the District of Columbia and administrative agencies of the United States, because the Plaintiff lacks A bar license to practice law.

30. The Plaintiff seeks an injunction against the Foundation to enjoin it from denying any and all privileges and benefits it provide to legal service providers whom are licensed members of the bar, and/or whom are licensed to practice law in the District of Columbia, and whom are white.

31. The Plaintiff has demonstrated a substantial likelihood and/or a reasonable probability of prevailing on the merits.

32. The Plaintiff is likely to suffer irreparable harm in the absence of the injunction.

33. The threatened harm outweighs any damage the injunction may cause the opposing party(s) opposing the injunction.

34. The grant of the requested injunction would not be adverse to the public interest.

WHEREFORE, the Plaintiff request that the relief sought be granted.


_____s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
571-970-8327
Email: drsbanks@msn.com