UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0215 (RCL) |
| | ) | |
| NOEL ANKETELL KRAMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ALL PLEADINGS FILED BY THE ATTORNEY GENERAL OF THE DISTRICT OF COLUMBIA ON BEHALF OF DEFENDANTS KRAMER, WAGNER AND FERREN AND TO DISQUALIFY THE ATTORNEY GENERAL FROM REPRESENTING PARTIES WITH ALLEGEDLY CONFLICTING INTERESTS**

Defendants, the District of Columbia, the Honorable Anketell Kramer, the Honorable Annice Wagner, the Honorable John Ferren and Attorney General Peter Nickles (hereinafter the "District Defendants"), by and through undersigned counsel, hereby oppose the "Plaintiff's Motion to Strike All Pleadings Filed by the Attorney General for the District of Columbia on Behalf of Defendants Kramer, Wagner, and Ferren and to Disqualify the Attorney General From Representing Conflicting Interest of Kramer, Wagner, Ferren, Nickles and the District of Columbia" and prays this Honorable Court deny Plaintiff's motion for the following reasons.

**I.   INTRODUCTION**

Plaintiff's motion attempts to disqualify the Acting Attorney General for the District of Columbia, Peter Nickles, and the Office of the Attorney General (OAG) from representing the individual judges sued in their individual capacities. Plaintiff perceives that these District

1

Defendants have adverse interests. (Pltf. Mem. Pts. Auth. ¶ 1-6). Plaintiff also believes that the Attorney General's Office may not represent any District employee sued in their individual capacities because the Attorney General's Office "cannot represent alleged violator of the District of Columbia laws and at the same time represent the District of Columbia Government." (*Id*. at ¶ 6). Plaintiff makes a claim that one of the District Defendants violated antitrust laws for which the Office of the Attorney General is precluded from representation. (*Id.* at ¶¶ 23-27). Lastly with respect to disqualification of the Attorney General, Plaintiff alleges that disqualification is warranted based upon violations of the D.C. Personnel Manual, D.C. Procurement Regulations, and D.C. Bar Rules, and the Federal Rules of Civil Procedure Rule 11. (*Id.* at pages 15-17). In summary, Plaintiff seeks to deprive the District Defendants from their chosen legal representative, the Office of the Attorney General.

In addition, Plaintiff desires that all pleadings filed by the Office of the Attorney General be struck; thus, relieving Plaintiff from responding to the outstanding motions to dismiss and for summary judgment. (*Id*. at pages 17-20).

Plaintiff's singular motion, therefore, actually requests two separate forms of relief arising from the same operative fact that the Acting Attorney General represents all District Defendants. As more fully set forth below, all requested relief should be denied.

**II.    LEGAL ARGUMENT**

   **A. THE OFFICE OF THE ATTORNEY GENERAL IS NOT PRECLUDED FROM REPRESENTING INDIVIDUAL DISTRICT GOVERNMENT EMPLOYEES**

Plaintiff contends that an unlawful conflict of interest prevents the Office of the Attorney General from representing individually named District Defendants. Plaintiff buttresses hit

disqualification argument by citation to the D.C. Personnel Manual, the D.C. Procurement Regulations, the D.C. Bar Rules, and the Federal Rules of Civil Procedure Rule 11.

District Defendants contend, to the contrary, that there is no conflict. Assuming arguendo, a conflict exists; the conflict may be waived by the District Defendants. However, it is not for Plaintiff to interpose lack of waiver as a defense to answering an outstanding summary judgment and motion to dismiss.

Rule 1.7 of the D.C. Rules on Professional Conduct government conflicts of interest between a client and their legal representation. It provides, in pertinent part that "A lawyer shall not advance two or more adverse positions in the same matter." Order to Amend the District of Columbia Rules of Professional Conduct, M-223-05 (D.C. App. 2006).

Plaintiff's motion to disqualify the Office of the Attorney General from representation of the District Defendants should be denied because it is based upon a faulty factual premise that the interests of the individual defendants are adverse.

Plaintiff, as a third party, does not claim a conflict of interest violation, if any. The fact that Plaintiff makes allegations against employees, whether judges or police officers or teachers, does not preclude the Attorney General's representation of these employees in their individual capacities. Whether the claim against a government employee is one of antitrust, traffic infraction, or false imprisonment, the Attorney General is not precluded from representation of these employees merely because they are alleged to have committed unlawful acts.

The Office of the Attorney General is authorized to represent the District Defendants; and as is provided in Rule 1.13, the lawyer who represents a corporation, such as the District of Columbia Government, is deemed to represent that specific entity, and not the employees, Council members, the Mayor, or "other constituents." Thus, for purposes of interpreting Rule

1.7, the specific entity represented by the lawyer is the "client." In this case the Office of the Attorney General represents the District government.

Generally, the lawyer for a corporation is not prohibited by legal ethics principles from representing the corporation in a matter in which the corporation's stockholders or other constituents are adverse to the corporation. *See* D.C. Bar Legal Ethics Committee Opinion No. 216. However, in this case, there is no allegation from the District Defendants that their interests are adverse to the District governments. Plaintiff has no legal authority to assert the alleged conflict of interest on behalf of these District Defendants.

Plaintiff's motion cites to the D.C. Government ethics rules in Chapter 18 of the D.C. Personnel Regulations, which the Office of Personnel adopted pursuant to the Comprehensive Merit Personnel Act (CMPR). The CMPR, codified at D.C. Code § 1-602.01(a), addresses the coverage of the Merit Personnel System:

> Except as provided in subsection (c) of this section, unless specifically exempted from certain provisions, this chapter shall apply to all employees of the District of Columbia government, except the Chief Judges and Associate Judges of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals and the nonjudicial personnel of said Courts. With the exception of subchapters V and XVII of this chapter, and § 1-608.01(e), employees of the D.C. General Hospital and the D.C. General Hospital Commission shall be exempt from the provisions of this chapter.

Thus, the CMPR expressly states that it does not apply to judges of the Superior Court and the DCCA. Therefore, Chapter 18 doesn't apply to the present defendant judges of the DCCA contrary to Plaintiff's averments to the contrary.

There is no basis for imposition of sanctions pursuant to Fed. R. Civ. Pro Rule 11, since the undersigned counsel has accepted the responsibility for filing the pleadings and the District

4

Defendants agreed to the representation. Plaintiff has no standing the challenge the attorney client relationship.

Plaintiff incorrectly believes that he may use the legal principle of "conflict of interest" as a defense to competent representation. He claims that the OAG has no right to represent government officials when they are sued in their individual capacities. He claims that such representations amounts to a conflict on interest to the governmental purposes buttressing the OAG mandate. Plaintiff, however, does not cite to any relevant law to support his use of the conflict of interest doctrine, nor can he.

Contrary to Plaintiff's misplaced beliefs, the fact that some of the District Defendants are sued in their individual capacities does not deprive them of representation by the OAG, as Plaintiff well knows. *See, e.g., Banks v. S. Elwood York,* No. 05-1514 (D.D.C. filed July 29, 2005) (Same plaintiff sued District Defendants, who were represented by the D.C. Attorney General, in both their individual and official capacities). Plaintiff cites to no law requiring these public officials from governmental representation, nor can he.

Plaintiff seeks to disqualify the entire Office of the Attorney General from responding to actions merely because some of the District Defendants are named in their individual capacity. Plaintiff cites to financial concerns of the public fisc in support of his contention. More harmful to the public fisc than representation by the Office of the Attorney General, is contracting for private legal representation of this individually named District Defendants. Outside counsel is prohibitively more costly.

5

### B. PLAINTIFF'S ANTITRUST ARGUMENT IS WITHOUT MERIT

Plaintiff seems to assert that because he makes an antitrust argument against one of the District Defendants that the Acting Attorney General and the entire Office of the Attorney General is conflicted from representation. Nothing could be further from the truth.

In *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), the Supreme Court held that the Sherman antitrust statute applied to the business aspects of the legal profession, by disallowing attorneys from setting minimum fee schedules. It is generally held, however, that the Sherman Act does not regulate the "practice of law" wherein a lawyer is subject to regulation by the highest Court of a jurisdiction or state. *Gadson v. Newman*, 807 F. Supp. 1412, 1417 (C.D. Ill. 1992).

Any antitrust related injuries alleged by Plaintiff derive, arguably, from the practice of law and judicial acts of some of the District Defendants. Nowhere on the face of the amended complaint does he allege any antitrust violations arising from commercial aspects of the legal profession, nor can he. For this reason, Plaintiff's antitrust claims should fail, as well as his claim to disqualify the Attorney General from client representation.

### C. DISTRICT DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, SHOULD NOT BE STRICKEN

The only documents filed, thus far, by the District Defendants are the motions to dismiss (Dkt. 29) and for summary judgment (Dkt. 30). As a preliminary legal matter, "motions" are not pleadings. Fed. R. Civ. Pro. 7 (a). Thus, Plaintiff's attempt to dispense with responding to District Defendants' motion to dismiss or in the alternative motion for summary judgment should not be thwarted on that basis as a matter of law.

Even if a motion for summary judgment or motion to dismiss were to be deemed a "pleading," Plaintiff fails to meet the high standard necessary to sustain a motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." This includes "false and sham" pleadings. 2-12 Moore's Federal Practice – Civil § 12.37 [3]) (citing *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-30 (9th Cir. 1981) (trial court has authority to strike "false and sham" pleadings under pre-1983 Fed. R. Civ. Pro. 11); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed. Cir. 1998) (affirming district court's striking of new allegations in second amended complaint as "false and sham").

If anything is a "false and sham" pleading it is the Plaintiff's amended complaint, which disparages several members of the D.C. Superior Court and the Acting Attorney General. Likewise, the instant motion to strike pleadings and disqualify the Acting Attorney General for no other reason than Plaintiff seeks to dispense with responding to outstanding motions, is a sham on this Court

"[A] motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden." *U.S. ex rel Hockett, M.D. v. Columbia/HCA Healthcare*, 498 F.Supp.2d 25, 34-35 (D.D.C. 2007) (citing *U.S. ex rel. D & R Limited Partnership v. Massachusetts Housing Finance Agency*, 456 F.Supp.2d 46, 53 (D.D.C. 2006 (Lamberth, J.) (internal quotations and citations omitted).

Plaintiff offers no valid reason to strike the motions, nor can he. He should respond to these motions instead.

### III. CONCLUSION

For the foregoing reasons of law and fact, the relief sought by Plaintiff's motion should be denied.

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SIMON BANKS, J.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-0215 (RCL) |
| ) | |
| NOEL ANKETELL KRAMER, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Upon consideration of the Plaintiff's Motion to Disqualify the Attorney General from Representation and to Strike the Pleadings, the Memorandum of Points and Authorities filed in support thereof, the Defendants' response thereto, and the entire record herein, it is by the Court this day of _____, 2008,

ORDERED: That the motion shall be and the same is hereby DENIED.

_____
Royce C. Lamberth
JUDGE, UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF COLUMBIA

Copies to:
Simon Banks
P.O. Box 17052
Alexandria, VA 22302

Denise J. Baker
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001