UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMON BANKS, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>NOEL ANKETELL KRAMER, *et al.*, )<br>  Defendants. )<br> ) | Civil Action No. 08-0215 (RCL) |

**DEFENDANT DISTRICT OF COLUMBIA BAR FOUNDATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ALLEGATIONS SET FORTH IN THE AMENDED COMPLAINT AS TO THE DISTRICT OF COLUMBIA BAR FOUNDATION AS A DEFENDANT**

Defendant District of Columbia Bar Foundation, in accordance with Local Rule 7(b), hereby opposes Plaintiff's Motion for Leave to Supplement the Allegations Set Forth in the Amended Complaint as to the District of Columbia Bar Foundation (docket [48]) ("Plaintiff's Motion [48]").

I.  **PRELIMINARY STATEMENT**

By Order entered on July 18, 2008 (docket [38]), the Court denied Plaintiff's Motion for Leave to File Amended Complaint as to the District of Columbia Bar Foundation as a Defendant (docket [32]). The Court left no doubt about why it denied that motion:

> With respect to plaintiff's Motion [32] for Leave to file Amended Complaint as to the District of Columbia Bar Foundation as a Defendant, the Court again notes the requirement of Local Rule 7(i) that such a motion "shall be accompanied by an original of the proposed pleading as amended." *Because the document filed with plaintiff's motion [32] and listed as the exhibit thereto appears not to be an amended complaint, but instead only a supplement to the complaint with respect to the D.C. Bar Foundation,* it is hereby ORDERED that plaintiff's motion [32] is DENIED.

Order (docket [38]) at second page (emphasis added).

Although not styled as such, Plaintiff's Motion [48] is, in reality, a motion for reconsideration of that part of the Court's Order (docket [38]) that denied Plaintiff's motion to amend (docket [32]). Indeed, Plaintiff states in bold print on the first page of his supporting memorandum that: "**THE PLAINTIFF REQUEST *[sic]* RECONSIDERATION AND/OR CREDIT FOR HAVING PREVIOUSLY FILED A SIGNED ORIGINAL COPY OF PLAINTIFF'S AMENDED COMPLAINT, CONSTRUED AS A SUPPLEMENT TO THE AMENDED COMPLAINT, PURSUANT TO LOCAL RULE 7(j) *[sic]*.**" Plaintiff's Memo in Support [48] at 2. Plaintiff then provides a purported explanation for why he did not comply with Local Rule 7(i). *Id.* at 3. But Plaintiff's explanation does not address his failure to comply with the rule. Rather, Plaintiff asserts that he believes that the ECF clerk must have discarded an "original pleading"—apparently either the existing Amended Complaint (docket [9]) or the improper supplement to that amended complaint (docket [32-2])—but he does not say anything about why he failed to file the proposed amended complaint required by Local Rule 7(i). Plaintiff fails, therefore, to offer any cognizable basis for reconsideration of that part of the Court's Order (docket [38]) that denied Plaintiff's motion to amend the complaint as to the D.C. Bar Foundation (docket [32]). Accordingly, for the reasons explained more fully below, Plaintiff's motion should be denied.

## II.    ARGUMENT

"Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case." *Zeigler v. Potter*, 2008 U.S. Dist. LEXIS 40884 at *6-*7 (D.D.C. May 23, 2008). "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law;

(2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Id.* at *7 (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003)).  In his motion, Plaintiff does not assert that there has been an intervening change in the law or a discovery of new evidence not previously available.  He therefore must show that there was a clear error in order to obtain reconsideration.

Plaintiff fails to assert anything that would support a conclusion that the denial of his motion to amend (docket [32]) was in any respect erroneous.  Plaintiff does not say—nor could he—that he filed the proposed amended complaint required by Local Rule 7(i), that he provided a copy of *that document* to the ECF clerk, or that he served a copy of *that document* on the D.C. Bar Foundation.  Nor does he offer any reason for failing to do so.  Indeed, Plaintiff continues to flout Local Rule 7(i) by requesting leave to file a virtual carbon copy of the improper "supplement" already rejected by the Court.  *Compare* docket [48-2] *with* docket [32-2].[1]

Nor do any of Plaintiff's additional arguments provide support for the relief he seeks. Plaintiff argues about the purposes of Fed. R. Civ. P. 18, which allows joinder of claims, and Fed. R. Civ. P. 20(a), which addresses permissive joinder of parties.  Plaintiff's Motion [48] at 4-5.  These rules, however, have no bearing on whether Plaintiff failed to comply with Local Rule 7(i).  Plaintiff also refers to Fed. R. Civ. P. 82, which provides that the Federal Rules of Civil

---

[1]  The only differences between the two proposed pleadings are the caption (*see* docket [32-2] ("Plaintiff's Amended Complaint Against The District Of Columbia Bar Foundation To Supplement The Amended Complaint"); docket [48-2] ("Plaintiff's Supplement To Amended Complaint Against The District Of Columbia Bar Foundation To Supplement The Amended Complaint")), and a phrase in the first sentence (*see* docket [32-2] ("and brings amended complaint against"); docket [48-2] ("and submit supplement to amended complaint against")).  Moreover, neither proposed pleading is a "supplemental pleading."  *See* Fed. R. Civ. P. 15(d) ("supplemental pleading" allowed only where movant seeks to "set[ ] out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*") (emphasis added); *see also United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (noting that supplemental pleadings relate to events that "have transpired *since* the date of the party's most recent pleading") (emphasis in original).  Neither proposed pleading sets out any transaction, occurrence or event that happened after Plaintiff filed the existing Amended Complaint [9].

Procedure do not extend or limit the jurisdiction or venue of the district courts. *Id.* at 5. But again, this rule has no bearing on whether Plaintiff failed to comply with Local Rule 7(i).

The balance of Plaintiff's Motion, which addresses the legal standard for a motion to amend, is a virtual carbon copy of Plaintiff's initial motion to amend as to the D.C. Bar Foundation. *Compare* docket [48] at 6-9 *with* docket [32] at 2-5. The only change is the addition of the following sentence: "The Court should allow the Plaintiff's action to cure any jurisdictional defect by the instant amended complaint the Plaintiff seeks to file pursuant to the doctrine set forth in *Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1191 (D.C. Cir. 1983) and *GAF Corp. v. United States,* 818 F.2d 901, 912-13 (D.C. Cir. 1987)." Plaintiff's Motion [48] at 7. The referenced passages from *Dozier* and *GAF Corp.* address the "'curable defect' exception to the *res judicata* effect of jurisdictional dismissals." *Dozier*, 702 F.2d at 1192. But Plaintiff's Motion [48] has nothing at all to do with either *res judicata* or a prior dismissal based on lack of jurisdiction. The "curable defect" exception, therefore, has no bearing on the instant motion.

Finally, this Court should take note of the fact that this is not the first time that Plaintiff has conducted himself in this inappropriate manner. In *Banks v. York*, 448 F. Supp. 2d 213 (D.D.C. 2006), Mr. Banks also engaged in the practice of repeatedly and improperly attempting to amend his complaint, thereby wasting the resources of both the court and the other parties. Indeed, as the *Banks* court specifically noted in its opinion, Mr. Banks filed a similar motion in that case seeking leave to file a supplement to an amended complaint without submitting a proper proposed amended complaint. *Id.* at 214. The court denied that motion, explaining its decision as follows:

> This civil action barely has progressed in the 14 months since its inception. The lack of progress is due in large part to plaintiff's past efforts to amend his complaint. The filing of plaintiff's First Amended Complaint and subsequent motions to file a Second and

4

> Third Amended Complaint understandably prompted motions by defendants for additional time to file a response. Further amendment to plaintiff's pleading will cause additional delays and undue hardship to defendants.

*Id.* at 215. These words apply with equal force here.

### III. <u>CONCLUSION</u>

Based on the foregoing points and authorities, Defendant District of Columbia Bar Foundation respectfully submits that Plaintiff's Motion [48] should be denied. A proposed order is attached.

Respectfully submitted,

/s/
Joseph Brooks (D.C. Bar No. 366739)
Melissa Furrer Miller (D.C. Bar No. 491738)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 739-3000
Fax: (202) 739-3001

DATED: August 11, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 08-215 (RCL)** |
| v. ) | |
| ) | |
| **NOEL ANKETELL KRAMER**, *et al*., ) | |
| Defendants. ) | |

## ORDER

Upon consideration of Plaintiff's Motion [48] for Leave to Supplement the Allegations Set Forth in the Amended Complaint as to the District of Columbia Bar Foundation as a Defendant, filed on July 30, 2008, and Defendant District of Columbia Bar Foundation's opposition to Plaintiff's motion, it is this ___ day of _____, _____ hereby

**ORDERED** that Plaintiff's Motion [48] is **DENIED**.

**SO ORDERED.**

                                                                                  _____
                                                                                  **UNITED STATES DISTRICT JUDGE**