UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. SIMON BANKS,<br><br>                **Plaintiff**<br><br>v.<br><br>HON. NOEL ANKETELL KRAMER<br>ET AL.<br><br>              **Defendants** | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 08-0215 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)   August 15, 2008 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S REPLY TO DC BAR FOUNDATION OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION
DENYING PLAINTIFF'S MOTION TO
SUPPLEMENT THE AMENDED COMPLAINT**

       Comes now Dr. Simon Banks, Plaintiff, and submit Reply to D.C. Bar Foundation's Opposition to Plaintiff's Motion for Reconsideration denying Plaintiff's motion [32] to supplement the amended complaint, and in support cites the following:

       1.      The Plaintiff did comply with Local Rule 7(j) when the Plaintiff filed the Plaintiff's Motion to Supplement the Amended Complaint.  The Plaintiff's original copy was filed with **Teresa Gumiel, ECF Clerk**, United States District Court for the District of Columbia.  The document that Plaintiff filed with the Motion [32] listed as an exhibit, was followed by an original Supplemental complaint signed by the Plaintiff.  See Plaintiff's affidavit in support of Plaintiff's Reply to District of Columbia Bar Foundation Opposition to Plaintiff's Motion for Reconsideration, hereto attached.

2. I. RECONSIDERATION

**A. Legal Standard**

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Rule 54(b) provides that: any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed. R. Civ. P. 54(b). This Court may permit revision "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).

Reconsideration is only appropriate when "the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000). *See also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Justice may require revision when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Cobell*, 224 F.R.D. at 272 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotes omitted)). Errors of apprehension may include a Court's failure to consider "controlling decisions or data . .that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX

Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citations omitted), cert. denied, 476 U.S. 1171, (1986). "Therefore, a court may properly grant a party's motion for reconsideration in any of the following circumstances: '(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice.'" *In re TMI Litigation Cases Consolidated II*, 922 F. Supp. 997, 1008 (M.D. Pa. 1996)(*Rambo, C.J.*; quoting Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994); citations omitted in *In re TMI*).

**The new facts include the Plaintiff's affidavit in support of motion for reconsideration, and the Plaintiff's statement that he did file an original pleading with the clerk which gave it to Teresa Guriam, the ECF Clerk, for the United States District Court for the District of Columbia.**

WHEREFORE, Plaintiff request that the Plaintiff's motion for reconsideration be granted.


_____/s/_____
**Dr. Simon Banks**
Doctor of Laws
P.O. Box 17052
Alexandria, VA. 22302

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| DR. SIMON BANKS, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0215 (RCL) |
| | ) | |
| HON. NOEL ANKETELL KRAMER ET AL. | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | **August 15, 2008** |

**AFFIDAVIT OF SIMON BANKS PURSUANT TO
28 U.S.C. § 1746 IN SUPPORT
PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S REPLY TO DC BAR FOUNDATION OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION
DENYING PLAINTIFF'S MOTION TO
SUPPLEMENT THE AMENDED COMPLAINT**

     Comes now Dr. Simon Banks, Plaintiff, pursuant to 28 U.S.C. § 1746, and submit affidavit of Simon Banks, Plaintiff, in support of Plaintiff's Memorandum of Law In Support of Plaintiff's Reply to D.C. Bar Foundation's Opposition to Plaintiff's Motion for Reconsideration denying Plaintiff's motion [32] to supplement the amended complaint, and in support cites the following:

     1.     The Plaintiff did comply with Local Rule 7(j) when the Plaintiff filed the Plaintiff's Motion to Supplement the Amended Complaint. The Plaintiff's original copy was filed with **Teresa Gumiel, ECF Clerk**, United States District Court for the District

of Columbia.  The document that Plaintiff filed with the Motion [32] listed as an exhibit, was followed by an original Supplemental complaint signed by the Plaintiff.

      I, Simon Banks, hereby swear pursuant to 28 U.S.C. § 1746,  and pursuant to the penalty of perjury that the statement contained in paragraph one set forth above, is true and correct to the best of my knowledge and belief.


_____/s/_____
**Dr. Simon Banks**
Doctor of Laws
P.O. Box 17052
Alexandria, VA. 22302