**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. SIMON BANKS, J.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-0215 (RCL) |
| ) | |
| NOEL ANKETELL KRAMER, et al., ) | |
| ) | |
| Defendants. ) | |

**DISTRICT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff fails to directly oppose any argument, factual allegation or inference, law, policy or regulation cited by the District Defendants in support of their dismissal motion.  Plaintiff's Opposition adds nothing new to his complaint and, on that basis alone the District Defendants' Motion to Dismiss should be granted.

Plaintiff attempts a political science based historical analysis of judicial immunity and perjury in twenty-five (25) pages of his prolix opposition.  (Pltf's Opp. Pages 1-25).  Nowhere, however, does plaintiff establish a nexus between his alleged injuries and the alleged perjury.  He fails to establish the "materiality" of the alleged perjury or subordination of perjury such that it impacted his ability to sustain continued employment with the D.C. government.  In fact, he fails to explain why judicial or ordinary witness immunity fails to apply to alleged perjurious testimony by the judicial defendants in this case.   What is clear from the face of the opposition is that plaintiff wants these jurists impeached.  (*Id*. at page 22-25).  However, plaintiff fails to cite to any case, statute, regulation or factual assertion that connects impeachment of these judges to

1

establishing injuries, damages, or remedies to his cause of action. At most, plaintiff's opposition evidences his sour grapes that he is not a judge, an inference which underlies the complaint in-chief.

Plaintiff's opposition continues its in personam attack upon the Clerk of Superior Court for merely watching Superior Court proceedings—proceedings which are generally open to public view and well within the day-to-day employment duties of the Clerk of the Court. (*Id*. at page 26). Again, these assertions beg the question as to how the Court's Clerk sitting in on a hearing caused plaintiff discontinued employment.

Plaintiff's opposition restates a specious contractual relationship between Judge Ferren and Garland Pinkston. (*Id*. at pages 26-33). Yet, again, plaintiff's opposition fails to connect the dots to his claims and alleged injuries based upon perceived contractual illegality.

Lastly, plaintiff opposes the statute of limitation argument raised by the District and wants the statute tolled on the basis of fraud. (*Id*. at pages 33-34). However, plaintiff alleges no fraud against him that relates to his employment status or caused it. Even assuming Judge Ferren entered into or facilitated a fraudulent contractual agreement, Judge Ferren's alleged fraudulent act is not the cause of plaintiff's harm nor can it be connected to any damages.

It is hornbook law that causation is a requirement to establishing tortuous conduct. As to all of plaintiff's arguments, his allegations must fail because of lack of causation.

Plaintiff's Opposition also fails to address the following arguments raised in the District Defendants' Motion to Dismiss; thus, these arguments should be treated as conceded:

1. Plaintiff lacks standing to bring any claim against the District Defendants;
2. Plaintiff's claims are barred by the applicable statute of limitations, D.C. Official Code §12-301(8);

3. D.C. Council's legislative enactment, D.C. Law 14-76, aimed at improving the quality of administrative law judges ("ALJs"), is presumed to be constitutional, and plaintiff cannot meet his burden for declaring its invalidity, D.C. Code § 2-1831.08;

4. Plaintiff lacks standing and privity of contract to sustain his burden on claims that Judge Ferren facilitated a sole-source contract;

5. Plaintiff's claims against individual District Defendants named in their official capacities are redundant;

6. All District Defendants named in their individual capacities are shielded from liability by qualified immunity;

7. Plaintiff's claims against the District of Columbia government are barred by the discretionary function; and,

8. Plaintiff, claiming solely economic injury, cannot make a threshold showing of irreparable harm to adequately sustain his claim for injunctive relief.

For the foregoing reasons of law and fact, the declaratory and injunctive relief sought by Plaintiff should be denied, and the District Defendants' motion to dismiss should be granted.

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker

        D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
<u>Denise.baker@dc.gov</u>