## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**SIMON BANKS,**                                )
                        Plaintiff,              )
                                                )        **Civil Action No. 08-215 (RCL)**
            **v.**                              )
                                                )
**NOEL ANKETELL KRAMER,** *et al.*,             )
                        Defendants.             )
_____)

### DEFENDANT DISTRICT OF COLUMBIA BAR FOUNDATION'S
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), Defendant District of

Columbia Bar Foundation ("D.C. Bar Foundation") hereby moves this Court to dismiss with

prejudice Plaintiff's Amended Complaint (docket [9]) to the extent that it asserts any claim

against the D.C. Bar Foundation.  The grounds supporting this motion are: (1) Plaintiff is barred

from filing this action by permanent injunctions entered against him by this Court on January 31,

1994; and/or (2) this Court lacks subject matter jurisdiction over the only claim for relief that

Plaintiff has arguably asserted against the D.C. Bar Foundation because that claim seeks review

of a final decision of the District of Columbia Court of Appeals.

In further support of this motion, the D.C. Bar Foundation respectfully refers this Court

to the accompanying memorandum of points and authorities that is being filed concurrently with

this motion.  A proposed order is attached.

Respectfully submitted,

_____/s/_____

Joseph Brooks (D.C. Bar. No. 366739)
Melissa Furrer Miller (D.C. Bar No. 491738)
MORGAN, LEWIS & BOCKIUS
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 739-3000
Fax:  (202) 739-3001

*Counsel for Defendant*
*District of Columbia Bar Foundation*

Dated:  August 27, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————————————— )<br>**SIMON BANKS,** )<br> Plaintiff, )<br> )<br> **v.** )<br> )<br>**NOEL ANKETELL KRAMER,** *et al.***,** )<br> Defendants. )<br> ———————————————————— ) | **Civil Action No. 08-215 (RCL)** |

**DEFENDANT DISTRICT OF COLUMBIA BAR FOUNDATION'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Joseph Brooks (Bar No. 195685)
Melissa Furrer Miller (Bar No. 491738)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: (202)739-3000

*Counsel for Defendant*
*District of Columbia Bar Foundation*

Dated: August 27, 2008

# TABLE OF CONTENTS

Page

I.    BACKGROUND ................................................................................................ 1

II.   ARGUMENT .................................................................................................... 5

    A.    The Filing of This Action—Particularly the Claim Against the D.C. Bar
        Foundation—Violates Injunctions Entered Against Plaintiff by This Court ......... 5

    B.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim
        Against the D.C. Bar Foundation Because That Claim Seeks Review of a
        Final Decision of the District of Columbia Court of Appeals .............................. 7

III.  CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Banks v. Dixon, et al.,*
    Civil Action No. 91-3099 (JGP) (D.D.C., Feb. 3, 1994)…………………….…*passim*

*Banks v. Teitleman*, *et al.*,
    Civil Action No. 93-0152 (JGP) (D.D.C., Feb. 3, 1994)……………................4, 6, 8

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983)......................................................................................................7

*Exxon Mobil Corp. v.  Saudi Basic Industries Corp.*,
    544 U.S. 280 (2005)......................................................................................................7

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923)......................................................................................................7

## STATE CASES

*Banks v. District of Columbia Department of Consumer and Regulatory Affairs*,
    634 A.2d 433 (D.C. 1993) ...........................................................................................2

*Banks v. United States*,
    926 A.2d 158 (D.C. 2007)………………………………………………….……2, 3, 7

*In re Simon Banks*,
    561 A.2d 158 (D.C. 1987).....................................................................1, 2, 3, 4

*In re Simon Banks*,
    805 A.2d 990 (D.C. 2002) .....................................................................................2, 6

## FEDERAL STATUTES

28 U.S.C. § 1257…………………………………………………………………...…7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**SIMON BANKS,**                                    )
                              Plaintiff,            )
                                                    )    **Civil Action No. 08-215 (RCL)**
                  **v.**                            )
                                                    )
**NOEL ANKETELL KRAMER,** *et al.*,                 )
                              Defendants.           )
_____)

### DEFENDANT DISTRICT OF COLUMBIA BAR FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia Bar Foundation (the "D.C. Bar Foundation") moves to dismiss the Amended Complaint (docket [9]) with prejudice because Plaintiff Simon Banks is barred from filing this case by permanent injunctions entered against him by this Court. Alternatively, the D.C. Bar Foundation seeks dismissal with prejudice of the only claim arguably asserted against it because this Court lacks subject matter jurisdiction over that claim.

I.    **BACKGROUND**

This case is the latest installment in what is becoming a never-ending series of lawsuits filed against an ever-widening cast of government agencies, agency officials, and other organizations by a man who is simply unwilling to accept the fact that he cannot practice law without a license. Plaintiff's litigious odyssey began more than twenty years ago when complaints filed against him led the District of Columbia Court of Appeals to enter an injunction barring him from practicing law in the District of Columbia, or from holding himself out as being authorized to do so, unless he becomes a qualified member of the bar (the "1987 Injunction"). *See In re Simon Banks,* 561 A.2d 158, 158, 167-68 (D.C. 1987) ("*Banks I*"). In

particular, Plaintiff was enjoined from using such terms to describe himself as "administrative law judge" and "administrative trial advocate." *Id.* at 168.

But Plaintiff was not deterred by the 1987 Injunction. Rather, a new complaint and ensuing investigation in 1989 led to findings that Plaintiff had continued to engage in deceptive trade practices that constituted unauthorized practice of law. *See Banks v. District of Columbia Dep't of Consumer and Regulatory Affairs*, 634 A.2d 433, 439-40 (D.C. 1993) ("*Banks II*"). And in 1992, Plaintiff's continuing violation of the 1987 Injunction led to the initiation of civil and criminal contempt proceedings against him, during which the Superior Court of the District of Columbia found that Plaintiff had "flagrantly, intentionally, repeatedly and contumaciously violated virtually every provision of the Court's 1987 [I]njunction." *In re Simon Banks*, 805 A.2d 990, 995 (D.C. 2002) ("*Banks III*"). At the conclusion of those proceedings, the Superior Court entered "an expanded and stricter injunction" (the "1995 Injunction" or "Order # 18"), *id.,* as well as civil and criminal contempt orders that were affirmed on appeal. *Id.* at 998-1003.

Still, Plaintiff persisted. Just last year, the District of Columbia Court of Appeals found that, "[u]ndeterred by his criminal contempt conviction and punishment, Mr. Banks engaged in other acts—from October 2001 to December 2001, and in February 2002, July 2002, and October 2002—ostensibly prohibited by [the 1995 Injunction]." *Banks v. United States*, 926 A.2d 158, 161 (D.C. 2007) ("*Banks IV*"). *Banks IV* came about when, "[a]s a result of Mr. Banks' renewed efforts to circumvent the 1995 permanent injunction, the United States Attorney for the District of Columbia filed an application (with a sworn affidavit and exhibits) in [the District of Columbia Court of Appeals] on December 11, 2002, requesting the initiation of a criminal contempt proceeding against Mr. Banks 'for his willful disobedience of [the 1995

2

Injunction].'"  *Id.*  Plaintiff was again convicted of criminal contempt and his conviction was again affirmed on appeal.  *Id.* at 167.

Nor has Plaintiff been a stranger to this Court.  From the inception of the legal proceedings arising from his unauthorized practice of law, Plaintiff has wrongfully attempted to enlist this Court either to halt proceedings in, or to review final decisions of, the District of Columbia Court of Appeals.  First, in June 1987, Plaintiff improperly attempted to remove *Banks I* to this Court.  On June 15, 1987, however, this Court promptly dismissed that removal proceeding.  *See Banks I*, 561 A.2d at 159.

After the District of Columbia Court of Appeals entered its final decision in *Banks I*, Plaintiff filed a RICO case in this Court against twenty defendants—including the Chief Judge of the District of Columbia Court of Appeals, the Mayor of Washington, D.C., the D.C. Bar Counsel, the Fairfax County Human Rights Commission, and the President of the Virginia State Bar.  *See Simon Banks v. Sharon Pratt Dixon, et al.,* Civil Action No. 91-3099 (JGP) ("*Banks V*").  As this Court later explained, *Banks V* "stem[med] from [P]laintiff's continued inability to accept a 1987 ruling of the District of Columbia Court of Appeals enjoining him from various activities that the court determined encompass the unauthorized practice of law."  *Id.,* Memorandum (Feb. 3 1994) at 1-2, docket [36] (copy at Exhibit B).  Because this Court concluded that *Banks V* was nothing more than an improper attempt by Plaintiff to have this Court review the decision of the District of Columbia Court of Appeals in *Banks I*, *Banks V* was dismissed with prejudice.  *Id.,* Order dated January 31, 1994, docket [35] (copy at Exhibit A).

On January 22, 1993, while *Banks V* was still pending, Plaintiff filed another case in this Court pertaining to the 1987 Injunction against ten additional defendants—the Chairman of the D.C. Court of Appeals Committee on the Unauthorized Practice of Law, the District of Columbia

3

Court of Appeals, and E.E.O.C. officials. *See Banks v. Teitleman,* Civil Action No. 93-0152

(JGP) ("*Banks VI*"). This Court also dismissed *Banks VI* with prejudice. *See Banks VI* at Order

dated January 31, 1994, docket [37].

      Of particular significance to this motion, Plaintiff's filing of *Banks V* and *Banks VI* led

this Court to conclude that an injunction should be entered to prevent Plaintiff from continuing to

file such frivolous lawsuits: "Plaintiff's continuous pattern of filing lawsuits emanating from and

challenging the 1987 Injunction, and the ever widening cast of defendants that plaintiff has

implicated in the matter, has caused this Court to conclude that [P]laintiff should be enjoined

from filing further lawsuits pertaining to this matter without obtaining both leave of court and

certification that the claims raised are new, not frivolous and not taken with bad faith." *Banks*

*V,* Memorandum (February 3, 1994) at 6-7 and n.11, docket [36] (copy at Exhibit B). This Court

therefore entered permanent injunctions against Plaintiff in both *Banks V* and *Banks VI* that

provide, in pertinent part, that:

> Mr. Simon Banks is enjoined from filing further lawsuits
> pertaining to the 1987 injunction issued by the District of
> Columbia Court of Appeals in *In re Banks*, 561 A.2d 158 (D.C.
> App. 1987), *reh'g en banc denied sub nom.*, No. 87-1339 (1989)
> without obtaining both leave of court and certification that the
> claims raised are new, not frivolous and not taken with bad faith[.]

*Banks V*, Order dated January 31, 1994, docket [35] (copy at Exhibit A); *see also id.*,

Memorandum (February 3, 1994) at n.11, docket [36] (stating that "this Court's Order [in *Banks*

*VI*] imposes an identical restriction on [P]laintiff.") (copy at Exhibit B).[1]

------------------------------------------------------------

[1]    *Banks V, Banks VI,* and the removal petition in *Banks I* are not the only cases Plaintiff has previously filed in
this Court that pertain to the 1987 Injunction. "In fact, [P]laintiff has filed several lawsuits and petitions for
removal in this Court challenging the D.C. Court of Appeals Injunction, the D.C. Court of Appeals Committee
on the Unauthorized Practice of Law and other parties associated with the enforcement of the 1987 Injunction."
*Banks V*, Memorandum (Feb. 3, 1994) at 3 and n.6, docket [36] (copy at Exhibit B).

4

## II.    ARGUMENT

### A.    Plaintiff's Filing of This Action—Particularly the Claim Against the D.C. Bar Foundation—Violates Injunctions Entered Against Plaintiff by This Court.

This case is yet another improper attempt by Plaintiff to have this Court either halt or review proceedings in the District of Columbia Court of Appeals that pertain to the 1987 Injunction. Plaintiff filed this case on February 7, 2008 seeking injunctive relief, declaratory relief, and/or mandamus against, among others, the attorney general of the United States, the District of Columbia Court of Appeals and three of its judges, the District of Columbia Government, and the District of Columbia attorney general. *See* Complaint for Declaratory Judgment, Injunctive Relief and for Mandamus (docket [1]). On April 30, 2008, Plaintiff amended his complaint to, among other things, add the D.C. Bar Foundation as a defendant.[2] The allegations of the Amended Complaint leave no doubt that this case pertains to the 1987 Injunction. *See* Amended Complaint, ¶¶ 22-23 (docket [9]) (alleging that Plaintiff has been harmed by the 1987 Injunction because it prevents him from using the term "Administrative Law Judge" to describe himself). Indeed, the only paragraph of the Amended Complaint that even mentions the D.C. Bar Foundation alleges as follows:

> The Plaintiff seeks injunctive relief, preliminarily and permanently, to enjoin the District of Columbia Court of Appeals, the District of Columbia Bar Foundation of the District of Columbia Court of Appeals, its agents, employees and assigns,

---

[2]    Plaintiff did not serve the D.C. Bar Foundation with a copy of the Amended Complaint until July 9, 2008. *See* docket [35]. At that time, Plaintiff also served a Motion for Leave to File Amended Complaint as to the District of Columbia Bar Foundation as a Defendant (docket [32]). By Order entered on July 18, 2008 (docket [38]), however, the Court denied that motion. Undeterred, on July 30, 2008, Plaintiff filed a Motion for Leave to Supplement the Allegations Set Forth in the Amended Complaint as to the District of Columbia Bar Foundation (docket [48]), which seeks leave to file a pleading that is virtually identical to the one rejected by the Court's July 18, 2008 Order (docket [38]). The D.C. Bar Foundation opposed that motion (docket [55]) and, as of this date, the Court has not ruled on it. Accordingly, the operative complaint is the Amended Complaint (docket [9]), and that is the pleading addressed by this motion.

5

> from hi-jacking the United States of America as a named party in *proceedings that are derived from complaints of violation of the District of Columbia Court of Appeals Rule 49 on Unauthorized Practice of Law, Order 18, 92-BG-652, issued by Superior Cou*rt *Judge Richard Levie*,[3] who opined that the Plaintiff received his right to practice before administrative agencies of the United States pursuant to DC Ct. App. R. 49© [sic] (4), and misdemeanor charges flowing from such complaints, which include the misdemeanor, complaint in In re Simon Banks, 04-SP-789, 02-BG-1374, which has been captioned, *Simon Banks v. United States,* 04-SP-789.

*Id.* at p. 23, ¶ 48 (emphasis added).[4]

The allegations of the Amended Complaint [9] establish that, in filing the instant case—and, in particular, the claim against the D.C. Bar Foundation—Plaintiff has shown the same contempt for this Court's January 31, 1994 Orders that he has consistently shown for the 1987 Injunction entered against him by the District of Columbia Court of Appeals and the 1995 Injunction entered against him by the Superior Court of the District of Columbia. This case and, in particular, any claim arguably asserted in the Amended Complaint against the D.C. Bar Foundation are barred by this Court's January 31, 1994 injunctions entered against Plaintiff in *Banks V* and *Banks VI.* Accordingly, the Amended Complaint or, at a bare minimum, any claim against the D.C. Bar Foundation included therein should be dismissed with prejudice.

---

[3]   "Order 18" is the 1995 Injunction entered against Plaintiff by the Superior Court of the District of Columbia, which "expanded" and made "stricter" the 1987 Injunction entered against Plaintiff by the District of Columbia Court of Appeals. *See Banks III*, 805 A.2d at 995-96.

[4]   This is the third paragraph numbered 48 that appears in the Amended Complaint; two paragraphs numbered 48 also appear at page 20 of the Amended Complaint.

**B.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim Against the D.C. Bar Foundation Because That Claim Seeks Review of a Final Decision of the District of Columbia Court of Appeals.**

In the only paragraph of the Amended Complaint that even mentions the D.C. Bar Foundation, Plaintiff asks this Court for injunctive relief to enjoin the District of Columbia Court of Appeals and the D.C. Bar Foundation from "hi-jacking the United States of America as a named party in . . . *Simon Banks v. United States,* 04-SP-789." Amended Complaint at ¶ 48 (quoted in full at pp. 5-6, *supra*). The referenced case—04-SP-789—is *Banks IV.* A final decision was entered in that case on June 14, 2007—more than seven months before Plaintiff filed this action and more than nine months before Plaintiff filed the Amended Complaint [9]. *See Banks IV*, 926 A.2d at 158. Thus, Plaintiff is asking this Court to review a final decision of the District of Columbia Court of Appeals. This Court, however, lacks subject matter jurisdiction over such a claim.

It is well-settled that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). Rather, "[r]eview of such determinations can be obtained only in [the United States Supreme Court]." *Id.* (citing 28 U.S.C. § 1257). Thus, as the Supreme Court has held, this Court "does not have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 486; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine, named for the decisions in *Feldman* and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), bars lower federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

7

Of course, none of this is news to Plaintiff because the above-quoted language from *Feldman* was also quoted by this Court in the Memorandum it issued in support of its dismissal of *Banks V. See Banks V,* Memorandum (Feb. 3, 1994) at pp. 4-5, docket [36] (copy at Exhibit B). In any event, the concluding words of this Court's discussion of the subject matter jurisdiction issue in that case would be equally appropriate here: "In sum, because the Court finds that [P]laintiff is asking the Court to review a decision of the District of Columbia Court of Appeals, it dismisses this case." *Id.* at 6.

## III.   <u>CONCLUSION</u>

This case is only the latest attack in what has become a never-ending campaign by Plaintiff to reverse a decision of the District of Columbia Court of Appeals that has now spanned more than twenty years and consumed considerable resources of the courts and the parties. Yet today, Plaintiff remains as unwilling to accept the 1987 ruling of the District of Columbia Court of Appeals as he was in 1994—when this Court twice permanently enjoined him from filing any further lawsuits like this one. Plaintiff's Amended Complaint violates those permanent injunctions and should be dismissed for that reason. Moreover, as Plaintiff must know given the rulings against him in *Banks V* and *Banks VI*, the only claim that the Amended Complaint even arguably asserts against the D.C. Bar Foundation is a claim over which this Court does not have subject matter jurisdiction. For either or both of these reasons, Defendant District of Columbia Bar Foundation respectfully submits that this Court should dismiss Plaintiff's Amended Complaint—or, at a bare minimum, any claim alleged therein against the District of Columbia Bar Foundation—with prejudice.

A proposed order is attached.

Respectfully submitted,

_____/s/_____

Joseph Brooks (DC Bar No. 366739)
Melissa Furrer Miller (DC Bar No. 491738)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
Tel:(202) 739-3705
Fax: (202) 739-5572

*Counsel for Defendant*
*District of Columbia Bar Foundation*

Dated: August 27, 2008

EXHIBIT  A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 3 1 1994

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SIMON BANKS,

      Plaintiff,

    v.

                              Civil Action No. 91-3099

SHARON PRATT DIXON, et. al.,

      Defendants.

## O R D E R

Pursuant to the Memorandum filed in the above-captioned case, it is hereby

**ORDERED** that this case is dismissed with prejudice as to all defendants, the Court concluding that it lacks subject matter jurisdiction pursuant to District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), and it is further

**ORDERED** that Mr. Simon Banks is enjoined from filing further lawsuits pertaining to the 1987 injunction issued by the District of Columbia Court of Appeals in In re Banks, 561 A.2d 158 (D.C. App. 1987), reh'g en banc denied sub nom. No. 87-1339 (1989) without obtaining both leave of court and certification that the claims raised are new, not frivolous and not taken with bad faith, and it is further,

**ORDERED** that all other pending motions are denied as moot.

Date: **JAN 3 1 1994**

                                            **JOHN GARRETT PENN**
                                              **CHIEF JUDGE**

EXHIBIT  B

REPRODUCED AT THE NATIONAL ARCHIVES

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 3 1994

CLERK U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SIMON BANKS,

      Plaintiff,

v.                                                    Civil Action No. 91-3099

SHARON PRATT DIXON,[1] et. al.

      Defendants.

## MEMORANDUM

This case is before the Court on **Defendants' Motion to Dismiss Plaintiff's Complaint and for Imposition of Sanctions** and plaintiff's opposition thereto. Defendants move to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction to review decisions of the District of Columbia Court of Appeals.[2] After careful consideration of the motion, opposition, and the entire record in this case, the Court will GRANT defendants' motion and will dismiss the case for reasons set forth herein.

### I. Background

This case stems from plaintiff's continued inability to accept a 1987 ruling of the District of Columbia Court of Appeals enjoining him from various activities that the court determined

---

[1]     Sharon Pratt Dixon is now known as Sharon Pratt Kelly as the result of her marriage.

[2]     Defendants Sharon Pratt Kelly, Aubrey H. Edwards, Judith W. Rogers, James P. Schaller, Tilden J. Lenelle, Dr. Knighton Stanley, James Robertson and Wallace E. Shipp, Jr. base their motion to dismiss on the ground that this Court lacks jurisdiction to consider this case. Although the other defendants have not raised this argument, the Court has determined that it nonetheless applies to the other defendants because the Court lacks authority to hear this matter.

    The Court notes that defendants Raymond Julio Diaz, Denise Anderson, Susan Buckingham Reilly, the Arlington County Office of Human Rights, John Strudder, Fred Allen, Bruce Sirota, the Fairfax County Human Rights Commission have filed motions to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2) and 12(e).

1



REPRODUCED AT THE NATIONAL ARCHIVES

encompass the unauthorized practice of law.[3]  See In re Simon Banks, 561 A.2d 158 (D.C. Ct. App. 1987), reh'g en banc denied sub nom. No. 87-1339 (D.C. App. 1989).  During the past six years, plaintiff, has filed various lawsuits as a pro se litigant pertaining to and disputing this judgment.

In 1987, the District of Columbia Court of Appeals held that plaintiff had violated D.C. App. R. 49(b) which prohibits the unauthorized practice of law.  Pursuant to that ruling, plaintiff is "permanently enjoined and restrained under Super. Ct. Civ. R. 65 from (1) the practice of law in the District of Columbia, as the term practice of law is defined in D.C.App. R. 49(b)(1) and (3); and (2) holding out to the public that he is authorized to practice law in the District of Columbia in violation of the provisions of D.C.App. R. 49(b)(2)."  In re Banks, 561 A.2d at 167-68.  Despite the ruling in In re Banks, (hereinafter "1987 Injunction"), plaintiff has continued to represent clients before various administrative agencies in the Washington Metropolitan area which permit non-attorneys to appear in such a capacity.

Plaintiff alleges, inter alia, that the 1987 Injunction is part of a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy.  See 18 U.S.C. § 1961 et. seq.[4]  This alleged "conspiracy" appears to relate to the fact that plaintiff is unwilling to accept the constraints placed upon him by the 1987 Injunction.  For example, plaintiff states that at least one defendant has limited his "right to speak about Plaintiff's experience and education as an Administrative Law Judge and

---

[3]        Although plaintiff is a graduate of Howard University Law School, he is not licensed to practice in any jurisdiction, including Maryland, Virginia and the District of Columbia.
           Mr. Banks formerly held the position of hearing examiner at the District of Columbia Office of Human Rights, however, contrary to his advertisements, he has never held the position of administrative law judge.  See In re Banks, 561 A.2d at 165.

[4]        Paragraph 1 of the complaint recites specific statutory bases for this Court's jurisdiction over this case.  The defendants are allegedly members of a "RICO" conspiracy and they are trying to deprive plaintiff of a litany of rights which include his civil rights, his ability to contract, and his privacy interests.

REPRODUCED AT THE NATIONAL ARCHIVES

as a Doctor of Jurisprudence Law." See Compl. at ¶ 26(k). In addition, plaintiff contends that another defendant "falsely and fraudulently alleged that Plaintiff misrepresented himself as a licensed member of the D.C. Bar . . . ." See Compl. at ¶ 31(b).[5] Plaintiff's allegations clearly relate to the 1987 Injunction.

This case is by no means plaintiff's first foray into the United States District Court for the District of Columbia in order to challenge the D.C. Court of Appeals' 1987 Injunction. In fact, plaintiff has filed several lawsuits and petitions for removal in this Court challenging the D.C. Court of Appeals' Injunction, the D.C. Court of Appeals Committee on the Unauthorized Practice of Law and other parties associated with the enforcement of the 1987 Injunction.[6] Thus, the recurrent theme of plaintiff's lawsuits is simply that he is unable to accept that he is broadly prohibited from practicing law.

## II. Analysis

### A.    Plaintiff's Motion for Injunctive/Declaratory Relief

Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, this Court is without authority to either enjoin a state court proceeding or to review a final judgment of a state court. The Anti-Injunction Act absolutely prohibits a United States Court from enjoining a state court proceeding,

---

[5]    Apparently, plaintiff is referring to his desire to describe himself using terms which connote that he is licensed to practice law. These issues were squarely addressed in In re Banks, where the court noted that "the public is likely to assume that one must be an attorney prior to attaining such positions as 'hearing examiner,' 'administrative law judge,' 'administrative trial advocate,' 'consultant representative,' 'in-house counsel,' 'member of the World Association of Lawyers' and 'member of the National District Attorneys Association." Id. at 163.

[6]    See, Banks v. Teitleman, et. al., C.A. No. 93-0152 (JGP), also filed on this date for a more detailed history of plaintiff's other lawsuits in this Court.

3

REPRODUCED AT THE NATIONAL ARCHIVES

except in three specifically defined instances.[7]   The case before the Court does not fall within any

of the recognized exceptions listed in § 2283.

Similarly, the Supreme Court has ruled that § 2283 applies to completed state proceedings

as well as to pending proceedings.  See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive

Engineers, 398 U.S. 281 (1970).  In Atlantic Coast Line, the Supreme Court emphasized that the

exceptions should also be narrowly construed and stated that:

> [A]ny injunction against state court proceedings otherwise proper under general
> equitable principles must be based on one of the specific statutory exceptions to §
> 2283 if it is to be upheld . . . .  Proceedings in state courts should normally be
> allowed to continue unimpaired by intervention of the lower federal courts, with relief
> from error, if any, through the state appellate courts and ultimately [the Supreme
> Court].

Id. at 287.  Likewise, although the statute explicitly prohibits only injunctions, the underlying policy

of § 2283 applies to declaratory judgments as well.  See Thiokol Chemical Corp. v. Burlington

Industries, Inc., 448 F.2d 1328, 1332 (3rd Cir. 1971).  Accordingly, to the extent that plaintiff asks

this Court to enjoin prior state court proceedings, it is without authority to issue injunctive relief or

a declaratory judgment in the instant situation.


B.     Subject Matter Jurisdiction

It is well-settled that "the United States District Court is without authority to review final

determinations of the District of Columbia Court of Appeals in judicial proceedings."  District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311 (1983).  The

---

[7] Section 2283 states the following:
> A Court of the United States may not grant an injunction to stay
> proceedings in a state court except as expressly authorized by Act of
> Congress, or where necessary in aid of its jurisdiction, or to protect
> or effectuate its judgments.

4

REPRODUCED AT THE NATIONAL ARCHIVES

U.S. Supreme Court has stated that "[r]eview of such determinations can be obtained only in [the Supreme Court]." Id. (citing 28 U.S.C. § 1257). Similarly, "orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not be means of an original action in a lower federal court." MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969) (per curiam) cert. denied, 396 U.S. 960 (1969) quoted in Feldman, 460 U.S. at 482 n.16, 103 S.Ct. at 1315 n.16. Consequently, while this Court has subject matter jurisdiction over general challenges to state bar rules,[8] it "does not have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S.Ct. at 1317.

The Court finds that the only logical inference is that plaintiff's complaint arises out of the 1987 Injunction. In the final analysis, plaintiff is asking this Court to review the prior decision of the District of Columbia Court of Appeals.[9] The rule enunciated in Feldman clearly prohibits this

---

[8]     For example, as the Feldman Court noted:

> the district court may simply be asked to assess the
> validity of a rule promulgated in a nonjudicial
> proceeding. If this is the case, the district court is not
> reviewing a state court judicial decision . . . [and] 28
> U.S.C. § 1257 does not act as a bar to the district
> court's consideration of the case.

Feldman, 460 U.S. at 486, 103 S.Ct. at 1317.

[9]     Paragraph 26(h) of the complaint aptly illustrates this point.

> [Defendant Aubrey Edwards] unlawfully, arbitrarily, falsely and
> fraudulently, act [sic] as an agent for the District of Columbia Court
> of Appeals Committee on Unauthorized Practice of Law, and the
> District of Columbia Mandatory Bar, and the District of Columbia
> Bar Association, and the District of Columbia Bar Counsel, and the
> respective members thereof, for and with the express purpose of

5

REPRODUCED AT THE NATIONAL ARCHIVES

Court from engaging in such a review. Although plaintiff has tried to frame this case under the guise of a RICO conspiracy and other theories, the Court declines to ignore the root cause of the plaintiff's claims. In sum, because the Court finds that plaintiff is asking the Court to review a decision of the District of Columbia Court of Appeals, it dismisses this case.

C.    Motion for Imposition of Sanctions and to Enjoin
      Plaintiff from Filing Further Pleadings on this Issue.

Plaintiff's continuous pattern of filing lawsuits emanating from and challenging the 1987 Injunction, and the ever widening cast of defendants that plaintiff has implicated in the matter, has caused this Court to conclude that plaintiff should be enjoined from filing further lawsuits pertaining to this matter without obtaining both leave of court and certification that the claims raised are new, not frivolous and not taken with bad faith.[10] See, e.g., Sparrow v. Reynolds, 646 F.Supp. 834 (D.D.C. 1986). While the Court is mindful of the need to take great care not to unduly impair the right of access to the courts, the Court also must "protect the integrity of the courts and the orderly and expeditious administration of justice." Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985). In Urban, our court of appeals imposed a similar requirement on another pro se litigant who had filed a wide variety of claims against various government defendants. This Court

_____

furthering the aims and goals of the conspiracy and RICO enterprise
to impair, restrain, restrict, limit, Plaintiff's constitutional rights,
statutory rights, and ability to compete with members of the District
of Columbia Bar and Virginia Bar in the marketplace.

[10]    "[A] complaint containing . . . both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989). The Court finds that Mr. Banks' lawsuit falls in this category.

6

REPRODUCED AT THE NATIONAL ARCHIVES

has determined that such a restriction is appropriate with regard to Mr. Banks.[11]

An appropriate Order accompanies this Memorandum.

Date: FEB 3 1994

JOHN GARRETT PENN
CHIEF JUDGE

---

[11]     See Banks v. Teitleman, et. al. 93-0152 (JGP), which by this Court's Order imposes an identical restriction on plaintiff.

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
**SIMON BANKS,**                                )
                              Plaintiff,           )
                                                            )          **Civil Action No. 08-215 (RCL)**
                    **v.**                              )
                                                            )
**NOEL ANKETELL KRAMER,** *et al.*,  )
                              Defendants.         )
_____)

<u>**ORDER**</u>

Upon consideration of Defendant District of Columbia Bar Foundation's Motion to Dismiss Plaintiff's Amended Complaint, the Memorandum of Points and Authorities filed in support thereof, Plaintiff's opposition thereto, if any, and the entire record herein, and it appearing to the Court that the motion should be granted, it is by the Court this ____ day of _____, 2008,

ORDERED that the motion be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff's Amended Complaint [Dkt. 9] against the District of Columbia Bar Foundation is hereby DISMISSED WITH PREJUDICE.

                                        _____
                                        United States District Court Judge